UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
<u>WILMINGTON SAVINGS TO DISMISS COMPLAINT</u>**

**IN HIS FIVE-PARAGRAPH COMPLAINT**, Matthew Vanderhoop (the "Plaintiff") appears to allege that defendant, Wilmington Savings, as defined below, did not have the right to enforce the Plaintiff's promissory note. When Wilmington Savings commenced a foreclosure because the Plaintiff's loan was years in arrears, Wilmington Savings – the Plaintiff seems to allege – did not hold the related note. However, the Plaintiff makes no claim against Wilmington Savings; further, the Plaintiff is asking this Court to review the decision of the Massachusetts Land Court, a review barred by the *Rooker-Feldman* doctrine. For these reasons, Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("Wilmington Savings") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint. In support of this motion, Wilmington Savings states as follows.

**Statement of Material Facts**

1.    Plaintiff is, on information and belief, a Massachusetts citizen with a principal residence located in Aquinnah, Massachusetts. <u>Complaint</u> (as defined below), ¶ 1.

1

2. Wilmington Savings is a subsidiary of Wilmington Savings Fund Society Financial Corporation, a financial services holding company headquartered in Wilmington, Delaware.

**The Loan**

3. By quitclaim deed dated January 7, 1995, the Plaintiff and Rachel Vanderhoop became record owners of certain real property known as and numbered 17 Old South Road, Aquinnah, Dukes County, Massachusetts (the "Property").

4. On April 24, 2007, the Plaintiff executed a promissory note in favor of Sovereign Bank (the "Lender") to borrow the sum of $850,000.00 (the "Note"). As security for his obligations under the Note, the Plaintiff granted a mortgage on the Property in favor of the Lender (the "Mortgage"). Complaint, ¶ 1.

5. The Mortgage was assigned to MTGLQ Investors, L.P ("MTGLQ") by an assignment of mortgage dated September 9, 2014. The assignment of mortgage was recorded with the Dukes County Registry of Deeds in Book 1375, Page 179. Attached hereto as **Exhibit 1**.[1]

6. The Mortgage was assigned to Wilmington Savings by an assignment of mortgage dated February 2, 2015. The assignment of mortgage was recorded with the Dukes County Registry of Deeds in Book 1375, Page 876. Attached hereto as **Exhibit 2**.

7. On January 22, 2016, Angela Farmer, Vice President of Rushmore Loan Management Services LLC, the duly authorized agent of Wilmington Savings, signed an Affidavit Regarding Note Secured by Mortgage to be Foreclosed (the "Affidavit"). The

---

[1] Wilmington Savings shall provide certified copies of exhibits if the Court should require.

Affidavit was recorded with the Dukes County Registry of Deeds in Book 1397, Page 882. Complaint. ¶ 3; *see also* **Exhibit 3**.

8. The Mortgage was then assigned to MTGLQ by an assignment of mortgage dated January 10, 2018. The assignment of mortgage was recorded with the Dukes County Registry of Deeds in Book 1460, page 550. Attached hereto as **Exhibit 4**.

9. The Mortgage was then assigned to Wilmington Savings by an assignment of mortgage dated February 6, 2018. The assignment of mortgage was recorded with the Dukes County Registry of Deeds in Book 1460, Page 559. Complaint, ¶ 4; *see also* **Exhibit 5**.

10. Selene Finance LP ("Selene") is the loan servicer for the Note and Mortgage on behalf of Wilmington Savings. Complaint, ¶ 4.

### The Foreclosure Action

11. On September 13, 2017, Wilmington Savings filed a complaint against the Plaintiff with the Land Court of the Commonwealth of Massachusetts (the "Land Court"), to determine military status, case no. 17SM007509 (the "Foreclosure Action"). Together with the complaint, Wilmington Savings filed a mortgagee's affidavit attesting under oath that notice to the Plaintiff had been given in compliance with M.G.L.c. 244, § 35A. A copy is attached as **Exhibit 6**.[2] On June 14, 2018, the Land Court entered judgment in favor of Wilmington Savings (the "Judgment").

### The Complaint

12. On August 22, 2018, the Plaintiff filed a complaint (the "Complaint") with the Superior Court (Dukes) for the Commonwealth of Massachusetts (the "State Court"), commencing the above-captioned action.

---

[2] Courts may treat documents from prior state court adjudication as public records. See Boateng v. InterAmerican Univ., Inc., 2010 F.3d 56, 60 (1st Cir. 2010), see also Giragsain v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

3

13. In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its Mortgage on the Property.

14. On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446.

## Conclusions of Law

### Grounds for Motion to Dismiss Pursuant to Rule 12(b)(6)

15. As this Court is well aware, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2006). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). In "narrow exceptions" courts may take into consideration documents whose authenticity is not disputed by the parties, official public records, documents central to the plaintiff's claim or documents sufficiently referred to in the complaint. Watterson v. Page, 978 F.2d 1, 3 (1st Cir. 1993). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208. Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory

statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### 1. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

16. Plaintiff fails to state a claim upon which relief can be granted and, therefore, the Court should grant the motion to dismiss. The pleading standard that Rule 8 announces does not require "detailed factual allegations," but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' Id. (quoting Twombly, 550 U.S. at 557). In this case – with the exception of identifying the parties and the Property – the Plaintiff makes no factual allegations in support of his alleged causes of action. Instead, Plaintiff makes the following conclusory statements:

- "Mr. Vanderhoop fell behind in his mortgage, but has been denied the opportunity to modify his mortgage in order to avoid foreclosure of his home in violation of G.L. c 244";
- "The Defendant does not have clear title to Mr. Vanderhoop's home…";
- "… it is questionable as to whether access across Wampanoag Tribal Lands would be allowed to a third party."

