UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff | )<br>)<br>)<br>) |  |
| V | )<br>) |  |
| WILMINGTON SAVINGS FUND<br>SOCIETY FSB, CHRISTIANA<br>TRUST, NOT IN ITS INDIVIDUAL<br>CAPACITY, BUT SOLELY AS<br>TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:18-CV-11924-FDS |

**MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

October 30, 2018

Respectfully submitted,
MATTHEW VANDERHOP
By his attorney,

"/s/"*Deborrah M. Dorman*
Deborrah M. Dorman (BBO #635729)
Law Office of Deborrah M. Dorman
Post Office Box 944
Tisbury, Massachusetts 02568
(774) 563-0040
dormandmd@aol.com

*Attorney for Plaintiff*

1

**TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………………………………3

II.  FACTUAL SUMMARY……………………………………………………………...4

III. LEGAL STANDARDS……………………………………………………………….6

   A. **Motion to Dismiss**……………………………………………………………….6

      1. **Standard of Review**
      2. **Mr. Vanderhoop's Legal Argument**

         a. Claim #1: G.L.c. 244, §35B Violations
         b. Claim #2: Chain of Title Dispute
         c. Claim #3: G.L.c. 244, §35C Violation
         d. Claim #4: False Affidavit
         e. Claim #5: Wampanoag Tribe (Aquinnah) Easement Access

   B. **The Rooker-Feldman Doctrine -   Referenced by Defendant**………………….12

      1. **Standard of Review**
      2. **Mr. Vanderhoop's Legal Argument**

   C. **Preliminary Injunction**…………………………………………………………..12

      1. **Standard of Review**
      2. **Mr. Vanderhoop's Legal Argument:**

   D. **Implied Covenant of Good Faith and Fair Dealings**…………………….......14

      1. **Standard of Review**
      2. **Mr. Vanderhoop's Legal Argument**

IV.  CONCLUSION……………………………………………………………………..15

V.   CERTIFICATE OF SERVICE…………………………………………………...16

VI.  CERTIFICATE OF CONSUTATION……………………………………………..16

## I. INTRODUCTION

Plaintiff, Matthew Vanderhoop, (hereinafter "Mr. Vanderhoop"), hereby submits this *Memorandum of Law in Opposition to Defendant's Motion to Dismiss*, and in support of Mr. Vanderhoop's *Motion in Opposition to Defendant's Motion to Dismiss*.

On August 22, 2018, Mr. Vanderhoop filed a *Complaint and Motion for Temporary Restraining Injunction for Protection from an Unlawful Foreclosure Auction of His Home, G.L.c.244, Sec. 35B*, (hereinafter "the Complaint"). Mr. Vanderhoop's Complaint contains "factual allegations plausibly suggesting ('not merely consistent with') an entitlement to relief." Joseph Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. William Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed. 2d 929 (2007). And, Defendant's *Motion to Dismiss* should be denied.

Mr. Vanderhoop's *Complaint* alleges the following claims:

**Claim #1**: "…Mr. Vanderhoop… has been denied the opportunity to modify his mortgage in order to avoid the foreclosure of his home in violation of G.L.c. 244."

**Claim #2**: "The Defendant does not have clear title to Mr. Vanderhoop's home…"

**Claim #3**: "On January 22, 2016, Angela Farmer. Vice President, signed an [incorrect] Affidavit Regarding Note secured by Mortgage to be Foreclosed by WSFS… by Rushmore Loan Management Services LLC, its appointed attorney in fact. See Book 01392, Book 883."

**Claim: #4**: "However the property was not transferred to WSFS until February 6, 2018, when MTGLO Investors, assigned and transferred to WSFS whose address is c/o Selene Finance LP. See Book 01460, Page 560."

**Claim #5**: Mr. Vanderhoop has exclusive permission, granted by the Wampanoag Tribe of Aquinnah, over an easement to access his home, not allowed to a third party.

