UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>        Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY FSB, D/B/A CHRISTIANA<br>TRUST, NOT IN ITS INDIVIDUAL<br>CAPACITY, BUT SOLELY AS TRUSTEE<br>FOR BCAT 2014-10TT,<br>        Defendant. | Civil Action No. 18-11924-FDS |

**REPLY MEMORANDUM OF**
**WILMINGTON SAVINGS TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

PLAINTIFF, Matthew Vanderhoop (the "Plaintiff") offers this Court no reason to deny

the motion to dismiss of Wilmington Savings, as defined below.  Wilmington Savings moved to

dismiss Plaintiff's complaint because Plaintiff fails to allege virtually any facts and Plaintiff fails

to allege any cognizable claim.  In response, Plaintiff mistakes the few facts he alleges and offers

this Court no factual or legal reason to deny the motion to dismiss.  For these reasons, this Court

should grant the motion of Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in

its individual capacity, but solely as Trustee for BCAT 2014-10TT ("Wilmington Savings") to

dismiss this action.

**Statement of Material Facts**

**The Complaint**

1.      On August 22, 2018, the Plaintiff filed a complaint (the "Complaint") with the

Superior Court (Dukes) for the Commonwealth of Massachusetts (the "State Court"),

commencing the above-captioned action.

2.      In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its Mortgage on the Property.

3.      On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446.

4.      On October 15, 2018, Wilmington Savings its <u>Motion of Wilmington Savings to Dismiss Complaint</u> (the "Motion to Dismiss") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

5.      On October 17, 2018, after hearing, the Court issued a <u>Preliminary Injunction</u> enjoining Wilmington Savings from foreclosing on the Property prior to 5:00 p.m. on November 13, 2018.

6.      On October 30, 2018, Plaintiff filed his <u>Motion in Opposition to Defendant's Motion to Dismiss</u> and <u>Memorandum of Law in Opposition to Defendant's Motion to Dismiss</u> (the "Memorandum in Opposition").

### Conclusions of Law

### 1.  Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

7.      In his Memorandum in Opposition, Plaintiff again fails to set forth factual allegations and instead relies on the following conclusory statement:

- "Defendant has failed to strictly comply with the power of sale contained in Mr. Vanderhoop's mortgage and did not take [sic] "reasonable steps and good faith efforts to avoid foreclosure, as required by G.L.c. 244, Section 35B."

<u>Memorandum in Opposition</u>, p. 8.  As stated in the Motion to Dismiss, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550

U.S. 544, 555 (2007)).  With no factual allegations to support his claims, the Plaintiff fails to state any claim upon which relief can be granted.  For this reason alone, the Court should dismiss the Complaint.  Nonetheless, Wilmington Savings has in fact complied with the statute.  Mass. Gen. L. Chapter 244, § 35(f) states: "prior to publishing a notice of foreclosure sale, as required by section 14, the creditor … shall certify compliance with this section in an affidavit based upon review of the creditor's business records…[T]he affidavit certifying compliance with this section shall be conclusive evidence …"  M.G.L. c.244, § 35(f).  On April 24, 2018, Leslie A. Simmons, Foreclosure Manager of Selene Finance LP, signed the Affidavit Regarding Note Secured by Mortgage Being Foreclosed (the "2018 Affidavit") certifying that "the requirements of M.G.L. c. 244, section 35B have been complied with."  Attached hereto as Exhibit 1.   Because Massachusetts law holds that the 2018 Affidavit is conclusive evidence that Wilmington Savings complied Mass. Gen. L. Chapter 244, § 35, the Court should dismiss the Complaint.

8.     Wilmington Savings has clear title to foreclose on the Property.  Plaintiff misconstrues the facts as set forth in the motion to dismiss; specifically, Plaintiff misidentifies the date of the recording of the assignment versus the date of the assignment.  Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor. G. L. c. 183, § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175, 177, 116 N.E. 407 (1917).  In a "title theory state" like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt. See Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6, 933 N.E.2d 918 (2010).  Therefore, when a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title in the home; the legal title is held by the mortgagee. See Vee Jay Realty Trust Co. v. DiCroce, 360 Mass. 751, 753, 277 N.E.2d 690

(1972), quoting <u>Dolliver v. St. Joseph Fire & Marine Ins. Co.</u>, 128 Mass. 315, 316 (1880)

(although "as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged

lands," mortgagee has legal title to property); <u>Maglione v. BancBoston Mtge. Corp.</u>, 29 Mass.

