**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **MATTHEW VANDERHOOP,** | ) | |
| Plaintiff | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:18-CV-11924-FDS** |
| | ) | |
| **WILMINGTON SAVINGS FUND** | ) | **JUDGE SAYLOR** |
| **SOCIETY FSB, D/B/A CHRISTIANA** | ) | |
| **TRUST, NOT IN ITS INDVIDUAL** | ) | **JURY TRIAL DEMAND** |
| **CAPACITY, BUT SOLELY AS** | ) | |
| **TRUSTEE FOR BCAT-2014-10TT** | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF WITH JURY DEMAND**

**INTRODUCTION**

1. Mr. Vanderhoop, plaintiff in the above-identified case, files this First Amended
   Complaint for declaratory and injunctive relief, with a jury trial demand, pursuant to
   Mass.R.Civ.P. 15(a), by leave of the court, to prevent defendant from foreclosing on Mr.
   Vanderhoop's home, located at 17 Old South Road in Aquinnah, Massachusetts.

2. Mr. Vanderhoop filed this action in the Dukes County Superior Court on August 22,
   2018, Docket Number 1874CV00034.

3. On September 19, 2018, defendant removed the case to this honorable court, pursuant to
   28 U.S.C. §1332, 1441 and 1446.

**PARTIES**

4. Mr. Vanderhoop, the plaintiff in this case, is a 60 year old Native American member of
   the Wampanoag Tribe of Aquinnah, Martha's Vineyard, Massachusetts, where he was

born works for a seasonal family business, and lives with his family on ancestral land, partially inherited from his grandfather.

5. Defendant is a banking and trust management business, and a subsidiary or division of WSFS Financial Corporation, a private, multi-billion dollar financial service company, headed by Mark Turner, president and CEO of WSFS.

6. Defendant's corporate headquarters is in Wilmington Delaware and it has no offices in the Commonwealth of Massachusetts.

7. Defendant's corporate address is 500 Delaware Avenue, Wilmington, Delaware.

## FACTUAL ALLEGATIONS

8. Mr. Vanderhoop inherited ancestral land in Aquinnah, Massachusetts, on the island of Martha's Vineyard, from his grandfather in or about 1989, and Mr. Vanderhoop later purchased from family and tribe members, adjoining property, collectively identified as Parcels I, II, and III, as shown on a "Plan of Indian Lands," filed with the Dukes County Registry of Deeds (hereinafter "DCRD").

9. Mr. Vanderhoop's inherited land was inaccessible.

10. On May 3, 2003, the Wampanoag Tribe of Aquinnah granted Mr. Vanderhoop an easement across Tribal Lands to access his property. DCRD Book 977/Page 1025.

11. In exchange for the easement across Trial Lands, the Wampanoag Tribe of Aquinnah retained a right of first refusal in the event the property should ever be advertised for sale to anyone other than the family and heirs of Matthew J. Vanderhoop.

12. On April 24, 2007, Mr. Vanderhoop obtained a mortgage of $850,000 from Sovereign Bank to build a house on his land. DCRD Book 1119/Page 298.

13. On April 27, 2007, Mr. Vanderhoop gave Sovereign Bank a promissory note for $850,000, to be paid in monthly payments of $5,090.72. DCRD Book1119/Page 298.

14. The initial adjustable interest rate on Mr. Vanderhoop's mortgage was 5.99%. DCRD Book 1119/Page 298.

15. Sovereign's $850,000 mortgage to Mr. Vanderhoop did not require full documentation of Mr. Vanderhoop's income or assets.

16. Sovereign's $850,000 mortgage to Mr. Vanderhoop was underwritten with a loan-to-value ratio at or above 90%.

17. When Mr. Vanderhoop obtained the $850,000 mortgage from Sovereign, his monthly mortgage payments of $5,090.72, constituted 70% of his monthly salary.

18. During the recent United States financial recession, beginning in 2008, the number of tourist and summer visitors to Martha's Vineyard, was significantly reduced, hurting seasonal businesses and causing many small businesses to close.

19. Mr. Vanderhoop's family run, seasonal business, in Aquinnah, on Martha's Vineyard, is totally dependent on summer visitors and during the recession, Mr. Vanderhoop was struggling financially and unable to pay his $5,090.72 monthly mortgage.

20. Sovereign Bank was the record holder of Mr. Vanderhoop's mortgage and promissory note, from April 24, 2007 until May 1, 2015. DCRD Book 1119/Page 298.

21. Mr. Vanderhoop contacted Sovereign on several occasions and even completed and submitted paperwork to reduce his high mortgage interest rates, but received no response from Sovereign.

