UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
<u>WILMINGTON SAVINGS TO DISMISS AMENDED COMPLAINT</u>**

IN HIS FIRST AMENDED COMPLAINT, Matthew Vanderhoop (the "Plaintiff") fails to offer this Court any coherent claim that would call into question the foreclosure of Plaintiff's mortgage. Plaintiff fails to offer a *prima facie* case for any of his claims, notwithstanding the fact that most of his "claims" are indistinguishable, between one (1) and two (2) sentences long, repeat and overlap. Meanwhile, Plaintiff has received multiple opportunities to modify his loan, a loan that is now 10 years in arrears. Further, case law makes clear that Plaintiff lacks standing to challenge the chain of title for his mortgage. For these reasons, Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("Wilmington Savings") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint. In support of this motion, Wilmington Savings states as follows.

<u>Statement of Material Facts</u>

1. Plaintiff is, on information and belief, a Massachusetts citizen with a principal residence located in Aquinnah, Massachusetts. <u>Amended Complaint</u> (as defined below), ¶ 4.

1

2. Wilmington Savings is a subsidiary of Wilmington Savings Fund Society Financial Corporation, a financial services holding company headquartered in Wilmington, Delaware. Amended Complaint, ¶¶ 5, 6, 7.

**The Loan**

3. By quitclaim deed dated January 7, 1995, the Plaintiff and Rachel Vanderhoop became record owners of certain real property known as and numbered 17 Old South Road, Aquinnah, Dukes County, Massachusetts (the "Property").

4. On April 24, 2007, the Plaintiff executed a promissory note in favor of Sovereign Bank (the "Lender") to borrow the sum of $850,000.00 (the "Note"). As security for his obligations under the Note, the Plaintiff granted a mortgage on the Property in favor of the Lender (the "Mortgage"). Amended Complaint, ¶ 12.

5. The Mortgage was assigned to MTGLQ Investors, L.P. ("MTGLQ") by an assignment of mortgage dated September 9, 2014. The assignment of mortgage was recorded with the Dukes County Registry of Deeds (the "Registry") in Book 1375, Page 179. Amended Complaint, ¶ 26, and attached hereto as Exhibit 1.[1]

6. The Mortgage was assigned to Wilmington Savings by an assignment of mortgage dated February 2, 2015. The assignment of mortgage was recorded with the Registry in Book 1375, Page 876. Amended Complaint, ¶ 32, and attached hereto as Exhibit 2.

7. The Mortgage was then assigned to MTGLQ by an assignment of mortgage dated January 10, 2018. The assignment of mortgage was recorded with the Registry in Book 1460, page 550. Amended Complaint, ¶ 48, and attached hereto as Exhibit 3.

---

[1] Wilmington Savings shall provide certified copies of exhibits if the Court should require.

8.      The Mortgage was then assigned to Wilmington Savings by an assignment of mortgage dated February 6, 2018.  The assignment of mortgage was recorded with the Registry in Book 1460, Page 559.  Amended Complaint, ¶ 47, and attached hereto as Exhibit 4.

9.      Selene Finance LP ("Selene") is the loan servicer for the Note and Mortgage on behalf of Wilmington Savings. Complaint, ¶ 4.

### The Foreclosure Action

10.     On September 13, 2017, Wilmington Savings filed a Servicemembers Civil Relief Act complaint with the Land Court of the Commonwealth of Massachusetts (the "Land Court"), case no. 17SM007509 (the "Foreclosure Action).  Amended Complaint, ¶ 53.  Together with the complaint, Wilmington Savings filed a mortgagee's affidavit attesting under oath that notice to the Plaintiff had been given in compliance with M.G.L.c. 244, § 35A.  A copy is attached as Exhibit 5.[2]  On June 14, 2018, the Land Court entered judgment in favor of Wilmington Savings (the "Judgment").

### The Amended Complaint

11.     On August 22, 2018, the Plaintiff filed a complaint (the "Complaint") with the Superior Court (Dukes) for the Commonwealth of Massachusetts (the "State Court"), commencing the above-captioned action.

12.     In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its Mortgage on the Property.

13.     On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446.

---

[2] Courts may treat documents from prior state court adjudication as public records. See Boateng v. InterAmerican Univ., Inc., 2010 F.3d 56, 60 (1st Cir. 2010), see also Giragsain v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

14. On October 15, 2018, Wilmington Savings filed its <u>Motion of Wilmington Savings to Dismiss Complaint</u> (the "Motion to Dismiss") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

15. On October 30, 2018, Plaintiff filed his <u>Motion in Opposition to Defendant's Motion to Dismiss</u> and <u>Memorandum of Law in Opposition to Defendant's Motion to Dismiss</u> (the "Memorandum in Opposition").

