UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>      Plaintiff<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY FSB, D/B/A CHRISTIANA<br>TRUST, NOT IN ITS INDVIDUAL<br>CAPACITY, BUT SOLELY AS<br>TRUSTEE FOR BCAT-2014-10TT<br>      Defendant | CIVIL ACTION NO. 1:18-CV-11924-FDS |

**PLAINTIFF'S SUPPLEMENTAL EVIDENCE - EXHIBITS**

**TO SUPPORT PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF
WITH JURY TRIAL DEMAND**

    Pursuant to Judge Saylor's November 13, 2018 instructions, Plaintiff, Mr. Matthew Vanderhoop, submits, herein, Plaintiff's Supplemental Evidence – Exhibits, to support his First Amended Complaint for Declaratory and Injunctive Relief with Jury Trial Demand, submitted on November 29, 2018.

**COUNT I: Material Breach of Contract; Unlawful Methods and Practices; Unfair and Deceptive Practices; Violation of G.L.c. 244, §35A, §35B, and, §35C; and Failure to Perform.**

1. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 53 above. Mr. Vanderhoop's mortgage was a "certain mortgage" as defined by G.L.c. 244, §35B, and defendant did not conduct the required analysis to determine if Mr. Vanderhoop was capable of paying a modified mortgage loan and, defendant did not offer Mr. Vanderhoop any such identified loan.

- **See Exhibit 1**: **Chapter 244, §35B**: *Requirement of Reasonable Steps and Good Faith Effort to Avoid Foreclosing; Criteria' Notice of Right to Pursue Modified Mortgage' Recording of Affidavit of Compliance*

    o **Chapter 244, §35B (c)**: "Under this section, for certain mortgage loans, the creditor shall end notice, concurrently with the notice required by subsection (g) of section is 35A, of the borrower's right to pursue a modified mortgage loan…A copy of said notice shall be filed with the attorney general."

**COUNT II: Material Breach of Contract; Unfair and Deceptive Practices; Engaging in Unlawful Self-Dealing; and Fraudulent Misrepresentation**

2. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 54 above. Defendant has not been transparent with Mr. Vanderhoop about his mortgage and promissory note. Mr. Vanderhooop was not contacted promptly when his mortgage and promissory notes were transferred, including twice February 14, ~~2016~~ [2018], and such practices between MTGLC and defendant have made it impossible for Mr. Vanderhoop to modify his mortgage, reduce his high interest rate, or prevent the foreclosure of his home.

- **See Exhibit 2: Book 1119/Page 298:**  *Mr. Vanderhoop's Mortgage*, Duke's County Registry of Deeds (hereinafter "DCRD" referred to only by book/page).

    o **Book 1119/Page 307**: "All notices given by Borrower or Lender in connection with this Security Instrument must be in writing…There may be only one assigned notice address under this Security Instrument at any one time…If any notice required by the Security Instrument is also required under Applicable Law, the Applicable Law will satisfy the corresponding requirement under this Security Instrument."

- **Book 1119/Page 308**: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in the Security Instrument are subject to any requirements and limitation of Applicable Law"

- **Book 1119/Page 309**: "If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payment should be made and any other information RESPA requires in connection with notice of transfer of servicing."

**COUNT III: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgements; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

3. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 55 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on May 1, 2015, Book 1375/Page 179, mortgage documents that are materially defective, violate notary requirements, and are void.

    - **See Exhibit 3A**: **Book 1375/Page 179:** *May 1, 2015 Assignment*

        - The date has been inserted on both the Assignment of Mortgage and Acknowledgment, but not by the notary public.

    - **See Exhibit 3B**: **57 PA Cons Stat §315(a)(2):** "Regardless of whether the notarial officer is a notary public, the certificate must: (ii) be signed <u>and dated</u> by the notarial officer."

**COUNT IV: Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

4. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 56 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on May ~~15~~ 12, 2015, Book 1375/Page 876, mortgage documents that are materially defective, violate notary requirements, and are void.

