# EXHIBIT 1

**Part III**     COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES

**Title III**    REMEDIES RELATING TO REAL PROPERTY

**Chapter 244** FORECLOSURE AND REDEMPTION OF MORTGAGES

**Section 35B**  REQUIREMENT OF REASONABLE STEPS AND GOOD FAITH EFFORT TO AVOID FORECLOSURE; CRITERIA; NOTICE OF RIGHT TO PURSUE MODIFIED MORTGAGE; RECORDING OF AFFIDAVIT OF COMPLIANCE

Section 35B. (a) As used in this section, the following words shall, unless the context clearly requires otherwise, have the following meanings:?

"Affordable monthly payment", monthly payments on a mortgage loan, which, taking into account the borrower's current circumstances, including verifiable income, debts, assets and obligations enable a borrower to make the payments.

"Borrower", a mortgagor of a mortgage loan.

"Certain mortgage loan", a loan to a natural person made primarily for personal, family or household purposes secured wholly or partially by a mortgage on an owner-occupied residential property



with 1 or more of the following loan features: (i) an introductory interest rate granted for a period of 3 years or less and such introductory rate is at least 2 per cent lower than the fully indexed rate; (ii) interest-only payments for any period of time, except in the case where the mortgage loan is an open-end home equity line of credit or is a construction loan; (iii) a payment option feature, where any 1 of the payment options is less than principal and interest fully amortized over the life of the loan; (iv) the loan did not require full documentation of income or assets; (v) prepayment penalties that exceed section 56 of chapter 183 or applicable federal law; (vi) the loan was underwritten with a loan-to-value ratio at or above 90 per cent and the ratio of the borrower's debt, including all housing-related and recurring monthly debt, to the borrower's income exceeded 38 per cent; or (vii) the loan was underwritten as a component of a loan transaction, in which the combined loan-to-value ratio exceeded 95 per cent; provided, however, that a loan shall be a certain mortgage loan if, after the performance of reasonable due diligence, a creditor is unable to determine whether the loan has 1 or more of the loan features in clauses (i) to (vii), inclusive; and provided, further, that loans financed by the Massachusetts Housing Finance Agency, established in chapter 708 of the acts of 1966 and loans originated through programs administered by the Massachusetts Housing Partnership Fund board established in section 35 of chapter 405 of the acts of 1985 shall not be certain mortgage loans.



mortgage loans and the borrower shall be able to reasonably afford to repay the modified mortgage loan according to its scheduled payments. Notwithstanding section 63A of chapter 183, any modified mortgage loan may be made without the consent of the holders of junior encumbrances and without loss of priority for the full amount of the loan thereby modified and shall not be construed so as to grant to any such holder of a junior encumbrance rights which, except for said revision, the holder would not otherwise have.

(2) A creditor shall be presumed to have acted in good faith and to have complied with this subsection, if, prior to causing publication of notice of a foreclosure sale, as required by section 14, the creditor:

(i) determines a borrower's current ability to make an affordable monthly payment;

(ii) identifies a modified mortgage loan that achieves the borrower's affordable monthly payment, which may include 1 or more of the following: reduction in principal, reduction in interest rate or an increase in amortization period; provided, however, that the amortization period shall not be more than a 15?year increase; provided, further, that no modified mortgage loan shall have an amortization period that exceeds 45 years;

(iii) conducts a compliant analysis comparing the net present value of the modified mortgage loan and the creditor's anticipated net recovery that would result from foreclosure; provided, that the



analysis shall be compliant if the analysis is in accordance with the formula presented in at least 1 of the following: (A) the Home Affordable Modification Program; (B) the Federal Deposit Insurance Corporation's Loan Modification Program; (C) any modification program that a lender uses which is based on accepted principles and the safety and soundness of the institution and authorized by the National Credit Union Administration, the division of banks or any other instrumentality of the commonwealth; (D) the Federal Housing Administration; or (E) a similar federal loan modification plan; and

(iv) either (A) in all circumstances where the net present value of the modified mortgage loan exceeds the anticipated net recovery at foreclosure, agrees to modify the loan in a manner that provides for the affordable monthly payment; or (B) in circumstances where the net present value of the modified mortgage loan is less than the anticipated net recovery of the foreclosure, or does not meet the borrower's affordable monthly payment, notifies the borrower that no modified mortgage loan will be offered and provides a written summary of the creditor's net present value analysis and the borrower's current ability to make monthly payments, after which the creditor may proceed with the foreclosure process in conformity with this chapter.

(c) Under this section, for certain mortgage loans, the creditor shall send notice, concurrently with the notice required by subsection (g) of section 35A, of the borrower's rights to pursue a modified mortgage loan. Said notice shall be considered delivered



to the borrower when sent by first class mail and certified mail or similar service by a private carrier to the borrower at the borrower's address last known to the mortgagee or anyone holding thereunder. A copy of said notice shall be filed with the attorney general. The process for determining whether a modified mortgage loan is offered shall take no longer than 150 days. Not more than 30 days following delivery of the notice as provided for in this subsection, a borrower who holds a certain mortgage loan shall notify a creditor of: (i) the borrower's intent to pursue a modified mortgage loan which shall include a statement of the borrower's income and a complete list of total debts and obligations, as requested by the creditor, at the time of receipt of the notice; (ii) the borrower's intent to pursue an alternative to foreclosure, including a short sale or deed-in-lieu of foreclosure; (iii) the borrower's intent not to pursue a modified mortgage loan and pursue the right to cure period described in section 35A; or (iv) the borrower's intent to waive the right to cure period and proceed to foreclosure. A borrower who holds a certain mortgage loan and fails to respond to the creditor within 30 days of delivery of the notice provided for in this subsection shall be considered to have forfeited the right to cure period and shall be subject to a right to cure period of 90 days. A borrower shall be presumed to have notified the creditor if the borrower provides proof of delivery through the United States Postal Service or similar carrier. Not more than 30 days following receipt of the borrower's notification that the borrower intends to pursue a modified

(7)