# EXHIBIT 3A

# Dukes County Registry of Deeds

# Electronically Recorded Document

This is the first page of the document - Do not remove

---

## Recording Information

| | |
|---|---|
| Document Number | : 2549 |
| Document Type | : ASM |
| Recorded Date | : May 01, 2015 |
| Recorded Time | : 04:23:35 PM |
| Recorded Book and Page | : 01375 / 179 |
| Number of Pages(including cover sheet) | : 3 |
| Receipt Number | : 161360 |
| Recording Fee | : $75.00 |

Dukes County Registry of Deeds
Dianne E. Powers, Register
81 Main Street
PO Box 5231
Edgartown, MA 02539
508-627-4025
www.Masslandrecords.com

KASOTA SANTANDER-PRIV
VANDERHOOF MTGL
826886540

Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928
Loan: 15331839
Client ID: GS/AOL

## ASSIGNMENT OF MORTGAGE

**FOR VALUE RECEIVED**, SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK, ITS SUCCESSORS AND ASSIGNS, whose address is 601 Penn Street, Reading, PA 19601, does hereby assign and transfer to MTGLQ INVESTORS, L.P., whose address is c/o The Goldman Sachs Group, Inc., 6011 Connection Drive, 5th Floor, Irving, TX 75039, all its right, title and interest in and to the described Mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by MATTHEW J. VANDERHOOF to SOVEREIGN BANK for $850,000.00 dated 4/24/2007 of record on 4/30/2007 in Book 1119 Page 298 at Document Number 2007 00003136, in the DUKES County Clerk's Office, State of MASSACHUSETTS.

Property Address: 17 OLD SOUTH RD, AQUINNAH, MASSACHUSETTS 02535

Executed this 9/9/14

SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK

By: CARLIE F. SPEECE
Title: ASSISTANT VICE PRESIDENT

# ACKNOWLEDGMENT

STATE OF PENNSYLVANIA

COUNTY OF BERKS

Before me, the undersigned officer, on this day, personally appeared CARLIE F. SPEECE the ASSISTANT VICE PRESIDENT of SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK, ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this 9/9/14

[signature]

Notary Public in and for the State of PENNSYLVANIA
Notary's Printed Name: Kathryn Marvel
My Commission Expires: 10-4-15

For $850,000.00 dated 4/24/2007

# 1533/839

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathryn Marvel, Notary Public
City of Reading, Berks County
My Commission Expires Oct. 4, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

ATTEST: Dianne E. Powers, Register

# EXHIBIT 3B

NOTARIES PUBLIC (57 Pa.C.S.)
CHAPTER 3
REVISED UNIFORM LAW ON NOTARIAL ACTS

Section
301. Short title of chapter.
302. Definitions.
303. Applicability.
304. Authority to perform notarial act.
305. Requirements for certain notarial acts.
306. Personal appearance required.
307. Identification of individual.
308. Authority to refuse to perform notarial act.
309. Signature if individual unable to sign (Reserved).
310. Notarial act in this Commonwealth.
311. Notarial act in another state.
312. Notarial act under authority of federally recognized Indian tribe.
313. Notarial act under Federal authority.
314. Foreign notarial act.
315. Certificate of notarial act.
316. Short form certificates.
317. Official stamp.
318. Stamping device.
319. Journal.
320. Notification regarding performance of notarial act on electronic record; selection of technology.
321. Appointment and commission as notary public; qualifications; no immunity or benefit.
322. Examination, basic education and continuing education.
323. Sanctions.
324. Database of notaries public.
325. Prohibited acts.
326. Validity of notarial acts.
327. Regulations.
328. Notary public commission in effect.
329. Savings clause.
329.1. Fees of notaries public.
330. Uniformity of application and construction.
331. Relation to Electronic Signatures in Global and National Commerce Act.

§ 301. Short title of chapter.
This chapter shall be known and may be cited as the Revised Uniform Law on Notarial Acts.

§ 302. Definitions.
The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

"Acknowledgment." A declaration by an individual before a notarial officer that:

1

(1) the individual has signed a record for the purpose stated in the record; and
(2) if the record is signed in a representative capacity, the individual signed the record with proper authority and signed it as the act of the individual or entity identified in the record.

