UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

**MOTION OF WILMINGTON SAVINGS TO STRIKE PLAINTIFF'S
SUPPLEMENTAL MOTION FOR DISCOVERY**

IN HIS SUPPLEMENTAL MOTION FOR DISCOVERY, Matthew Vanderhoop (the "Plaintiff") attempts to circumvent Fed. R. Civ. P. 15(a)(1) by filing a second amended complaint. Wilmington Savings, as defined below, timely moved to dismiss Plaintiff's amended complaint because Plaintiff fails to allege both cognizable claims as well as facts to support them. In his discovery motion, Plaintiff not only fails to comply with the Federal Rules of Civil Procedure but also fails to comply with an order of this Court. For these reasons, this Court should strike Plaintiff's Supplemental Motion for Discovery.

**Statement of Material Facts**

**The Complaint**

1. On August 22, 2018, the Plaintiff filed a complaint (the "Complaint") with the Superior Court (Dukes County) for the Commonwealth of Massachusetts (the "State Court"), commencing the above-captioned action.

2. In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("Wilmington Savings") from foreclosing its Mortgage on the Property.

3. On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446.

4. On October 15, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Complaint (the "Motion to Dismiss") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

5. On November 13, 2018, after hearing, the Court denied the Motion to Dismiss without prejudice to its renewal. The Court ordered (the "Order") the Plaintiff to file an amended complaint by November 29, 2018, scheduled Defendants' response due by December 11, 2018, and permitted supplemental filings on issues raised at the hearing to be filed by December 11, 2018. Doc. No. 16.

6. On November 29, 2018, Plaintiff filed his first amended complaint (the "Amended Complaint").

7. On December 11, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Amended Complaint (the "Motion to Dismiss Amended Complaint") as well as its supporting memorandum of law requesting that the Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

8. On December 12, 2018, in contravention of the Order, Plaintiff filed his Supplemental Motion for Discovery Plaintiff's Supplemental Evidence (the "Motion for Discovery"). Doc. No. 21.

**Conclusions of Law**

    **1.  Plaintiff Did Not Request Leave of Court to File a Second Amended Complaint**

    9.    In his Motion for Discovery, Plaintiff completely disregards Fed. R. Civ. P. 15 and seeks to amend unilaterally his first Amended Complaint.  The rule is "[a] party may amend its pleadings once 'as a matter of course' within 21 days after filing or 21 days after a responsive pleading or motion has been filed."  Fed. R. Civ. P. 15(a)(1).  All other amendments before trial may only be made "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The rules encourage the court to "freely give leave when justice so requires."  Id.  "Unless there is good reason to deny leave to amend, such as undue delay, bad faith, dilatory motive on the part of the movant or futility of the amendment, the leave should be granted."  Grant v. News Grp. Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).  The Motion for Discovery is essentially an incomplete second amended complaint despite being captioned "Supplemental Motion for Discovery Plaintiff's Supplemental Evidence."  Doc. No. 21.  The Motion for Discovery attempts to correct inaccurate information in counts IV and XII while also attempting to insert additional facts into all counts.  As Plaintiff has already filed an Amended Complaint on November 29, 2018, the Plaintiff must request leave of court or obtain consent from Wilmington Savings.  Fed. R. Civ. P. 15(a)(2).  Because Plaintiff has failed to do either, the Court should strike the Motion for Discovery.

    **2.  Plaintiff Has Failed to Timely Comply with a Court Order**

    10.    The Court should strike Plaintiff's Motion for Discovery as Plaintiff failed to timely comply with the Order.  If a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order, "a defendant may move to dismiss the action or any claim against it."

Fed. R. Civ. P. 41(b). "The choice of sanctions for failing to comply with a court order lies with the district court." Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990). In deciding whether to dismiss a claim under Rule 41(b), "the power of the court to prevent undue delays must be weighed against the policy of the law favoring the disposition of cases on the merits." Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971). On November 13, 2018, the Court ordered Plaintiff to file an amended complaint by November 29, 2018 and permitted supplemental filings on issues raised at the hearing no later than December 11, 2018. Doc. No. 16. Despite Plaintiff's Certificate of Service dated December 11, 2018, Plaintiff's Motion for Discovery was filed on December 12, 2018. Doc. Nos. 21 and 22. The Plaintiff has filed a Complaint, an Amended Complaint and was given 28 days to file supplemental pleadings. Plaintiff's latest filing is untimely. For these reasons, the Court should strike Plaintiff's Motion for Discovery.

## Relief Requested

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Striking Plaintiff's Motion for Discovery; and
2. Granting Wilmington Savings such other and further relief as is just and proper.

        Respectfully submitted,

        WILMINGTON SAVINGS FUND SOCIETY
        FSB, D/B/A CHRISTIANA TRUST, NOT IN
        ITS INDIVIDUAL CAPACITY, BUT
        SOLELY AS TRUSTEE FOR
        BCAT 2014-10TT,

        By its attorneys,

        /s/ *Aaron A. Fredericks, Esq.*
        Richard C. Demerle, Esq. (BBO#652242)
        Aaron A. Fredericks, Esq. (BBO#688412)
        Sassoon & Cymrot, LLP
        84 State Street
        Boston, MA 02109
        (617) 720-0099
        AFredericks@SassoonCymrot.com

DATE: December 12, 2018