**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| MATTHEW VANDERHOOP,<br>      Plaintiff<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY FSB, D/B/A CHRISTIANA<br>TRUST, NOT IN ITS INDIVIDUAL<br>CAPACITY, BUT SOLELY AS<br>TRUSTEE FOR BCAT 2014-10TT,<br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:18-CV-11924-FDS |

**MOTION FOR DEFAULT OF DEFENDANT FOR FAILURE
TO FILE AN ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, Mr. Matthew Vanderhoop, in the above-identified case, to request that this Honorable Court hold defendant, Wilmington Savings Fund Society FS, D/B/A Christiana Trust, not in its Individual Capacity, but solely as trustee for BCAT 2014-10TT, hereinafter "WSFS," in default for failure to file an answer, as of the date of this motion, to either Plaintiff's Complaint, filed on August 22, 2018, or to Plaintiff's First Amended Complaint, filed with this court on November 29, 2018. At this point in the litigation, default, though drastic, is the only appropriate and just response to defendant's willful failure to provide Mr. Vanderhoop with an answer to his complaint, as is required.

In support of this Motion, Mr. Vanderhoop states that he has alleged sufficient facts in both his August 22, 2018, original *Complaint* as well as in his November 29, 2018, *First Amended Complaint* that have facial plausibility, and that allege legally cognizable injuries, upon which relief can be granted.

Defendant's refusal to answer Mr. Vanderhoop's Complaint five (5) months after plaintiff's initial request and 30 days after the filing of plaintiff's November 29, 2018 First

Amended Complaint, is manifestly unjust, prejudicial to Mr. Vanderhoop, has created unreasonably difficulties for the plaintiff, and despite legal protections to the contrary, unfairly denied Mr. Vanderhoop the critical information that defendant's answers could provide in order for Mr. Vanderhoop to effectively prepare his legal strategy, or accurately assess his litigation theories in this case.

Mr. Vanderhoop further states that:

1. On August 22, 2018, Mr. Vanderhoop filed in the Edgartown Superior Court (ESC), Edgartown, Massachusetts, and served defendant's attorney in hand on the same day, a *Complaint and Motion for Temporary Restraining Injunction for Protection from an Unlawful Foreclosure of His Home, G.L.c. 244, §35B,* and an *Affidavit from Mr. Vanderhoop in Support of his Complaint and Motion.*

2. The ESC August 22, 2018 summons required defendant to file an answer to plaintiff, "within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you." The temporary restraining injunction, returnable on September 4, 2018, docket number 1874-CV-00034. According to the summons, defendant was prohibited "from conducting a Foreclosure Auction of 17 South Road in Aquinnah, Massachusetts."

3. Unfortunately, the court's August 22, 2018, temporary restraining injunction has not prevented the defendant from scheduling five (5) foreclosure auction sales of Mr. Vanderhoop's home on September 26, 2018; October 23, 2018; November 14, 2018; and December 21, 2018.

4. On September 5, 2018, Julie Ranieri, Esq., filed a Notice of Appearance on behalf of defendant with the ESC, and one week later, on September 11, 2012, Aaron Fredericks, Esq., filed a Notice of Appearance on behalf of the defendant, along with a Notice of Removal, that <u>incorrectly</u> represented to the court that there were no "motions pending in the state court requiring the attention of this [Federal] court."

5. On September 12, 2018, Judge F. Dennis Saylor IV was assigned this case, docket number 1:18-CV-11924-FDS.

6. On September 24, 2018, a notary public for the state of Delaware, *again* served upon defendant, in hand, at its corporate headquarters in Wilmington Delaware, summons, TRO, Complaint, Motion, and affidavit in support thereof, with defendant's obligated to file an answer with plaintiff's attorney within 20 days from receipt of service, October 15, 2018.

7. October 15, 2018, Defendant filed (tardy: after 6:00 PM) Defendant's Motion to Dismiss for Failure to State a Claim; Memorandum of Law in Support of Motion to Dismiss filed with eight (8) Exhibits.

8. On October 30, 2018, Plaintiff filed an Opposition to Defendant's Motion to Dismiss and certificate of service.

9. On November 13, 2018, Defendant's motion to dismiss was denied; and on November 29, 2018, Plaintiff filed First Amended Complaint.

10. On December 11, 2018 (tardy: filed after 6:00 PM) Defendant, again file a Motion to Dismiss for Failure to State a Claim, but did not file an answer to plaintiff's complaint.

11. On December 19, 2018, a motion hearing proceeding was held before Judge Saylor on defendant's Motion to Dismiss for Failure at State a Claim. "Court took the motion under advisement. Court will permit supplemental filing by 1/3/2019."

12. As of January 3 2019, over 30 days since Mr. Vanderhoop filed his First Amended Complaint, defendant still has not answered Mr. Vanderhoop's complaint, a violation of both the federal and state laws of the Commonwealth of Massachusetts, and Mr. Vanderhoop is entitled to a judgment by default.

The attention of the Court is respectfully directed to Mr. Vanderhoop's *Memorandum of Law in Support of his Motion for Default of Defendant for Failure to File Answers to Plaintiff's Complaint.*

WHEREFORE, Mr. Vanderhoop respectfully request that this Honorable Court enter a Judgment against defendant for failure to answer plaintiff's Complaint and First Amended Complaint, and for any other such relief as it appropriate.

January 3, 2019

Respectfully submitted,
MATTHEW VANDERHOP
By his attorney,


"/s/"*Deborrah M. Doman*
Deborrah M. Dorman, Esq., #635729
Law Office of Deborrah M. Dorman
Post Office Box 944
Tisbury, MA 02568
(774) 563-0040
dormandmd@aol.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MATTHEW VANDERHOOP,** </br>      **Plaintiff** </br> </br> **v.** </br> </br> **WILMINGTON SAVINGS FUND** </br> **SOCIETY FSB, D/B/A CHRISTIANA** </br> **TRUST, NOT IN ITS INDIVIDUAL** </br> **CAPACITY, BUT SOLELY AS** </br> **TRUSTEE FOR BCAT 2014-10TT,** </br>      **Defendant** | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) **CIVIL ACTION NO. 1:18-CV-11924-FDS** </br> ) </br> ) </br> ) </br> ) </br> ) |

## **CERTIFICATE OF SERVICE**

I, Deborrah M. Dorman, certify that *Plaintiff's Motion for Default of Defendant for Failure to File an Answer to Plaintiff's Amended Complaint* was sent today, January 3, 2019, through the ECF system to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

January 3, 2011                                         Respectfully submitted,


                                                        "/s/"*Deborrah M. Dorman*
                                                        Deborrah M. Dorman, Esq., #635729
                                                        Law Office of Deborrah M. Dorman
                                                        Post Office Box 944
                                                        Tisbury, MA 02568
                                                        (774) 563-0040
                                                        dormandmd@aol.com