UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>Plaintiff<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY FSB, D/B/A CHRISTIANA<br>TRUST, NOT IN ITS INDIVIDUAL<br>CAPACITY, BUT SOLELY AS<br>TRUSTEE FOR BCAT 2014-10TT,<br>Defendant | CIVIL ACTION NO. 1:18-CV-11924-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT OF
DEFENDANT FOR FAILURE TO FILE AN ANSWER
TO PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, Mr. Matthew Vanderhoop, in the above-identified case, to request that this Honorable Court hold defendant, Wilmington Savings Fund Society FS, D/B/A Christiana Trust, not in its Individual Capacity, but solely as trustee for BCAT 2014-10TT, hereinafter "WSFS," in default for failure to answer Plaintiff's Complaint.

**BACKGROUND**

On August 22, 2018, plaintiff filed in Edgartown Superior Court (ESC), and served defendant's attorney in hand, a *Complaint and Motion for Temporary Restraining Injunction for Protection from an Unlawful Foreclosure of His Home, G.L.c. 244, Sec. 35B*. On September 5, 2018, Attorney Julie Ranieri filled a notice of appearance as defendant's counsel, until one week later, when Attorney Aaron Fredericks filed a notice of appearance on behalf of defendant, moved the case to this honorable court, and incorrectly stated on the Notice of Removal that there were no "motions pending in the state court requiring the attention of the Court."

On September 24, 2018, Mr. Vanderhoop caused to be served upon defendant, again, in hand, at its corporate office in Wilmington, Delaware, by a Delaware notary public, summons,

1

TRO, Complaint, and Motion with affidavit in support. October 15, 2018, Defendant filed electronically (after 6:00 PM) *Defendant's Motion to Dismiss for Failure to State a Claim; Memorandum of Law in Support of Motion to Dismiss*, along with eight (8) Exhibits, said motion denied on November 13, 2018. "As stated on the record, Court denied the motion without prejudice to its renewal. Court set the following deadlines: Plaintiff to file an amended complaint by 11/29/2018, Defendant's response due 12/11/2018; Court will permit supplemental filings on issues raise at the hearing by 12/11/2018…"

Mr. Vanderhoop filed the First Amended Complaint November 29, 2018, and defendant did not file a required answer, and instead, defendant, again, responded to Mr. Vanderhoop's complaint by filing on December 11, 2018 (after 6:00 PM) another Motion to Dismiss for Failure to State a Claim, a motion that this court has indicated that it would take "under advisement" and permit supplemental filing by 1/3/2019.

As of January 3 2019, thirty (30) days after Mr. Vanderhoop filed his First Amended Complaint, defendant has not filed an answer to either Mr. Vanderhoop's Original Complaint, filed on August 22, 2018, or to Mr. Vanderhoop's First Amended Complaint, filed on November 29, 2018.

Clearly defendant is required to file with the court an answer to Mr. Vanderhoop's first amended complaint, filed November 29, 2018, over 30 days ago. Opposition has wrongly claimed that Rule 12 governs the issue of whether defendant must answer Mr. Vanderhoop's complaint. However, the tolling provisions found in F.R.P. 12 only applies to the timing of responses filed under Rule 12, in answering the original complaint. "Response to amended complaint is governed by Rule 15 that does not provide for tolling…The language of the rule is unambiguous: Rule 12(a)(14) does not extend the time for filing an answer to an amended complaint when the time remaining or a response to the original pleading has elapsed." General Mills v. Kraft Food, 495 F.3d 1378. Rule 15, not Rule 12 sets out the requirements for amended and supplemental pleadings.

Defendant's failure to file an answer to Mr. Vanderhoop's First Amended Complaint highlights an obstructionist adversary who has unfairly created identifiable difficulties for the plaintiff to effectively and fairly litigate his case. Without an answer to either his August 22, 2018, original complaint or his November 29, 2018, First Amended Complaint, Mr. Vanderhoop is without a bare answer to any of the issues he has raised in his complaints, and is prejudiced by his inability to develop a record by which to argue his case.

Defendant, by refusing to answer Mr. Vanderhoop's complaint is denying plaintiff critical information needed to develop and prepare a credible legal strategy, and is manifestly unjust. "Obviously these purposes are ill-served when a party is informed…that he must establish facts for which he has no reason to suspect additional proof would be required." Reynolds Aluminum Building Products Co. v. Leonard, 395 Mass. 255, 256 (June 1985).

