**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MATTHEW VANDERHOOP, <br>     Plaintiff <br><br> V <br><br> WILMINGTON SAVINGS FUND <br> SOCIETY FSB, CHRISTIANA <br> TRUST, NOT IN ITS INDIVIDUAL <br> CAPACITY, BUT SOLELY AS <br> TRUSTEE FOR BCAT 2014-10TT, <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:18-CV-11924-FDS |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

**I.   INTRODUCTION**

Plaintiff, Matthew Vanderhoop, (hereinafter "Mr. Vanderhoop"), hereby submits this *Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint*, and in support of Mr. Vanderhoop's *Motion in Opposition to Defendant's Motion to Dismiss*.

Mr. Vanderhoop filed his original complaint, *Complaint and Motion for Temporary Restraining Injunction for Protection from an Unlawful Foreclosure Auction of His Home, G.L.c.244, Sec. 35B*, in Edgartown Superior Court on August 22, 2018. Defendant responded to plaintiff's complaint on October 15, 2018, with a motion to dismiss for failure to state a claim. Defendant's motion was denied by this Honorable Court on November 13, 2018. Mr. Vanderhoop, with leave of this court, filed an Amended Complaint on November 29, 2019, and the defendant has again, filed a motion

1

to dismiss, but no answer to Mr. Vanderhoop's amended complaint. The court is taking defendant's motion to dismiss under advisement.

Mr. Vanderhoop's Amended Complaint contains "factual allegations plausibly suggesting ('not merely consistent with') an entitlement to relief." Joseph Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. William Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed. 2d 929 (2007). And, Defendant's *Motion to Dismiss* should be denied.

Mr. Vanderhoop's *Amended Complaint* alleges that defendant did not provide Mr. Vanderhoop with an opportunity to modify his "certain" mortgage, as is required by M.G.L.c.244, Sec. 35B. The majority of the many affidavits that defendant has introduced with this motion to dismiss are not legally binding upon this forum, because they did adhere to neither Massachusetts notary laws, nor to the notary laws in Texas or Pennsylvania, where the affidavits and/or acknowledgments were executed.

Further, defendant, in an attempt to justify his motion to dismiss, has submitted as exhibits, two letters alleged sent to Mr. Vanderhoop, both on the same day, from "Selene Finance," discussing Mr. Vanderhoop's mortgage. At the time, however, Wilmington Savings Fund Society FSB, Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-10TT, the defendant in this case, held the mortgage on Mr. Vanderhoop's property. The letter are not written on defendant's letterhead, do not state anywhere in the body of the letters that they are sent on behalf of defendant, and fail, miserably, to meet the minimum standards of due process required in the Commonwealth of Massachusetts.

II. **MOTION TO DISMISS: LEGAL STANDARD OF REVIEW**

To survive a motion to dismiss, Mr. Vanderhoop must state a claim to relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007). "Ordinarily, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.P. 8(a)(2). "Great specificity is ordinarily not required to survive a Rule 12(b)(6) Motion." Garita Hotel Ltd. Partnership v. Ponce Federal Bank, FSB, 958 F. 2d 15, 17 (1st Cir. 1992). See also Garcia-Catalan v. United States, 734, F. 3d 100, 1003 (1st Cir. 2013) ("does not demand a high degree of factual specificity). "The precise parameters of the plausibility standard are still a work in progress." Thomas Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638-639 (1st Cir. 2013). "The plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case." Garcia-Catalan v. United States, 734 F. 3d 100, 104 (1st Cir. 2013).