Complaint, ¶¶ 1, 2, 5, respectively. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 556 U.S. 622, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting

Twombly, 500 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotation marks omitted). With no factual allegations to support his claims, the Plaintiff has failed to state any claim upon which relief can be granted. For this reason alone, the Court should dismiss the Complaint.

### 2. The *Rooker-Feldman* Doctrine Bars this Court from Granting an Injunction

17.    The *Rooker-Feldman* doctrine prohibits this Court from adjudicating Plaintiff's claims for relief relating to the Judgment, including his request for an injunction prohibiting foreclosure. The *Rooker-Feldman* doctrine only applies in "limited circumstances" where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." McKenna v. Curtin, 869 F.3d 44, 47-48 (1st Cir. 2017). The four (4) elements of the *Rooker-Feldman* doctrine are satisfied as to Plaintiff's claims relating to the Foreclosure Judgment. First, the Judgement qualifies as a final, appealable decision in the Foreclosure Action. *See* Kitras v. Town of Aquinnah, No. 03-cv-11590-NMG, 2004 U.S. Dist. LEXIS 32995 (D. Mass. Sept. 30, 2004). Plaintiff did not appeal the Judgment; therefore, Plaintiff has lost the Foreclosure Action. Second, Plaintiff's request for a "Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction restraining and enjoining the Defendant from conducting a Foreclosure" at the Property complains of injuries relating to the Judgment. Complaint, pg. 2. Third, Plaintiff's request for an injunction necessarily requires this Court to review and reject the Judgment. Plaintiff's request for an injunction mounts a direct challenge to the Judgment, which granted Wilmington Savings the remedy of foreclosure. To grant the relief Plaintiff requests, this Court necessarily would need to unwind the state court Judgment, which

the *Rooker-Feldman* doctrine prohibits. Roman v. CitiMortg., Inc. (In re Roman), Nos. 14-03686 (ESL), 14-00255 (ESL), 2018 Bankr. LEXIS 3049 (Bankr. D.P.R. Oct. 2, 2018) (the *Rooker-Feldman* doctrine prohibits lower federal courts, including bankruptcy courts, from reviewing final state court judgments). Fourth, the state court entered the Judgment on June 14, 2018, which was well before Plaintiff filed his complaint on August 22, 2018; thus, the fourth condition for applying *Rooker-Feldman* also is satisfied. In sum, this Court should apply the *Rooker-Feldman* doctrine and deny Plaintiff's motion.

### 3. Plaintiff Has Not Established a Right to Injunctive Relief

18. Plaintiff's motion should be denied because he has not established his right to injunctive relief. Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2009). Injunctive relief is an "extraordinary and drastic remedy." Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citation and quotations omitted). To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.

19. The Complaint establishes none of the factors required for injunctive relief. First, Plaintiff is not likely to succeed on the merits of his claims, as set forth *supra*. Second, Plaintiff has not set forth any facts demonstrating that he will suffer irreparable harm absent a preliminary injunction from this Court. Complaint, ¶¶ 1-5. Third, neither the equities nor the public interest supports an injunction in this case; this case represents Plaintiff's latest attempt to delay the

adjudication of the Foreclosure Action.[3] Plaintiff's conduct has not been equitable and an injunction in furtherance of efforts to hinder the rights of creditors is not in the public interest.

**Relief Requested**

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Dismissing the G.L. c 244, § 35B claim as to Wilmington Savings;

2. Denying Plaintiff's request for a Temporary Restraining Order;

3. Denying Plaintiff's request for a Preliminary Injunction;

4. Denying Plaintiff's request for a Permanent Injunction; and

5. Granting Wilmington Savings such other and further relief as is just and proper.

Respectfully submitted,

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR
BCAT 2014-10TT,

By its attorneys,

/s/ *Aaron A. Fredericks, Esq.*
Richard C. Demerle, Esq. (BBO#688412)
Aaron A. Fredericks, Esq. (BBO#688412)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: October 15, 2018

---

[3] On June 17, 2010, Plaintiff filed a Chapter 13 petition with U.S. Bankruptcy Court for the District of Massachusetts (Boston) (the "Bankruptcy Court"), case no. 10-16591. On August 26, 2010, the Bankruptcy Court terminated the case due to the Plaintiff's failure to file information. On October 6, 2011, Plaintiff filed a second Chapter 13 petition with the Bankruptcy Court, case no. 11-19533. On January 8, 2013, the Bankruptcy Court terminated the case due to Plaintiff's failure to make plan payments.