## II. FACTUAL SUMMARY

A. On April 24, 2007, Book 1119/Page 298, Mr. Vanderhoop executed a promissory note for $850,000 in favor of Sovereign Bank, and as security, Mr. Vanderhoop granted a mortgage on the Property in favor of Sovereign. Complaint¶1.

B. On February 2, 2015, while Sovereign was still the record owner of the Property, Lynne Bluege-Rust, attorney in fact for MTGLQ Investors, signed an *Assignment of Mortgage* purporting to transfer the Property from MTGLQ Investors to WSFS, "together with the promissory note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage." See **Defendant's Exhibit 2**.

C. On February 2, 2015, while Sovereign was still the record owner of the Property, Lynne Bluege-Rust, attorney in fact for MTGLQ, L.P., appeared before Texas notary Celeste Christman to notarize an *Assignment of Mortgage*, and proved to be "the duly authorized person who executed the within instrument on behalf of the company [MTGLQ] acknowledged to me that such attorney in fact, executed the within instrument pursuant to its by-laws." At the time of the signing, on February 2, 2015, Sovereign **not** MTGLQ was the record owner of the Property. See **Def. Exhibit 2**.

D. On May 1, 2015, the Mortgage was assigned from Santander to MTGLQ, Book 1375, Page 179. The date has been inserted and the notary acknowledgement conforms with neither the Mass.Gen.Laws 54B, nor Pennsylvania Law Sec. 316(2), both of which require the document be signed in the "Representative Capacity." See **Def. Exhibit 3**.

E.  On May 12, 2015, Book 1375, Page 876, the mortgage was assigned from MTGLQ to WSFS, although the documents were signed on February 25, 2015, while the Property was still owner by Sovereign so this assignment is void. See **Def. Exhibit 2**.

F.  On February 2, 2016, Defendant filed an *Affidavit Regarding Note Secured by Mortgage to be Foreclosed*," signed by Angela Farmer, VP of Rushmore Loan Management Services, LLC, admitting subject loan "may be a 'Certain Mortgage Loan," as defined by G.L.c. 244, Section 35B(a). In the Affidavit, Ms. Farmer is alternatively referred to as Vice President of WSFS; Vice President of Rushmore Loan Management Society. See **Def. Exhibit 3.**

G.  On February 2, 2016, Eva Massimino, attorney at law, filed a Certificate, "… facts stated in the foregoing affidavit are relevant to the title to the premises therein describe and will be of benefit and assistance in clarifying the chain of title thereto." "As applicable Rushmore Loan Management Services LLC had taken reasonable steps and made a good faith effort to avoid foreclosure, as required by G.L.c. 244, Sec. 35B. See **Def. Exhibit 3.**

H.  On February 14, 2016, at 8:59:14 AM, Book 1460/Page 550, WBFS assigned the mortgage to MTGLQ. The assignment does not mention the promissory note and the notary acknowledgement does not comply with "representative capacity." See **Def. Exhibit 4.**

I.  On February 14, 2016, at 8:50:14 AM, Book 1460/Page 559, MTGLQ assigned the mortgage to WBFS. The acknowledgment is not dated. See **Def. Exhibit 5**.

J.  On September 13, 2017, Defendant filed case, no. 17SM007509, with the Massachusetts Land Court to determine Plaintiff's military status. On June 14, 2018, the Land Court entered judgment in favor of WSFB. See **Def. Exhibit 6.**

K.  On August 22, 2018, Defendant scheduled an auction of Mr. Vanderhoop's home.

L. On August 22, 2018, Mr. Vanderhoop filed a complaint (the "Complaint") with the Dukes County Superior Court commencing the above-captioned action.

M. On September 11, 2018, WSFB removed the State Court action to this Court pursuant to U.S.C. Sections 133, 1441, and 1446.