App. Ct. 88, 90, 557 N.E.2d 756 (1990).  In this instant action, the Mortgage was assigned to

Wilmington Savings by an assignment of mortgage dated February 6, 2018.  <u>Motion to Dismiss</u>,

p. 3.  The assignment of mortgage was acknowledged by Dave Slear the vice president of

MTGLQ Investors, L.P. and notarized by Danielle Bolin. <u>Motion to Dismiss</u>, Exhibit 5.  The

assignment of mortgage was recorded with the Dukes County Registry of Deeds in Book 1460,

Page 559.  Massachusetts statutory law sets forth the precise requirements for a valid mortgage

assignment:

> "Notwithstanding any law to the contrary, ... (2) a[n] ... assignment of mortgage; ...
> if executed before a notary public, justice of the peace or other officer entitled by
> law to acknowledge instruments, ... by a person purporting to hold the position of
> president, vice president, treasurer, clerk, secretary, cashier, loan representative,
> principal, investment, mortgage or other officer, agent, asset manager, or other
> similar office or position, including assistant to any such office or position, of the
> entity holding such mortgage, or otherwise purporting to be an authorized signatory
> for such entity, or acting under such power of attorney on behalf of such entity,
> acting in its own capacity or as a general partner or co-venturer of the entity holding
> such mortgage, shall be binding upon such entity and shall be entitled to be
> recorded, and no vote of the entity affirming such authority shall be required to
> permit recording."

<u>G.L. c. 183, §54B</u>.  An assignment "comporting with the requirements," of this statute is

"otherwise effective to pass legal title' and cannot be shown to be void."  <u>Bank of N.Y. Mellon</u>

<u>Corp. v. Wain</u>, 85 Mass. App. Ct. 498, 503, 11 N.E. 3d 633 (2014) quoting <u>Culhane v. Aurora</u>

<u>loan Servs. of Neb.</u>, 708 F.3d 282, 291 (1st Cir. 2013).   The assignment of mortgage to

Wilmington Savings comports with the requirements of G.L. c. 183, §54B.  Therefore, the Court

should dismiss the Complaint.

9.      Plaintiff is barred from alleging a defect in title by way of the alleged Easement

Agreement.  When Plaintiff granted the Mortgage on the Property to the Lender, Plaintiff

attested to the following:

> "BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby
> conveyed and has the right to mortgage, grant and convey the Property and that the
> Property is unencumbered, except for encumbrances of record. Borrower warrants
> and will defend generally the title to the Property against all claims and demands,
> subject to any encumbrances of record."

Mortgage, p. 3 (the "Borrower Covenant"), attached hereto as Exhibit 2. Plaintiff granted a

covenant to the Lender that he had good title to the property and that he will defend against any

and all claims to the title. Id.  Good title to the land means marketable title, that is, a title which a

reasonably prudent person would buy free of encumbrances and free of restrictions and conditions.

Friedman v. Decatur Corp., 135 F.2d 812, 815 (D.C. Cir. 1943).  "Good title means not merely a

title valid, in fact, but a marketable title which can be sold to a reasonable purchaser or mortgaged

to a person of reasonable prudence as a security for the loan of money".  Moore v. Williams, 115

N.Y. 586 (1889).  When Plaintiff granted the Mortgage with a covenant of good title, Plaintiff

covenanted that there was access to the Property that extended to not only himself, but also to

others, specifically, the Lender, should the Lender ever take title to the Property and step into the

Plaintiff's shoes. Mortgage, p. 3. If Plaintiff did not have good title to give to the Lender, then

Plaintiff is in breach of the Borrower Covenant.

10.     Plaintiff has failed to establish standing under Article III of the U.S. Constitution

as Plaintiff has no injury.  Plaintiff "must allege personal injury fairly traceable to the defendant's

allegedly unlawful conduct and likely to be redressed by the requested relief." Hein v. Freedom

from Religion Found., Inc., 551 U.S. 587, 598, 127 S. Ct. 2553, 168 L. Ed. 2d 424 (2007)

(quoting Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)) (internal

quotation marks omitted).  Plaintiff does not represent the Wampanoag Tribe of Gay Head and has not claimed the capacity to do so.  Plaintiff cannot assert the rights of the tribe, as an entity, by claiming membership.  Bingham v. Massachusetts, 616 F.3d 1 (1st Cir. 2010) ("Plaintiffs cannot assert the rights of the tribe, as an entity, simply by styling their claim as a class action on behalf of all tribal descendants.")  As Plaintiff has no personal injury traceable to Wilmington Savings' allegedly unlawful conduct, Plaintiff's claim must be dismissed as a matter of law.

### 2.   Plaintiff Has Not Established a Right to Injunctive Relief

21. Plaintiff's motion should be denied as he has not established his right to injunctive relief. To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 20 (1st Cir. 2011).  The complaint and memorandum in opposition establish none of the factors required for injunctive relief.  The Plaintiff is not likely to succeed on the merits of his claims, as set forth *supra*.  As Plaintiff cannot established a likelihood of success on the merits, the Court should deny Plaintiff's request for a permanent injunction.

**Relief Requested**

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1.  Dismissing with prejudice the G.L. c 244, § 35B claim as to Wilmington Savings;

2.  Denying Plaintiff's request for a Permanent Injunction; and

3.  Granting Wilmington Savings such other and further relief as is just and proper.

Respectfully submitted,

WILMINGTON SAVINGS FUND SOCIETY
FSB, D/B/A CHRISTIANA TRUST, NOT IN
ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE FOR
BCAT 2014-10TT,

By its attorneys,

/s/ *Aaron A. Fredericks, Esq.*
Richard C. Demerle, Esq. (BBO#652242)
Aaron A. Fredericks, Esq. (BBO#688412)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: November 6, 2018