22. Sovereign did not notify Mr. Vanderhoop of his right to pursue a modified mortgage loan.

23. Sovereign did not provide Mr. Vanderhoop with an assessment of his ability to make affordable monthly payment.

24. Sovereign did not modify Mr. Vanderhoop's mortgage or reduce his high interest rates.

25. Sovereign did not help Mr. Vanderhoop avoid the foreclosure of his home.

26. On September 19, 2014, Mr. Vanderhoop's mortgage and promissory note was assigned to MTGLQ. DCRD Book 1375/Page 179.

27. MTGLQ did not notify Mr. Vanderhoop on September 19, 2014, or thereafter, that it was the new owner of his mortgage and promissory note.

28. MTGLQ did not notify Mr. Vanderhoop of his right to pursue a modified mortgage loan.

29. MTGLQ did not provide Mr. Vanderhoop with an assessment of his ability to make affordable monthly mortgage payments.

30. MTGLQ did not modify Mr. Vanderhoop's mortgage or reduce his high interest rate.

31. MTGLQ did not help Mr. Vanderhoop avoid foreclosure of his home.

32. Defendant became the owner of Mr. Vanderhoop's mortgage and promissory note on February 5, 2015. DCRD Book 1375/Page 876.

33. Defendant did not notify Mr. Vanderhoop on February 5, 2015, that it was the new owner of his mortgage and promissory note.

34. Defendant did not notify Mr. Vanderhoop of his right to pursue a modified mortgage loan.

35. Defendant did not provide Mr. Vanderhoop with an assessment of his ability to make affordable monthly mortgage payments.

36. Defendant did not modify Mr. Vanderhoop's mortgage or reduce his high interest rate.

37. Defendant did not help Mr. Vanderhoop avoid the foreclosure of his home.

38. The Acknowledgment filed with the DCRD on May 1, 2015, Book 1375/Page 179, was not dated by Kathryn Marvel, the notary public, County of Berks, State of Pennsylvania.

39. The Assignment of Mortgage filed with the DCRD on May 1, 2015, Book 1375/Page 179, does state that Carlie F. Speece signed the document voluntarily or as his free act or deed.

40. The Acknowledgment, DCRD Book 1375/Page 179, does not indicate that Carlie F. Speece was authorized to act in a representative capacity on behalf of Santander Bank.

41. The Acknowledgement, DCRD Book 1375/Page 876, does not identify the company, MTGLQ.

42. On January 22, 2016, Rushmore Loan Management Services was a duly authorized agent of defendant.

43. On January 22, 2016, Angela Davis was a Vice President at Rushmore Loan Management Services LLC, and also a Vice President for WSFS.

44. On February 4, 2016, defendant filed with the DCRD Book 1397/Page 883, an "Affidavit Regarding Note Secured by Mortgage to be Foreclosed," signed by a Angela Farmer, stating that Mr. Vanderhoop's mortgage "may be a 'Certain Mortgage Loan' as defined by G.L.c. 244, § 35B."

45. The February 4, 2016, "Affidavit Regarding Note Secured by Mortgage to be Foreclosed," states that defendant sent Mr. Vanderhoop information about his right to pursue a modified mortgage loan as required by G.L.c. 244, § 35B."

46. The February 4, 2016, "Affidavit Regarding Note Secured by Mortgage to be Foreclosed," page, entitled "CERTIFICATE," DCRD Book 1397/Page 888, says, in part, "the facts stated in the foregoing affidavit are relevant to the title to the premises therein described and will be of benefit and assistance in clarifying the chain of title thereto."

47. On February 14, 2018, at 8:59:14 AM, receipt no. 199016, Mr. Vanderhoop's mortgage was assigned from MTGLQ to defendant.

48. On February 14, 2018, at 8:59:14 AM, receipt no. 199016, Mr. Vanderhoop's mortgage was assigned from defendant to MTGLQ.

49. The Acknowledgment, filed with DCRD on February 14, 2018, Book 1460/Page 550, does not state that Donna Brammer, signed the document in a representative capacity.

50.  The notary public, Danielle Bolin, did not date the Acknowledgement filed with the DCRD on February 14, 2018, Book 1460/Page 551.

51. The notary public, Danielle Bolin, did not indicate on the Acknowledgement filed with the DCRD on February 14, 2018, Book 1460/Page 551, how she identified the signatory.

52. The Acknowledgement, filed with the DCRD on February 14, 2018, DCRD Book 1460/Page 551, does not state that Dave Slear was signing in a representative capacity, as an act of the defendant.