16. On November 13, 2018, after hearing, the Court denied the Motion to Dismiss without prejudice and directed Plaintiff to file an amended complaint by November 29, 2018. <u>See</u> Doc. Entry No. 16.

17. On November 29, 2018, Plaintiff filed his first amended complaint (the "Amended Complaint").

## Conclusions of Law

18. For the following reasons, this Court should dismiss the Plaintiff's alleged claims against Wilmington Savings.

### Standard for Dismissal under Rule 12(b)(6)

19. As this Court is well aware, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2006). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. <u>Nollet v. Justices of Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all

4

reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208. Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.[3]

20. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider certain types of documents outside the complaint without converting the motion into one for summary judgment. These documents include public records and documents referred to in the complaint. See Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013) (supplementing facts in the complaint "by examining 'documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice'"); Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (court may consider "official public records, documents central to plaintiffs' claim, and documents sufficiently referred to in the complaint"); Giragosian v. Ryan, 547 F.3d 59, 65-66 (1st Cir. 2008) (a court can consider documents relied on in complaint, public records, and other documents subject to judicial notice).

---

[3] Plaintiff's Amended Complaint is a stew of disjointed allegations, seasoned with repeating and overlapping legal phrases. The motion to dismiss addresses what appears to be Plaintiff's attempt to argue breach of contract (counts 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 13), misrepresentation (counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13) and violation of M.G.L. c. 93A/unfair and deceptive practices (all counts). Plaintiff's insertion of the phrases "self-dealing", "unlawful methods and practices", and "failure to perform" are too ephemeral to even suggest a claim for this Court to consider.

## The Claim of Breach of Contract Should Be Dismissed

21. This Court should dismiss the Plaintiff's claim of breach of contract because the Plaintiff fails to allege a *prima facie* case for the claim. In Massachusetts, the essential elements of a contract are an offer, acceptance, and an exchange of consideration or meeting of the minds. Vadnais v. NSK Steering Sys. Am., Inc., 675 F. Supp. 2d 205, 207 (D. Mass. 2009) citing Quinn v. State Ethics Comm'n, 401 Mass. 210, 516 (Mass. 1987). It is well established that a material breach of contract excuses the other party from further performance as a matter of law. Hastings Assoc., Inc. v. Local 369 Building Fund, Inc., 42 Mass.App.Ct. 162, 171, 675 N.E.2d 403 (1997). A material breach is one that goes to an essential and inducing feature of the contract i.e. the root of the contract. Bucholz v. Green Bros. Co., 272 Mass. 49, 52, 172 N.E. 101 (1930); Lease-It v. Massachusetts Port Auth., 33 Mass.App.Ct. 391, 396, 600 N.E.2d 599 (1992). The existence of a material breach must be determined from the circumstances of each case. Boston Housing Auth. v. Hemingway, 363 Mass. 184, 200, 293 N.E.2d 831 (1973). In this case the Plaintiff fails to identify the specific contract -e.g. Note, Mortgage – or the terms that were breached. Instead, the Plaintiff broadly pleads 12 counts of "material breach of contract" while failing to cite either any specific term(s) of the Note or Mortgage or Wilmington Savings' actions that demonstrate a breach of contract. See Amended Complaint, pp 6-12. For these reasons, the claim against Wilmington Savings for "breach of contract" should be dismissed.

## The Claim of Fraudulent Misrepsentation Should Be Dismissed

22. This Court should dismiss the Plaintiff's claim of fraudulent misrepresentation because the Plaintiff fails to allege a *prima facie* case for the claim. To recover for fraudulent misrepresentation, a plaintiff "must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the

plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." Kilroy v. Barron, 326 Mass. 464, 465, 95 N.E. 2d 190 (1950). Such reliance by the plaintiff must be reasonable. Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 467, 781 N.E. 2d 787 (2003). There is a three-year statute of limitations for a claim of fraudulent misrepresentation. Matos v. First Nat'l Bank, 27 Mass. L. Rep. 246 (2010). In the instant action, Plaintiff fails to allege Wilmington Savings made a false representation of a material fact with knowledge of its falsity. Furthermore, Plaintiff fails to allege either any reliance upon the false representation or any damages resulting from his reliance. Finally, Plaintiff's conclusory statements regarding the assignments of mortgage dated September 9, 2014 and February 2, 2015 fall outside of the three-year statute of limitations. For these reasons, the claim against Wilmington Savings for "fraudulent misrepresentation" should be dismissed.