   - **See Exhibit 4A**: **Book 1375/Page 876:** May 12, 2015 Assignment.

     o **Book 1375/Page 876**: There was no "limited power of attorney recorded herewith," as stated on the Assignment of Mortgage.

     o **Book 1375/Page 877**: The name of the "company is not listed on the Acknowledgment.

   - **See Exhibit 4B**: **Texas Civil Practice and Remedies Code, Chapter 121.006(b)(2):** "In the case of a person as principal, that the attorney-in-fact personally appeared before the officer taking the acknowledgment and that the attorney-in-fact acknowledged <u>executing the instrument as the act of the principle for the purposes and consideration expressed in it</u>.

**COUNT V: Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

5. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 57 above.

Defendant, by and through their agents, employees, and representatives filed with the DCRD on February 14, 2018, Book 1460/Page 550, mortgage documents that are materially defective, violate notary requirements, and are void.

- **See Exhibit 5A**: **Book 1460/Page 550**: February 14, 2018 Assignment of Mortgage

    o **Book 1460/Page 551**: "POA RECORDING: For authority see Power of Attorney recorded herewith." Was not attached.

    o **Book 1460/Page 552**: Acknowledgment states: "…to be the person whose name is signed above, and acknowledged the foregoing to be signed by him/her as the free act and deed, voluntarily for its stated purpose."

- **See Exhibit 5B**: **Texas 212.006(b)(4): [Notary Act of a Corporation]**: "In the case of a corporation by a corporate officer or agent, that the corporate officer or agent personally appeared before the officer taking the acknowledgment and that the corporate officer or agent acknowledged executing the instrument in the capacity stated, as the act of the corporation, for the purpose and consideration expressed in it."

**COUNT VI: Materially Defective Notarization of Mortgage; Material Breach of Contract; Engaging in Self-Dealing Transactions; and Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

6. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 58 above. Defendant, by and through their agents, employees, and representatives filed with the DCRD on February 14, 2018, Book 1460/Page 559, mortgage documents that are materially defective, violate notary requirements, and are void.

- **See Exhibit 6A**: **Book 1460/Page 559**:  February 14, 2018 Assignment of Mortgage

    - **Book 1460/Page 561**: (1) The Acknowledgment was not dated; (2) The Acknowledgment did not include the Texas notary public's identification number; (3) No indication on the Acknowledgment as to how the notary public identified the signor.

- **See Exhibit 6B**: **Texas Civil Practice and Remedies Code Chapter 121, §121.005(a):** "Proof of Identity of Acknowledging Person." "An officer may not take the acknowledgment of a written instrument unless the officer knows or has satisfactory evidence that the acknowledging person is the person who executed the instrument and is described in it."

- **See Exhibit 6C:** *Texas Government Code, Section 406.013(a)*: "A notary public shall provide a seal of office that clearly show…the notary public's identifying number."

**COUNT VII: Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; and Violation of G.L.c. 93A §2 and §9**

7. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 59 above. Defendant, by and through their agents, employees, and representatives have prevented Mr. Vanderhoop from applying for a mortgage loan modification, reducing his high interest rate, and avoiding foreclosure.

    - **See Exhibit 1**: Chapter 244, §35B: *Requirement of Reasonable Steps and Good Faith Effort to Avoid Foreclosing; Criteria' Notice of Right to Pursue Modified Mortgage' Recording of Affidavit of Compliance*

        - **Chapter 244, §35B (c)**: "Under this section, for certain mortgage loans, the creditor shall end notice, concurrently with the notice required by subsection

(g) of section is 35A, of the borrower's right to pursue a modified mortgage loan…A copy of said notice shall be filed with the attorney general."

**COUNT VIII: Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; and Violation of G.L.c. 93A §2 and §9**

8. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 60 above. Defendant by and through its agents, employees, and representatives, knowingly and willfully made false representations of material fact about Mr. Vanderhoop's right to apply for a mortgage loan modification.

    - **See Exhibit 1**: Chapter 244, §35B: *Requirement of Reasonable Steps and Good Faith Effort to Avoid Foreclosing; Criteria' Notice of Right to Pursue Modified Mortgage' Recording of Affidavit of Compliance*

        o **Chapter 244, §35B (c)**: "Under this section, for certain mortgage loans, the creditor shall end notice, concurrently with the notice required by subsection (g) of section is 35A, of the borrower's right to pursue a modified mortgage loan…A copy of said notice shall be filed with the attorney general."