"Bureau." The Bureau of Commissions, Elections and Legislation.

"Conviction." Whether or not judgment of sentence has been imposed, any of the following:
 (1) An entry of a plea of guilty or nolo contendere.
 (2) A guilty verdict, whether after trial by judge or by jury.
 (3) A finding of not guilty due to insanity or of guilty but mentally ill.

"Department." The Department of State of the Commonwealth.

"Electronic." Relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities.

"Electronic signature." An electronic symbol, sound or process attached to or logically associated with a record and executed or adopted by an individual with the intent to sign the record.

"In a representative capacity." Acting as:
 (1) an authorized officer, agent, partner, trustee or other representative for a person other than an individual;
 (2) a public officer, personal representative, guardian or other representative, in the capacity stated in a record;
 (3) an agent or attorney-in-fact for a principal; or
 (4) an authorized representative of another in any other capacity.

"Notarial act." An act, whether performed with respect to a tangible or electronic record, that a notarial officer may perform under the laws of this Commonwealth. The term includes:
 (1) taking an acknowledgment;
 (2) administering an oath or affirmation;
 (3) taking a verification on oath or affirmation;
 (4) witnessing or attesting a signature;
 (5) certifying or attesting a copy or deposition; and
 (6) noting a protest of a negotiable instrument.

"Notarial officer." A notary public or other individual authorized to perform a notarial act.

"Notary public." An individual commissioned to perform a notarial act by the department.

"Official stamp." A physical image affixed to or embossed on a tangible record or an electronic image attached to or logically associated with an electronic record. The term includes a notary seal.

"Person." Any of the following:
 (1) Any individual, corporation, business trust, statutory trust, estate, trust, partnership, limited liability company, association, joint venture or public corporation.
 (2) A government or governmental subdivision, agency or instrumentality.
 (3) Any other legal or commercial entity.

"Record." Information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

"Recorder of deeds." A county recorder of deeds or an official with similar duties and responsibilities. The term includes the commissioner of records of a county of the first class and the manager of the department of real estate of a county of the second class.

"Secretary." The Secretary of the Commonwealth.

"Sign." With present intent to authenticate or adopt a record:

2

(1) This subsection applies to a notarial act:
   (i) performed under authority and in the jurisdiction of a foreign state or constituent unit of the foreign state; or
   (ii) performed under the authority of a multinational or international governmental organization.
(2) A notarial act under paragraph (1) has the same effect under the law of this Commonwealth as if performed by a notarial officer of this Commonwealth.
(c) Conclusive establishment.--If the title of office and indication of authority to perform notarial acts in a foreign state appears in a digest of foreign law or in a list customarily used as a source for that information, the authority of an officer with that title to perform notarial acts is conclusively established.
(d) Prima facie evidence.--The signature and official stamp of an individual holding an office described in subsection (c) are prima facie evidence that:
   (1) the signature is genuine; and
   (2) the individual holds the designated title.
(e) Hague Convention.--
   (1) This subsection applies to an apostille which is:
      (i) in the form prescribed by the Hague Convention of October 5, 1961; and
      (ii) issued by a foreign state party to the Hague Convention.
   (2) An apostille under paragraph (1) conclusively establishes that:
      (i) the signature of the notarial officer is genuine; and
      (ii) the notarial officer holds the indicated office.
(f) Consular authentications.--
   (1) This subsection applies to a consular authentication:
      (i) issued by an individual designated by the United States Department of State as a notarizing officer for performing notarial acts overseas; and
      (ii) attached to the record with respect to which the notarial act is performed.
   (2) A consular authentication under paragraph (1) conclusively establishes that:
      (i) the signature of the notarial officer is genuine; and
      (ii) the notarial officer holds the indicated office.
(g) Definition.--As used in this section, the term "foreign state" means a government other than the United States, a state or a federally recognized Indian tribe.