Mr. Vanderhoop's attempts at discovery have been substantially impeded, by defendant's refusal to answer the complaint, and plaintiff is unable to formulate a theory of his case and ascertain what defenses defendant may have or to substantiate any of the allegations in the complaint. "Rule 15 and the due process for which is provides, however, demands a more reliable and orderly course." Nelson v. Adams, 529 U.S. 460, 467 (2000).

Defendant's failure to file an answer to Mr. Vanderhoop's complaint has also hampered the legitimate functioning of this court, and denied it the ability to make a factual finding, based on the incomplete pleadings in this case, to the detriment of the plaintiff, as plaintiff has been denied the answer to his complaint, and the case cannot be decided on the merits based on the pleadings. "We take it that a motion to dismiss is not a responsive pleading within the meaning of Mass.R.Civ.P. 15(a)." National Equity Properties, Inc. v. Hanover Ins., 74 Mass.App.Ct. 917, 918 (July 2009).

While defendant has filed two motions to dismiss in this case, "Motions are not considered pleadings." Wine v. Tak Hing Wu, 46 Mass.App.Ct. 931, 933. See Mass.R.Civ.P. 7(b), 365 Mass. 748 (1974) and Reporter's notes to Mass.R.Civ.P. 15, Mass. Ann. Laws, Rules of Civil Procedure 424 (Lexis 1997), note 7 (1999). Accordingly Rule 15 both conveys the

circumstances under which leave to amend shall be granted and directs how the litigation shall move forward following an amendment." **Nelson v. Adams,** 529 U.S. 460, 466 (2000).

A default against the defendant is the only appropriate sanction for its willful failure to file answer Mr. Vanderhoop's First Amended Complaint. A default and corresponding default judgment is proper after a defendant fails to answer the complaint. See Fed.R.Civ.P. 55(a). "Defendant's filing of a motion to dismiss does not toll the deadline for filing an answer or counterclaim to an amended complaint unless the motion to dismiss is filed before the date that the original answer would have been due." **General Mills v. Kraft Food**, 495 F.3d 1378 (Fed. Cir. 2007).

"Although default is an extreme sanction 'reluctantly imposed…'" **Cicchise v. Tape Time Corp**., 28 Mass. App. Ct. 72, 74 (1989), quoting Kenney v. Rust, 17 Mass.App.Ct. 699, 703 (1984), defendant's conduct was egregious and Mr. Vanderhoop has been prejudiced, and defaulting the defendant is in the trial judge's inherent powers, and should be imposed based on the length of time the defendant has denied plaintiff an answer to his complaint and the failure of the defendant to ask for additional time.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Rule 55(a) of the Massachusetts Rules of Civil Procedure provides that a defense failing to answer a complaint in timely fashion shall be defaulted**." Cicchise v. Tape Time Corp**., 28 Mass. App. Ct. 72, 74 (1989).

WHEREFORE, Mr. Vanderhoop respectfully request that this honorable court enter a default judgment against defendant for his willful and manifestly unjust refusal to follow the legal requirements of the state and federal courts of the Commonwealth of Massachusetts, to provide Mr. Vanderhoop with answers to his complaint, and for any other such relief as is warranted and appropriate. The defendant has not responded to a properly served complaint, and summons of a court, and a default judgment, though drastic is the appropriate and indeed only recourse.

January 3, 2019                                         Respectfully submitted,
                                                        MATTHEW VANDERHOP
                                                        By his attorney,


                                                        "/s/"*Deborrah M. Doman*
                                                        Deborrah M. Dorman, Esq., #635729
                                                        Law Office of Deborrah M. Dorman
                                                        Post Office Box 944
                                                        Tisbury, MA 02568
                                                        (774) 563-0040
                                                        dormandmd@aol.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MATTHEW VANDERHOOP,**<br>    **Plaintiff** | )<br>)<br>)<br>) |  |
| **v.** | )<br>) |  |
| **WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,**<br>    **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. 1:18-CV-11924-FDS** |

### CERTIFICATE OF SERVICE

I, Deborrah M. Dorman, certify that *Plaintiff's Memorandum in Support of Motion for Default of Defendant for Failure to File an Answer to Plaintiff's Amended Complaint* was sent today, January 3, 2019, through the ECF system to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


January 3, 2019                                         Respectfully submitted,


                                                        "/s/"*Deborrah M. Dorman*
                                                        Deborrah M. Dorman, Esq., #635729
                                                        Law Office of Deborrah M. Dorman
                                                        Post Office Box 944
                                                        Tisbury, MA 02568
                                                        (774) 563-0040
                                                        dormandmd@aol.com