Mr. Vanderhoop's allegations are entitled to the presumption of truth, See United States ex. Rel. Hutcheson v. Blackstone Med., Inc., 647 F. 3d 377m 384 (1st Cir. 2010), "…the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbably." Occasion-Henandez v. Fortuno-Burset, 640 F. 3d 1, 12 (1st Cir. 2011). "Nor may the court disregard a properly pled factual allegation merely because the court disbelieves it, finds it doubtful or unlikely to be supported by evidence at trial. The court must assume factual allegations to be true 'even if doubtful in fact.'" Ann-Marie Galistro v. Mortgage Electronic Registration System, Inc, 467 Mass 160,165. "… a complaint must not be dismissed simply because it alleges a new theory of liability." New England Insulation Co. v. General Dynamics Corp., 26 Mass. App. Ct. 28, 30 (1988). Or if the claims are "plausible but inconclusive."

Rodriquez-Vives, 743 F. 3d at 286. See also Decotiis v. Whittemore, 635 F. 3d 222, 35 (1st Cir. 2011).

Mr. Vanderhoop's *Amended Complaint* alleges specific events based on personal knowledge or specific individuals who plausibly could have known of those events, but he need not establish a prima facie case. "[A] complaint need not plead facts sufficient to establish prima facie case or 'allege every fact necessary to win at trial to make out a plausible claim. The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer." Carrero-Ojeda v. Autoridad de Energia Electria, 755 F.3d 711, 718 (2014) "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

Mr. Vanderhoop's "allegations in the complaint are taken to be true along with any reasonable inferences that may be drawn in the plaintiff's favor. Sandra M. Strawbridge v. The Bank of New York Mellon, 91 Mass. App. Ct. 827, 829 (2017), (quoting Golchin v. Liberty Mut. Ins. Co., 460 ass. 222, 223 (2011).

Defendant has failed to strictly comply with the power of sale contained in Mr. Vanderhoop's mortgage, did not notify him when his mortgage was transferred five times in 10 years: on February 14, 2018, at 8:59:14 AM, the Mortgage was exchange twice, same day, at the same time. Nor did defendant take transparent or "reasonable steps and good faith efforts to avoid foreclosure, as required by G.L.c. 244, Section 35B. "[a] creditor shall not cause publication of notice of foreclosure…when the creditor knows that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder…"G.L.c. 244, Sec. 35C(b). "Assuming that [plaintiff] can adduce sufficient

evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." <u>Evergreen</u>, 720 F. 3d at 45-46, <u>quoting Anderson News, LLC v. Amercan Media, Inc</u>., 680 F. 3d 162, 189-190 (2nd Cir. 2012).

"Right to possession must be shown and legal title may be put in issue…" <u>See Deutsche Bank Natl Trust Co., v. Faustini Gabriel</u>, 81 Mass. App. Ct. 564, 564(2012). Many of the accompanying notary acknowledgement that defendant filed with the Dukes County Registry of Deeds were false, deceptive, and totally misrepresented the facts. "Similarly, a mortgage recorded with an acknowledgment that contains a material defect is not properly recorded and does not provide constructive notice of the mortgage." <u>Bank of America v. Deborah Casey</u>, 474 Mass. 556 (2016). "A material misrepresentation contained in an affidavit shall constitute a violation of Section 2 of Chapter 93A." <u>See</u> G.L.c. 244, §15(f). The affiant knew "that the matters on which they [she] spoke were false or were aware that they did not have a basis for those statements."

Defendant has offered, as an exhibit to his motion to dismiss, a February 4, 2016, undated, misleading, incomplete affidavit, signed by Angela Farmer, alternatively in the affidavit, "Angela Farmer, Vice President of Rushmore Loan Management Services, LLC," and "Angela Farmer, Vice President for Defendant, and not "made on persona knowledge…as would be admissible…to show affirmatively that the affiant is competent to testify to the matters stated therein." <u>See Deutsche Bank National Trust Company v Faustini Gabriel</u>, 81 Mass. App. Ct. 564, n. 16.
Filed within this affidavit is a wholly incoherent certificate, also part of defendant's exhibits, signed by Eva Massimino, not notarized, and claiming "…that the facts stated in the foregoing

affidavit are relevant to the title to the premises therein described and will be of benefit and assistance in clarifying the chain of title." "…the reason for requiring a certificate of acknowledgment to be appended to a deed as a condition of the deed's proper recording is more fundamentally to ensure that public notice of the transfer of title to land…is accurate…This reason applies with equal force to mortgages." Bank of America, N.A. v. Debora A. Casey, 474 Mass. 556, 561 (2016). See also McQuatt v. McQuatt, 329 Mass 419, 414-415 (1946).