## III. LEGAL STANDARD

### A. Motion to Dismiss

1. **Standard of Review**

   To survive a motion to dismiss, Mr. Vanderhoop must state a claim to relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007). "Ordinarily, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.P. 8(a)(2). "Great specificity is ordinarily not required to survive a Rule 12(b)(6) Motion." Garita Hotel Ltd. Partnership v. Ponce Federal Bank, FSB, 958 F. 2d 15, 17 (1st Cir. 1992). See also Garcia-Catalan v. United States, 734, F. 3d 100, 1003 (1st Cir. 2013) ("does not demand a high degree of factual specificity). "The precise parameters of the plausibility standard are still a work in progress." Thomas Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638-639 (1st Cir. 2013). "The plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case." Garcia-Catalan v. United States, 734 F. 3d 100, 104 (1st Cir. 2013).

   Mr. Vanderhoop's allegations are entitled to the presumption of truth, See United States ex. Rel. Hutcheson v. Blackstone Med., Inc., 647 F. 3d 377m 384 (1st Cir. 2010), "…the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbably." Occasion-Henandez v. Fortuno-

Burset, 640 F. 3d 1, 12 (1st Cir. 2011). "Nor may the court disregard a properly pled factual allegation merely because the court disbelieves it, finds it doubtful or unlikely to be supported by evidence at trial. The court must assume factual allegations to be true 'even if doubtful in fact.'" Ann-Marie Galistro v. Mortgage Electronic Registration System, Inc, 467 Mass 160,165. "… a complaint must not be dismissed simply because it alleges a new theory of liability." New England Insulation Co. v. General Dynamics Corp., 26 Mass. App. Ct. 28, 30 (1988). Or if the claims are "plausible but inconclusive." Rodriquez-Vives, 743 F. 3d at 286. See also Decotiis v. Whittemore, 635 F. 3d 222, 35 (1st Cir. 2011).

Mr. Vanderhoop's *Complaint* alleges specific events based on personal knowledge or specific individuals who plausibly could have known of those events, but he need not establish a prima facie case. "[A] complaint need not plead facts sufficient to establish prima facie case or 'allege every fact necessary to win at trial to make out a plausible claim. The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer." Carrero-Ojeda v. Autoridad de Energia Electria, 755 F.3d 711, 718 (2014) "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

2. **Mr. Vanderhoop's Legal Argument**

Mr. Vanderhoop's "allegations in the complaint are taken to be true along with any reasonable inferences that may be drawn in the plaintiff's favor. Sandra M. Strawbridge v. The Bank of New York Mellon, 91 Mass. App. Ct. 827, 829 (2017), (quoting Golchin v. Liberty Mut. Ins. Co., 460 ass. 222, 223 (2011).

a. **Claim #1: "…Mr. Vanderhoop… has been denied the opportunity to modify his mortgage in order to avoid foreclosure of his home in violation of G.L.c. 244."** Defendant has failed to strictly comply with the power of sale contained in Mr. Vanderhoop's mortgage and did not "reasonable steps and good faith efforts to avoid foreclosure, as required by G.L.c. 244, Section 35B. "[a] creditor shall not cause publication of notice of foreclosure…when the creditor knows that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder…"G.L.c. 244, Sec. 35C(b). "Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." Evergreen, 720 F. 3d at 45-46, quoting Anderson News, LLC v. Amercan Media, Inc., 680 F. 3d 162, 189-190 (2nd Cir. 2012).

b. **Claim #2: "The Defendant [hereinafter "WSFS"] does not have clear title to Mr. Vanderhoop's home, 17 Old South Road, Aquinnah**." Mr. Vanderhoop's Mortgage has been transferred numerous times, between Defendant and MTGLQ, and on February 14, 2018, at 8:59:14 AM, the Mortgage was exchange twice, same day, at the same time. Assignments of Mr. Vanderhoop's Mortgage are as follows:

1. **04/24/2007**   B.1119/P.298   Assignment: **Vanderhoop to Sovereign**
2. **02/05/2015** below)   Dated Affidavit Signed B.1375/P. 876 [False]; (see #4 Date of Assignment from **MTGLQ to Defendant**
3. **05/01/2015**   B.1375/P.179   Assignment: **Santander to MTGLQ**
4. **05/12/2015**   B.1375/P.876   Assignment: **MTGLQ to Defendant**
5. **02/04/2016**   B.1397/P.882   35B and 35C Affidavit filed by Defendant
6. **02/14/2018**   B.1460/P.550   Assignment: **Defendant to MTGLQ**
7. **02/14/2018**   B.1460/P.559   Assignment: **MTGLQ to Defendant**