53. On March 20, 2018, defendant filed a SCRA Notice with the Massachusetts Law Court.

## STATEMENT OF CLAIMS

### COUNT I
**Material Breach of Contract; Unlawful Methods and Practices; Unfair and Deceptive Practices; Violation of G.L.c. 244, §35A, §35B, and, §35C; and Failure to Perform**

54. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 53 above.

Mr. Vanderhoop's mortgage was a "certain mortgage" as defined by G.L.c. 244, §35B, and defendant did not conduct the required analysis to determine if Mr. Vanderhoop was capable of paying a modified mortgage loan and, defendant did not offer Mr. Vanderhoop any such identified loan.

## COUNT II

### Material Breach of Contract; Unfair and Deceptive Practices; Engaging in Unlawful Self-Dealing; and Fraudulent Misrepresentation

55. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 54 above. Defendant has not been transparent with Mr. Vanderhoop about his mortgage and promissory note. Mr. Vanderhooop was not contacted promptly when his mortgage and promissory notes were transferred, including twice February 14, 2016, and such practices between MTGLC and defendant have made it impossible for Mr. Vanderhoop to modify his mortgage, reduce his high interest rate, or prevent the foreclosure of his home.

## COUNT III

### Materially Defective Notarization of Mortgage; Patently Defective Acknowledgements; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29

56. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 55 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on May 1, 2015, Book 1375/Page 179, mortgage documents that are materially defective, violate notary requirements, and are void.

## COUNT IV

### Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f);

**Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9;**

**Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

57. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 56 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on May 15, 2015, Book 1375/Page 876, mortgage documents that are materially defective, violate notary requirements, and are void.

## COUNT V

**Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in**

**Self-Dealing Transactions; Engaging in Unfair Methods;**

**Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f);**

**Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9;**

**Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

58. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 57 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on February 14, 2018, Book 1460/Page 550, mortgage documents that are materially defective, violate notary requirements, and are void.

## COUNT VI

**Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in**

**Self-Dealing Transactions; and Engaging in Unfair Methods;**

**Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f);**

**Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9;**

**Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

59. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 58 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on February 14, 2018, Book 1460/Page 559, mortgage documents that are materially defective, violate notary requirements, and are void.

## COUNT VII

**Material Breach of Contract; Engaging in Self-Dealing Transactions;**

**Engaging in Unfair Methods; Fraudulent Misrepresentation;**

**Violation of G.L.c. 244 §35A, 35B, 35C; and Violation of G.L.c. 93A §2 and §9**

60. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 59 above. Defendant, by and through their agents, employees, and representatives have prevented Mr. Vanderhoop from applying for a mortgage loan modification, reducing his high interest rate, and avoiding foreclosure.

## COUNT VIII

**Material Breach of Contract; Engaging in Self-Dealing Transactions;**

**Engaging in Unfair Methods; Fraudulent Misrepresentation;**

**Violation of G.L.c. 244 §35A, 35B, 35C; and Violation of G.L.c. 93A §2 and §9**

61. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 60 above. Defendant by and through its agents, employees, and representatives, knowingly and willfully made false representations of material fact about Mr. Vanderhoop's right to apply for a mortgage loan modification.

## COUNT IX

**Materially Defective Affidavit; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

62. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 61 above. Defendant by and through its agents, employees, and representatives, knowingly and willfully made false representations of material fact in a February 4, 2016 affidavit, filed with the DCRD regarding Mr. Vanderhoop's opportunity to modify his monthly mortgage payments.

## COUNT X

**Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

63. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 62 above. The May 1, 2015 Assignment, DCRD Book 1375/Page 179, does not indicate that Carlie F. Speece signed the document of his free will, or that he signed in a representative capacity, making the documents materially defective, and the assignment void.

## COUNT XI

**Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 183 §54B; and Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

64. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 63 above. The Acknowledgement of the May 12, 2015, filed with the DCRD, See Book 1375/Page 876, does not identify the company, a violation of Massachusetts and Texas notary requirements, making the documents materially defective, and the assignment void.

## COUNT XII

**Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 183 §54B; and 57 PA §302(2) and §315(a)(2)(11).**

**Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

65. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 64 above. The date on the May 12, 2015 Assignment of Mortgage filed with the DCRD Book 1375/Page 876, and the Acknowledgement was inserted, and not dated by the Pennsylvania notary public,  Kathryn Marvel, and the assignment void.

## COUNT XIII
**Materially Defective Affidavit; Material Breach of Contract; Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 244, §15(f); Violation of G.L.c.93A, §2 and 9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

66. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 65 above. In an affidavit regarding note secured by mortgaged to be foreclosed, DCRD Book 1397/Page 882,  Rushmore Loan Management falsely stated it sent Mr. Vanderhoop information about his right to pursue a modified mortgage loan.