### The Claim under Chapter 93A Should Be Dismissed

23. The claim against Wilmington Savings for violation of Chapter 93A should be dismissed because the Plaintiff fails to allege a *prima facie* case for the claim. The rule is that, to be successful on a claim under section nine (9) of Chapter 93A, a plaintiff must establish (1) that the defendant committed an unfair or deceptive act or practice, as defined by G.L. c. 93A, § 2, or the regulations promulgated thereunder; (2) a loss of money or property suffered as a result; and (3) a causal connection between the loss suffered and the defendant's unfair or deceptive method, act, or practice. G.L. c. 93A, § 9. "It is well established that in proscribing 'unfair or deceptive acts or practices in the conduct of any trade or commerce' (G.L. c. 93A, s 2) the consumer protection statute reached '(a) wide range of activities…'" Lantern v. Carson, 374 Mass. 606, 607 (1978). To determine what constitutes an unfair trade practice, a court must look for conduct which is within at least the penumbra of some common-law, statutory, or other

established concept of unfairness, and which is immoral, unethical, oppressive, or unscrupulous. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498 (1979); G.L. c. 93A. In this case, the Plaintiff's claim under Chapter 93A rests upon two (2) other claims: breach of contract and fradulent misrepresentation. Amended Complaint, pp. 6-12. Because both of those claims fail as a matter of law, the claim against Wilmington Savings for violation of Chapter 93A should be dismissed as well.

**Plaintiff Lacks Standing to Raise Shortcomings in an Assignment**

24. Plaintiff lacks standing to challenge the assignments of the Mortgage. A mortgagor is not himself a party to an assignment of his mortgage. Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202 (2014). Accordingly, such a non-party "generally [would be] without standing to enforce rights under it." Id. (citing Cumin Ins. Cov. Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 464 (2009)). However, the Massachusetts Appeals Court set forth a narrow exception to allow standing "limited to claims that a defect in the assignment rendered it void, not merely voidable." The Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498 (2014). When a complaint simply asserts that a signatory to a mortgage assignment supposedly lacked authority to execute that assignment on behalf of the assignor, a borrower has "alleged, at most, that the … [a]ssignment is potentially voidable under Massachusetts common law." Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d, 11-14 (1st Cir. 2014). "A [Massachusetts] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Id. at 9 (quoting Culhane, 708 F.3d at 291). Voidable contracts include those executed outside the scope of an actor's authority to do so. Id. at 10 (citing, e.g. Comm'r of Banks v. Tremont Trust Co., 259 Mass. 162, 179-80 (1927); Glovin v. Eagle Clothing Co., 247 Mass. 215, 217-18 (1924).

"Because the record title holder of the mortgage satisfied the dictates of the statute governing the assignment of mortgages, the [borrower has] no basis for arguing that the assignment is void." Wain, 85 Mass.App.Ct. at 502-04 (citing G.L. c. 183 § 54B). In this case, Plaintiff alleges the acknowledgement fails to identify MTGLQ and the does not indicate that Carlie F. Speece was authorized to act in a representative capacity on behalf of Santander Bank. Amended Complaint, ¶¶ 40, 41. Section 54B makes clear that the Plaintiff may not look behind the document to raise a challenge to signing authority, despite their lack of standing to even do so.

### Plaintiff Was Provided with the Opportunity to Modify the Loan

25. The Plaintiff's claim that he has not had an opportunity to modify his loan is incorrect. The rule is that "prior to publishing a notice of foreclosure sale, as required by section 14, the creditor … shall certify compliance with this section in an affidavit based upon review of the creditor's business records…[T]he affidavit certifying compliance with this section shall be conclusive evidence …" M.G.L. c. 244, § 35(f). On June 6, 2017, Selene mailed to the Plaintiff by first class and certified mail a Right to Request a Modified Mortgage Loan.[4] Copies are attached hereto as Exhibit 6 and Exhibit 7, respectively. On April 24, 2018, Leslie A. Simmons, Foreclosure Manager of Selene Finance LP, signed the Affidavit Regarding Note Secured by Mortgage Being Foreclosed (the "2018 Affidavit") certifying that "the requirements of M.G.L. c. 244, section 35B have been complied with." A copy is attached hereto as Exhibit 9. Because Massachusetts law holds that an affidavit like the 2018 Affidavit is conclusive evidence that a mortgagee complied with M.G.L. 244, § 35, the Court should dismiss the Plaintiff claim that he has not had an opportunity to seek modification of the Note and Mortgage.