**COUNT IX: Materially Defective Affidavit; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §15(f); Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

9. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 61 above. Defendant by and through its agents, employees, and representatives, knowingly and willfully made false representations of material fact in a February 4, 2016 affidavit, filed with the DCRD regarding Mr. Vanderhoop's opportunity to modify his monthly mortgage payments.

- **See Exhibit 9A:** **Book 1397/Page 882:** *"Affidavit Regarding Note Secured by Mortgage to be Foreclosed."*

    o **Book 1397/Page 883**: The affidavit is false and does not list the transactions involving the transfer of the property twice, two assignments filed on the same day, same time, same receipt number, back and forth, between defendant and MTGLQ, on February 14, 2018, Book 1460/Page 550, **See Exhibit 5A**, and Book 1460/Page 559, **See Exhibit 6A**.

    o **Book 1397/Pages 884 and 887**: "I have personal knowledge of the facts stated in this affidavit," signed by "Angela Farmer," simultaneously, "Angela Farmer, Vice President of Rushmore Loan Management Services, LLC," and "Angela Farmer, Vice President, Wilmington Savings Fund Society, et al."

    o **Book 1397/Page 884**: "Based upon my review of the business records of Rushmore Loan Management Services LLC, I certify that: …The subject loan may be a 'Certain Mortgage Loan' as defined by G.L.C.244, §35B(a) because one or more of the following are true:" Angela Farmer.

    o **Book 1397/Page 886:** "The requirements of G.L.c.244, §35B have been satisfied because: Mortgagor(s) was sent a notice of his/her rights to pursue a modified mortgage loan and either the mortgagor(s) failed to timely respond to said notification and no foreclosure alternatives were consummated. As applicable Rushmore Loan Management Services LLC has taken reasonable steps and made a good faith effort to avoid foreclosure, as required by G.L.c. 244, §35B," Angela Farmer.

- **See Exhibit 1**: **Chapter 244, §35B**: *Requirement of Reasonable Steps and Good Faith Effort to Avoid Foreclosing; Criteria' Notice of Right to Pursue Modified Mortgage' Recording of Affidavit of Compliance*

- o **Chapter 244, §35B (c**): "Under this section, for <u>certain mortgage loans</u>, the creditor shall end notice, concurrently with the notice required by subsection (g) of section is 35A, of the borrower's right to pursue a modified mortgage loan…A copy of said notice shall be filed with the attorney general."

- **See Exhibit 9B**: **Book 1397/Page 887**: Does not include the identification number of the Texas Notary Public, Pamela G Paschall, as is required by Texas law.

- **See Exhibit 9C**: **Texas Government Code – Sec. 406.013**: "A notary public shall provide a seal of office that clearly shows, when embossed, stamped, or printed on a document, the words, "Notary Public, State of Texas" around a star of five points, the notary public's name, <u>the notary public's identifying number</u>, and the date the notary public commission expires."

- **See Exhibit #9D**: **Book 1397/Page 888**: Certificate by Eva Messimino "…benefit and assistance in clarifying the chain of title thereto."

**COUNT X: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

10. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 62 above. The May 1, 2015 Assignment, DCRD Book 1375/Page 179, does not indicate that Carlie F. Speece signed the document of his free will, or that he signed in a representative capacity, making the documents materially defective, and the assignment void.

- **See Exhibit 3A: Book 1375/Page 179:** May 1, 2015 Assignment of Mortgage

- o **Book 1375/Page** 181 "…whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed."

- **See Exhibit #10B: 57 PA Cons Stat, §316(2):** For an acknowledgment in a representative capacity: "…who represented that (he/she or they) are authorized to act on behalf of _____(name of party on behalf of whom record was executed).

**COUNT XI: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Engaging in Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 183 §54B; and Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

11. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 63 above. The Acknowledgement of the May 12, 2015, filed with the DCRD, See Book 1375/Page 876, does not identify the company, a violation of Massachusetts and Texas notary requirements, making the documents materially defective, and the assignment void.