§ 315. Certificate of notarial act.
(a) **Requirements.--**
   (1) A notarial act shall be evidenced by a certificate.
   (2) **Regardless of whether the notarial officer is a notary public, the certificate must:**
      (i) be executed contemporaneously with the performance of the notarial act;
      (ii) **be signed and dated by the notarial officer;**
      (iii) identify the county and State in which the notarial act is performed; and
      (iv) contain the title of office of the notarial officer.
   (3) If the notarial officer is a notary public, all of the following subparagraphs apply:
      (i) The notary public must:
         (A) sign the notary public's name exactly and only as it appears on the commission; or
         (B) execute the notary public's electronic signature in a manner which attributes the signature to the notary public identified in the commission.

7

(ii) The certificate must indicate the date of expiration of the notarial officer's commission.

(b) Official stamp.--

(1) If a notarial act regarding a tangible record is performed by a notary public, an official stamp shall be affixed to the certificate near the notary public's signature in a form capable of photographic reproduction.

(2) If a notarial act is performed regarding a tangible record by a notarial officer other than a notary public and the certificate contains the information specified in subsection (a)(2)(ii), (iii) and (iv), an official stamp may be affixed to the certificate.

(3) If a notarial act regarding an electronic record is performed by a notary public and the certificate contains the information specified in subsection (a)(2)(ii), (iii) and (iv), an official stamp may be attached to or logically associated with the certificate.

(4) If a notarial act regarding an electronic record is performed by a notarial officer other than a notary public and the certificate contains the information specified in subsection (a)(2)(ii), (iii) and (iv), an official stamp may be attached to or logically associated with the certificate.

(c) Sufficiency.--A certificate of a notarial act is sufficient if it meets the requirements of subsections (a) and (b) and:

(1) is in a short form set forth in section 316 (relating to short form certificates);

(2) is in a form otherwise permitted by a statutory provision;

(3) is in a form permitted by the law applicable in the jurisdiction in which the notarial act was performed; or

(4) sets forth the actions of the notarial officer and the actions are sufficient to meet the requirements of the notarial act as provided in:

(i) sections 305 (relating to requirements for certain notarial acts), 306 (relating to personal appearance required) and 307 (relating to identification of individual); or

(ii) a statutory provision other than this chapter.

(d) Effect.--By executing a certificate of a notarial act, a notarial officer certifies that the notarial officer has complied with the requirements and made the determinations specified in sections 304 (relating to authority to perform notarial act), 305 and 306.

(e) Prohibition.--A notarial officer may not affix the notarial officer's signature to or logically associate it with a certificate until the notarial act has been performed.

(f) Process.--

(1) If a notarial act is performed regarding a tangible record, a certificate shall be part of or securely attached to the record.

(2) If a notarial act is performed regarding an electronic record, the certificate shall be affixed to or logically associated with the electronic record.

(3) If the department has established standards under section 327 (relating to regulations) for attaching, affixing or logically associating the certificate, the process must conform to the standards.

§ 316. Short form certificates.

The following short form certificates of notarial acts are sufficient for the purposes indicated if completed with the information required by section 315(a) and (b) (relating to certificate of notarial act):

**(1) For an acknowledgment in an individual capacity:**

State of _____
County of _____

This record was acknowledged before me on _____ (date)
by _____ (name(s) of individual(s))

_____
Signature of notarial officer
Stamp

Title of office _____
My commission expires: _____

**(2) For an acknowledgment in a representative capacity:**

State of _____
County of _____
This record was acknowledged before me on _____ (date)
by _____ (name(s) of individual(s))
as _____ (type of authority, such as officer or trustee)
who represent that (he, she or they) are authorized to act on behalf of
_____ (name of party on behalf of whom record was executed).

_____
Signature of notarial officer
Stamp

Title of office _____
My commission expires: _____

(2.1) For an acknowledgment by an attorney at law pursuant to 42 Pa.C.S. § 327 (relating to oaths and acknowledgments):

State of _____
County of _____

This record was acknowledged before me on _____ (date)
by _____ (name of attorney) Supreme Court identification number _____ as a member of the bar of the Pennsylvania Supreme Court certified that he/she was personally present when _____ (name(s) of individual(s)) executed the record and that _____ (name(s) of individual(s)) executed the record for the purposes contained therein.

_____
Signature of notarial officer
Stamp