"The court must accept as true all well-pleaded facts, analyze those facts in the light more hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor in the plaintiff." United States ex. Rel. Hutcheson v. Blackstone Med., Inc., 647 F. 3d 377, 384 (1st Cir. 2011).

This Court should not dismiss a complaint because is asserts "a novel legal theory of recovery," Bell v. Mazza, 394 Mass. 176, 183-184 (1985). "The distinction between fact and opinion is often blurry. 'In construing what is the true meaning of the language used, it is often necessary to consider the subject matter, the relationship of the parties, the opportunity afforded for investigation and reliance, and the attendant circumstances. Vishal Bhammer v. Loomis, Sayles & Company, Inc., Civil Action No.15-14213-FDS, quoting John A. Frye Shoe Co. v Williams, 312 Mass. 656, 665 (1942).

III.    **PRELIMINARY INJUNCTION: LEGAL STANDARD OF REVIEW**

In meeting his burden for obtaining a Preliminary Injunction Mr. Vanderhoop "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, and that the balance of equities tops in his favor, and that an injunction is in the public interest." Donald Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

Mr. Vanderhoop would be successful in litigating this case against defendant, based on the merits of this case and a preliminary injunction, refraining defendant from scheduling and holding a foreclosure auction sale is valid in this case. At the height of the foreclosure crisis, beginning in 2008, the Commonwealth of Massachusetts, took the lead, and other states followed, by halting the illegal and rampant foreclosures threatened the financial stability of hundreds of neighborhoods in the state and pushing residents, unjustly, out of their homes. The Legislative of Massachusetts responded by enacting M.G.L.c. 244, Sec. 35B, which makes a mortgage holder of a "certain" mortgage, specially outlandish and harmful contracts where homeowners were banks dubbed them into fraudulent contracts, loaning them more than they could reasonable afford, and then taking the house and selling it for a premium.

Mr. Vanderhoop will win on the merits of this case because he is exactly the Massachusetts homeowner that M.G.L.c. 244, Sec. 35B is designed to protect. The defendant did not provide, and still refused to provide, Mr. Vanderhoop with an opportunity to modify his mortgage. And despite the many exhibits that defendant has attached to his motion to dismiss, and refused to answer plaintiff's amended complaint, the salient fact remains, defendant has treated Mr. Vanderhoop unfairly, denied him an opportunity to modify that is required by law, and in a court of equity, justice prevails, and Mr. Vanderhoop will win on the merits of this case and the preliminary injunction should be extended.

Further, a preliminary injunction order, that Defendant refrain from scheduling and holding a foreclosure auction sale of Mr. Vanderhoop's house until a trial on the merits, would cause the Defendant no substantial injury. By sharp contract, however, the

foreclosure auction sale of Mr. Vanderhoop's home threatens immediate and irreparable harm to him and his children. "…the potential for harm in cases where the mortgagee fails to strictly comply with the power of sale prior to foreclosure is clear: a mortgagor whose property is foreclosed upon by a party who did not, as it turn out, have the authority to foreclosure has been unjustly deprived of his or her property." Sandro Turro v. Deutsche Bank Trust Company, 476 Mass. 1020, 1022 (2017; Linda Printi v. Emigrant Mortgage Company, Inc., 472 Mass. 226, n. 18 (2015).  See also Packaging Indus. Grp., Inc., v. Cheney, 405 N.E. 2d 106, 111 (1980) ("…without the requested relief, it [Mr. Vanderhoop] may suffer a loss of rights that cannot be vindicate should it prevail after a full hearing on the merit.").