8

On February 2, 2015, while Sovereign was still the record owner of Mr. Vanderhoop's mortgage and promissory note, Lynne Bluge-Rust, an attorney in fact for MTGLO Investigators, purported to assign the Mortgage, from MTGLO to Defendant, but at the time, Sovereign, not MTGLCO, held the mortgage. More importantly, on February 2, 2015, Lynne-Bluge-Rust appeared before a notary and declared that she was executing the documents on behalf of MTGLO, although the documents were false at the time they were signed. "Right to possession must be shown and legal title may be put in issue…" See Deutsche Bank Natl Trust Co., v. Faustini Gabriel, 81 Mass. App. Ct. 564, 564(2012).

Although the Assignment of the Mortgage document, from MTGLQ to Defendant, and the accompanying notary acknowledgement were not filed with the Dukes County Registry of Deeds until May 12, 2015, at the time the documents were signed, on February 5, 2015, they statements within were false, deceptive, and totally misrepresented the facts. "Similarly, a mortgage recorded with an acknowledgment that contains a material defect is not properly recorded and does not provide constructive notice of the mortgage." Bank of America v. Deborah Casey, 474 Mass. 556 (2016). "A material misrepresentation contained in an affidavit shall constitute a violation of Section 2 of Chapter 93A." See G.L.c. 244, §15(f).

There was, therefore, no transfer the mortgage of the note and Mr. Vanderhoop's argument regarding the validity of the mortgage assignment and chain of title is sufficient to raise a triable issue of face in opposition. The affiant knew "that the matters on which they [she] spoke were false or were aware that they did not have a basis for those statements." "A robo-signed" is a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents and has

not done so." One West Bank, F.S.B. v Drayton, 910 N.Y.S. 2d 857, 859-69 (Sup. Ct. 2010 (dismissing foreclosure action).

**c. and d. Claim #3 and #4: "On January 22, 2016, Angela Farmer, Vice President, signed an Affidavit Regarding Note secured by Mortgage to be Foreclosed by WSFS… by Rushmore Loan Management Services LLC, its appointed attorney in fact. See Book 01392, Book 886." "However the property was not transferred to WSFS until February 6, 2018, when MTGLO Investors, assigned and transferred to WSFS whose address is c/o Selene Finance LP. See Book 01460, Page 560."** On February 4, 2016, Defendant filed an Affidavit, signed by Angela Farmer, alternatively as "Angela Farmer, Vice President of Rushmore Loan Management Services, LLC," and "Angela Farmer, Vice President for Defendant. This Affidavit is not dated, contains incomplete and misleading information, and filed within the Affidavit, is a "Certificate," signed by Eva Massimino, but not notarized, stating "…that the facts stated in the foregoing affidavit are relevant to the title to the premises therein described and will be of benefit and assistance in clarifying the chain of title." See Book 197, Page 888. "…the reason for requiring a certificate of acknowledgment to be appended to a deed as a condition of the deed's proper recording is more fundamentally to ensure that public notice of the transfer of title to land…is accurate…This reason applies with equal force to mortgages." Bank of America, N.A. v. Debora A. Casey, 474 Mass. 556, 561 (2016). See also McQuatt v. McQuatt, 329 Mass 419, 414-415 (1946).

Further, Ms. Farmer's affidavit is incorrect as to the dates of the Defendant's assignment of mortgage, and therefore, not "made on persona knowledge…as would be admissible…to show affirmatively that the affiant is competent to testify to the matters stated therein." See Deutsche Bank National Trust Company v Faustini Gabriel, 81 Mass. App. Ct. 564, n. 16.

     e.     **<u>Claim 5</u>:  "Permission for Mr. Vanderhoop to access his home…has been granted to him and him family by the Wampanoag Tribe of Gay Head (Aquinnah), of which Mr. Vanderhoop is a member, and it is questionable…whether access across Wampanoag Tribal Lands would be allowed to a third party."**

    "The court must accept as true all well-pleaded facts, analyze those facts in the light more hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor in the plaintiff." <u>United States ex. Rel. Hutcheson v. Blackstone Med., Inc</u>., 647 F. 3d 377, 384 (1st Cir. 2011).