## COUNT XIV
**Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Self-Dealing Transactions; Engaging in Unfair Methods; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 244, §15(f); Violation of Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

67. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 66 above. The February 14, 2018, Assignment of Mortgage, DCRD Book 1460/Page 550, did not state that Danna Brammer was signing in a representative capacity for defendant, making the documents materially defective, and the assignment void.

## COUNT XV

**Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Self-Dealing Transactions; Engaging in Unfair Methods; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 244, §15(f); Violation of Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

68. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 67 above. The February 14, 2018 Assignment of Mortgage, DCRD Book 1460/Page 550, did not identify on the Acknowledgement how the individual signing the documents was known to the notary public, a violation of Massachusetts and Texas notary requirements, making the documents materially defective, and the assignment void.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Vanderhoop ask that this Court order appropriate relief, including but not limited to:

A. Order a TRIAL BY JURY on all the issues.

B. Enter a judgment declaring that Mr. Vanderhoop's mortgage was a "Certain Mortgage" as defined by G.L.c. 244 §35B and that defendant did not comply with the requirements of G.L.c. 244 §35A, 35B, 35C.

C. Enter a judgment declaring that defendant did not comply with the Massachusetts notary requirements regarding the assignment of mortgage and acknowledgement documents it filed with the DCRD on May 1, 2015, defeating defendant's claim of title to Mr. Vanderhoop's mortgage and promissory note.

D. Enter a judgment declaring that defendant did not comply with the Massachusetts notary requirements regarding the assignment of mortgage and acknowledgement documents it

filed with the DCRD on May 15, 2015, defeating defendant's claim of title to Mr.
Vanderhoop's mortgage and promissory note.

E.  Enter a judgment declaring that defendant did not comply with the Massachusetts notary
requirements regarding the assignment of mortgage and acknowledgement documents it
filed with the DCRD on February 14, 2018, defeating defendant's claim of title to Mr.
Vanderhoop's mortgage and promissory note.

F.  Enter a judgment declaring that defendant did not comply with the Massachusetts notary
requirements regarding the assignment of mortgage and acknowledgement documents it
filed with the DCRD on February 14, 2018, defeating defendant's claim of title to Mr.
Vanderhoop's mortgage and promissory note.

G.  Enter a judgment declaring that defendant did not comply with the Pennsylvania notary
requirements regarding the assignment of mortgage and acknowledgement documents it
filed with the DCRD on May 1, 2015, defeating defendant's claim of title to Mr.
Vanderhoop's mortgage and promissory note.

H.  Enter a judgment declaring that defendant did not comply with the Texas notary
requirements regarding the assignment of mortgage and acknowledgement documents it
filed with DCRD on May 15, 2015, defeating defendant's claim of title to Mr.
Vanderhoop's mortgage and promissory note.

I.  Enter a judgment declaring that defendant did not comply with M.G.L.c.93A when it
filed with the DCRD Assignment of Mortgages with Acknowledgments, that were
incomplete, factually incorrect, and violated the statues under which they were obtained.

J.  Enter a judgment declaring that defendant were engaged in self-dealing when it filed
assignments of mortgages to Mr. Vanderhoop's house, twice in the same day, at the same
time, with the exact receipt number, with defective documents.

K.  Enter a judgment declaring that defendant did not comply with the conditions of Mr. Vanderhoop's mortgage.

L.  Enter a judgment declaring that defendant does not have legal title Mr. Vanderhoop's mortgage or promissory note.

M.  Enter a preliminary injunction, pending final resolution of this case that enjoins defendant from taking any action to foreclose on Mr. Vanderhoop's home.

N.  Enter a permanent injunction, pending final resolution of this case, that enjoins defendant from taking any action for foreclose on Mr. Vanderhoop's home.

O.  Grant Mr. Vanderhoop an award of reasonable attorney's fees under 42 U.S.C. §1988.

P.  Enter an award of compensatory damages in a fair and reasonable amount to be determined by the jury for injuries suffered by Mr. Vanderhoop as a direct result of defendant's breach.

Q.  Enter an award of exemplary damages in a fair and reasonable amount to be determined by the jury.

R.  Grant Mr. Vanderhoop any other such and further relief as this Court deems just, equitable, and appropriate.

Mr. Vanderhoop demands TRIAL BY JURY.

November 27, 2018                           Respectfully submitted,
                                            MATTHEW VANDERHOP
                                            By his attorney,


                                            "/s/"*Deborrah M. Doman*
                                            Deborrah M. Dorman, Esq., #635729
                                            Law Office of Deborrah M. Dorman

14

Post Office Box 944
Tisbury, MA 02568
(774) 563-0040
dormandmd@aol.com