---

[4] On February 11, 2014, Santander mailed to the Plaintiff by certified and first class mail a Right to Request a Modified Mortgage. A copy is attached hereto as Exhibit 8. Wilmington Savings identifies Exhibit 8 for the Court, as Plaintiff alleges that Sovereign, although not a named defendant in the above captioned action, failed to notify him of his right to pursue a modified mortgage loan. Amended Complaint, ¶ 22.

26. Plaintiff confuses the date of the recordings of the assignments for the date of the assignment. Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor. G. L. c. 183, § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175, 177, 116 N.E. 407 (1917). In a "title theory state" like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt. Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6, 933 N.E.2d 918 (2010). Therefore, when a person borrows money to purchase a home and gives the lender a mortgage, the homeowner-mortgagor retains only equitable title in the home; the legal title is held by the mortgagee. Vee Jay Realty Trust Co. v. DiCroce, 360 Mass. 751, 753, 277 N.E.2d 690 (1972), quoting Dolliver v. St. Joseph Fire & Marine Ins. Co., 128 Mass. 315, 316 (1880) (although "as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged lands", mortgagee has legal title to property); Maglione v. BancBoston Mtge. Corp., 29 Mass. App. Ct. 88, 90, 557 N.E.2d 756 (1990). Massachusetts statutory law sets forth the precise requirements for a valid mortgage assignment:

> "Notwithstanding any law to the contrary, ... (2) a[n] ... assignment of mortgage; ... if executed before a notary public, justice of the peace or other officer entitled by law to acknowledge instruments, ... by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary, cashier, loan representative, principal, investment, mortgage or other officer, agent, asset manager, or other similar office or position, including assistant to any such office or position, of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity, or acting under such power of attorney on behalf of such entity, acting in its own capacity or as a general partner or co-venturer of the entity holding such mortgage, shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording."

G.L. c. 183, §54B. An assignment "comporting with the requirements," of this statute is "otherwise effective to pass legal title and cannot be shown to be void." Bank of N.Y. Mellon

Corp. v. Wain, 85 Mass. App. Ct. 498, 503, 11 N.E. 3d 633 (2014) quoting Culhane v. Aurora loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013). In the instant case, the Mortgage was assigned to Wilmington Savings by an assignment of mortgage dated February 6, 2018. See Exhibit 4. The assignment of mortgage was acknowledged by Dave Slear, the vice president of MTGLQ Investors, L.P. and notarized by Danielle Bolin. Id. The assignment of mortgage was recorded with the Registry in Book 1460, Page 559 on February 14, 2018. Id. Because the assignment of mortgage to Wilmington Savings comports with the requirements of G.L. c. 183, §54B, the Court should dismiss the Plaintiff's claims to the extent they are based on allegations of a defective assignment of mortgage.

### Plaintiff Has Not Established a Right to Injunctive Relief

27. Plaintiff's motion should be denied as he has not established his right to injunctive relief. To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 20 (1st Cir. 2011). The Amended Complaint establishes none of the factors required for injunctive relief. The Plaintiff is not likely to succeed on the merits of his claims, as set forth *supra*. As Plaintiff cannot established a likelihood of success on the merits, the Court should deny Plaintiff's request for a permanent injunction.

## Relief Requested

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Dismissing Plaintiff's claim for breach of contract as to Wilmington Savings;

2. Dismissing Plaintiff's claim for misrepresentation as to Wilmington Savings;

3. Dismissing Plaintiff's claim for violation of Ch. 93A as to Wilmington Savings;

4. Dismissing the G.L. c 244, § 35B claim as to Wilmington Savings;

5. Denying Plaintiff's request for a Temporary Restraining Order;

6. Denying Plaintiff's request for a Preliminary Injunction;

7. Denying Plaintiff's request for a Permanent Injunction; and

8. Granting Wilmington Savings such other and further relief as is just and proper.

Respectfully submitted,

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR
BCAT 2014-10TT,

By its attorneys,

/s/ *Aaron A. Fredericks, Esq.*
Richard C. Demerle, Esq. (BBO#652242)
Aaron A. Fredericks, Esq. (BBO#688412)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: December 11, 2018