- **See Exhibit 4A: Book 1375/Page 876 ,** May 12, 2015 Acknowledgment

  - o **Book 1375/Page 876:** Name of "company" not listed on Acknowledgment

- **See Exhibit 5B**: **Texas 212.006(b)(4): [Notary Act of a Corporation]**: "In the case of a corporation by a corporate officer or agent, that the corporate officer or agent personally appeared before the officer taking the acknowledgment and that the corporate officer or agent acknowledged executing the instrument in the capacity stated, as the act of the corporation, for the purpose and consideration expressed in it."

**COUNT XII: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Material Breach of Contract; Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 183 §54B; and 57 PA §302(2) and §315(a)(2)(11). Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

12. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 64 above. The date on the May 12, 2015 Assignment of Mortgage filed with the DCRD Book 1375/Page 876, and the Acknowledgement [date] was inserted, and not dated by the ~~Pennsylvania notary public, Kathryn Marvel~~ Texas notary public, Celeste Christman, and the assignment void.

**COUNT XIII: Materially Defective Affidavit; Material Breach of Contract; Self-Dealing Transactions; Engaging in Unfair Methods; Fraudulent Misrepresentation; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 244, §15(f); Violation of G.L.c.93A, §2 and 9; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

13. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 65 above. In an affidavit regarding note secured by mortgaged to be foreclosed, DCRD Book 1397/Page 882, Rushmore Loan Management falsely stated it sent Mr. Vanderhoop information about his right to pursue a modified mortgage loan.

    - **See Exhibit 9A: Book 1397/Page 882:** *"Affidavit Regarding Note Secured by Mortgage to be Foreclosed."*

    - **See Exhibit 1**: **Chapter 244, §35B**: *Requirement of Reasonable Steps and Good Faith Effort to Avoid Foreclosing; Criteria' Notice of Right to Pursue Modified Mortgage' Recording of Affidavit of Compliance*

- **Chapter 244, §35B (c)**: "Under this section, for certain mortgage loans, the creditor shall end notice, concurrently with the notice required by subsection (g) of section is 35A, of the borrower's right to pursue a modified mortgage loan…A copy of said notice shall be filed with the attorney general."

**COUNT XIV: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Self-Dealing Transactions; Engaging in Unfair Methods; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 244, §15(f); Violation of Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

14. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 66 above. The February 14, 2018, Assignment of Mortgage, DCRD Book 1460/Page 550, did not state that Danna Brammer was signing in a representative capacity for defendant, making the documents materially defective, and the assignment void.

    - **See Exhibit 5A: Book 1460/Page 550:** February 14, 2018 Assignment of Mortgage

    - **See Exhibit 5B**: **Texas 212.006(b)(4)**: [Notary Act of a Corporation]: "In the case of a corporation by a corporate officer or agent, that the corporate officer or agent personally appeared before the officer taking the acknowledgment and that the corporate officer or agent acknowledged executing the instrument in the capacity stated, as the act of the corporation, for the purpose and consideration expressed in it."

**COUNT XV: Materially Defective Notarization of Mortgage; Patently Defective Acknowledgement; Self-Dealing Transactions; Engaging in Unfair Methods; Violation of G.L.c. 244 §35A, 35B, 35C; Violation of G.L.c. 93A §2 and §9; Violation of G.L.c. 244, §15(f); Violation of Texas Civil Practice and Remedies Code, §121.005; Violation of G.L.c. 222 §15; and Violation of G.L.c. 183 §29**

15. Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 67 above. The February 14, 2018 Assignment of Mortgage, DCRD Book 1460/Page 550, did not identify on the Acknowledgement how the individual signing the documents was known to the notary public, a violation of Massachusetts and Texas notary requirements, making the documents materially defective, and the assignment void.

December 11, 2018

Respectfully submitted,
MATTHEW VANDERHOOP
By his attorney,

"/s/"*Deborrah M. Doman*
Deborrah M. Dorman, Esq., #635729
Law Office of Deborrah M. Dorman
Post Office Box 944
Tisbury, MA 02568
(774) 563-0040
dormandmd@aol.com

**Exhibits Attached**