A preliminary injunction order, that Defendant refrain from scheduling and holding a foreclosure auction sale of Mr. Vanderhoop's home until after trial on the merits, would further the public interest in several ways. First, "…dismissal on the basis of pleadings, before facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass. App. Ct. 979 (1987). More importantly, however, the Legislature of the Commonwealth, in an attempt to help residents particularly hard hit by the foreclosure crisis, prevent the further destabilizing of neighborhoods and reduction of property values has passed laws to help Mr. Vanderhoop. As a non-judicial state, where rules favors lenders, Massachusetts provides little to no judicial oversight over foreclosures, and the result has been too many residents losing as a result of lender documents that are often incorrect, misleading, and not legally binding. "A 'robo-signer' is a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents and has not done so." One

<u>West Bank, FSB v. Drayton</u>, 910 NYS 2d 857, 859-69 (S. St. 2010) (dismissing foreclosure action).

Granting Mr. Vanderhoop's preliminary Injunction would help foster lender compliance with foreclosure requirements, improve the integrity of the documents filed with the Massachusetts Registry of Deeds, encourage Defendant to follow the rules, and ensure that only lenders having the right to foreclose may do so. The preliminary injunction would remind lenders that it is more cost effective and better business to work with homeowners to modify rather than foreclose on their homes, strengthening homeownership and communities, and reducing preventable foreclosures.

IV.  **IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALINGS: LEGAL STANDARD OF REIVEW**

This court Court has enumerated a standard that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement…good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." <u>Cadle Co. v. Coreena Vargas</u>, 55 Mass. App. Ct. 361 (2001) quoting Restatement (Second) of Contracts Sec. 205 (1979).

The Defendant clearly owed a duty of care to Mr. Vanderhoop and the disparity in bargaining power between the two parties is immense. There is sufficient dispute between the parties as to the material facts needed to establish a contract claim that a dismissal of the claim would not be appropriate. A contract existed between the parties and defendant has breached the implied covenant of good faith and fair dealing.

V.    **CONCLUSION**

Mr. Vanderhoop will win in this case on the merits, and the defendant has failed to meet its burden sufficient to sustain the drastic remedy is seeks. Defendant's motion to dismiss has failed to show that Mr. Vanderhoop is not entitled to any relief and instead asks this Court, based on incomplete pleadings, as defendant has failed to answer Mr. Vanderhoop's Amended Complaint, to determine conclusions of law that are more appropriately addressed by a finder of fact.

For the reasons stated above, Mr. Vanderhoop, respectfully, requests that this Court deny Defendant's *Motion to Dismiss* so that this lawsuit may move forward without further delay. "A court acting under general principles of equity jurisprudence has broad power to reform, rescind, or cancel written instruments, including mortgages, on grounds such as fraud, mistake, accident, or illegality." Beaton v. Land Court, 367 Mass. 385, 392, 326 N.E. 2d 302, 308 (1975), appeal dismissed, 423 U.S. 806, 96 S. Ct. 16, 46 L. Ed. 2d (1975).

January 3, 2019                                           Respectfully Submitted
                                                                    MATTHEW VANDERSHOOP
                                                                    By his attorney,

                                                                    "/s/"_____
                                                                    Deborrah M. Dorman, Esq. (BBO #63729)
                                                                    Law Office of Deborrah M. Dorman
                                                                    Post Office Box 944
                                                                    Tisbury, MA 02568
                                                                    (774) 563-0040
                                                                    dormandmd@aol.com

## **CERTIFICATE OF SERVICE**

I, Deborrah M. Dorman, certify that Plaintiff's *Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint* was filed today, January 3, 2019, through the ECF system and copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

| | |
|---|---|
| October 30, 2018 | Respectfully submitted, |
| | "/s/" |
| | Deborrah M. Dorman |