    On April 4, 2003, the Wampanoag Tribe of Gay Head passed Resolution No. 2003-27, signed by Beverly Wright, Chairman, granting Mr. Vanderhoop an easement over Tribal Lands, "Whereas, the Tribal Council specifically reserves the right of "first refusal" in the event that this property should every be advertised for sale to anyone other than the family and heirs of Matthew J. Vanderhoop. The *Easement Agreement* between the Wampanoag Tribe of Gay Head (Aquinnah) and Mr. Vanderhoop were signed and filed with the Dukes County Registry of Deeds, Book 977, Page 1025.

    This Court should not dismiss a complaint because is asserts "a novel legal theory of recovery," <u>Bell v. Mazza</u>, 394 Mass. 176, 183-184 (1985). "The distinction between fact and opinion is often blurry. 'In construing what is the true meaning of the language used, it is often necessary to consider the subject matter, the relationship of the parties, the opportunity afforded for investigation and reliance, and the attendant circumstances. <u>Vishal Bhammer v. Loomis, Sayles & Company, Inc.</u>, Civil Action No.15-14213-FDS, quoting <u>John A. Frye Shoe Co. v Williams</u>, 312 Mass. 656, 665 (1942).

B. **Rooker-Feldman Doctrine – Referenced by Defendant**

"Further, the Plaintiff is asking court to review the decision of the Massachusetts Land Court, a review barred by the Rooker-Feldman Doctrine." See Defendant's Memorandum of Law, p. 1.

1. **Standard of Review**

The Rooker-Feldman Doctrine, enunciated by the United States Supreme Court, in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District Court of Columbia of Appeals v. Feldman, 460 U.S. 462 (1983), is a rule of civil procedure holding that lower federal courts should not set in direct view of a state court decision unless Congress has expressly authorized relief, and does not apply to this case.

2. **Mr. Vanderhoop's Legal Argument**

The Massachusetts Land Court determined that Mr. Vanderhoop was not protected by the Servicemembers Civil Relief Act [SCRA], but such a procedure "is not considered part of mortgage foreclosure proceedings…" See Eaton, 462 Mass @ 580, n. 14; Beaton v. Land Court, 367 Mass. 385, 390 (1975). The (SCRA) "provides a procedural framework for ascertaining whether mortgagors are entitled to protection under the [Federal] SCRA." HSBC Bank, N.A. v. Malt, 981 N.E. 2d 710. 713-714 (Mass. 2013).

C. **Preliminary Injunction**

1. **Standard of Review**

In meeting his burden for obtaining a Preliminary Injunction Mr. Vanderhoop "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, and that the balance of equities tops in his favor, and that an injunction is in the public interest." Donald Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

2. **Mr. Vanderhoop's Legal Argument**

A preliminary injunction order, that Defendant refrain from scheduling and holding a foreclosure auction sale of Mr. Vanderhoop's house until a trial on the merits, would cause the Defendant no substantial injury. By sharp contract, however, the foreclosure auction sale of Mr. Vanderhoop's home threatens immediate and irreparable harm to him and his children. "…the potential for harm in cases where the mortgagee fails to strictly comply with the power of sale prior to foreclosure is clear: a mortgagor whose property is foreclosed upon by a party who did not, as it turn out, have the authority to foreclosure has been unjustly deprived of his or her property." Sandro Turro v. Deutsche Bank Trust Company, 476 Mass. 1020, 1022 (2017; Linda Printi v. Emigrant Mortgage Company, Inc., 472 Mass. 226, n. 18 (2015).  See also Packaging Indus. Grp., Inc., v. Cheney, 405 N.E. 2d 106, 111 (1980) ("…without the requested relief, it [Mr. Vanderhoop] may suffer a loss of rights that cannot be vindicate should it prevail after a full hearing on the merit.").

A preliminary injunction order, that Defendant refrain from scheduling and holding a foreclosure auction sale of Mr. Vanderhoop's home until after trial on the merits, would further the public interest in several ways. "…dismissal on the basis of pleadings, before facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass. App. Ct. 979 (1987).

Homeowners in the Commonwealth of Massachusetts have been particularly hard it by the foreclosure crisis and many neighborhoods have been destabilized and property values significantly reduced. As a non-judicial state, where rules favors lenders, Massachusetts provides little to no judicial oversight over foreclosures, and the result has

been too many residents losing as a result of lender documents that are often incorrect, misleading, and not legally binding. "A 'robo-signer' is a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents and has not done so." One West Bank, FSB v. Drayton, 910 NYS 2d 857, 859-69 (S. St. 2010) (dismissing foreclosure action).

Granting Mr. Vanderhoop's preliminary Injunction would help foster lender compliance with foreclosure requirements, improve the integrity of the documents filed with the Massachusetts Registry of Deeds, encourage Defendant to follow the rules, and ensure that only lenders having the right to foreclose may do so. The preliminary injunction would remind lenders that it is more cost effective and better business to work with homeowners to modify rather than foreclose on their homes, strengthening homeownership and communities, and reducing preventable foreclosures.

D. **Implied Covenant of Good Faith and Fair Dealings**

1. **Standard of Review**

Court has enumerated a standard that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement…good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Cadle Co. v. Coreena Vargas, 55 Mass. App. Ct. 361 (2001) quoting Restatement (Second) of Contracts Sec. 205 (1979).

2. **Mr. Vanderhoop's Legal Argument**

The Defendant clearly owed a duty of care to Mr. Vanderhoop and the disparity in bargaining power between the two parties is immense. There is sufficient dispute

between the parties as to the material facts needed to establish a contract claim that a dismissal of the claim would not be appropriate. A contract existed between the parties and defendant has breached the implied covenant of good faith and fair dealing.

IV. **CONCLUSION**

The Defendant has failed to meet its burden sufficient to sustain the drastic remedy is seeks, and the motion to dismiss has, further, failed to show that Mr. Vanderhoop is not entitled to any relief. Further, Defendant's motion to dismiss asks this Court to determine conclusions of law that are more appropriately addressed by a finder of fact. For the reasons stated above, Mr. Vanderhoop, respectfully, requests that this Court deny Defendant's *Motion to Dismiss* so that this lawsuit may move forward without further delay. "A court acting under general principles of equity jurisprudence has broad power to reform, rescind, or cancel written instruments, including mortgages, on grounds such as fraud, mistake, accident, or illegality." Beaton v. Land Court, 367 Mass. 385, 392, 326 N.E. 2d 302, 308 (1975), appeal dismissed, 423 U.S. 806, 96 S. Ct. 16, 46 L. Ed. 2d (1975).

October 30, 2018                               Respectfully Submitted
                                               MATTHEW VANDERSHOOP
                                               By his attorney,

                                               "/s/"_____
                                               Deborrah M. Dorman
                                               Law Office of Deborrah M. Dorman
                                               Post Office Box 944
                                               Tisbury, MA 02568
                                               (774) 563-0040
                                               dormandmd@aol.com

## CERTIFICATE OF SERVICE

I, Deborrah M. Dorman, certify that Plaintiff's *Memorandum of Law in Opposition to Defendant's Motion to Dismiss* was filed today through the ECF system and copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

October 30, 2018                          Respectfully submitted,

                                          "/s/"*Deborrah M. Dorman*
                                          Deborrah M. Dorman


## CERTIFICATE OF CONSULTATION

I, Deborrah M. Dorman, hereby certify, that counsel for Wilmington Savings Bank and I have conferred and attempted in good faith to resolve or narrow the issues in this case.

October 30, 2018                          Respectfully submitted,

                                          "/s/" *Deborrah M. Dorman*
                                          Deborrah M. Dorman