UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 18-11924-FDS |
| v. | ) |
| WILMINGTON SAVINGS FUNDS SOCIETY FSB d/b/a CHRISTIANA TRUST, Not in Its Individual Capacity, but Solely as Trustee for BCAT, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

This is an action seeking to forestall a mortgage foreclosure. Plaintiff Matthew Vanderhoop, who has been in default on his mortgage for more than ten years, seeks to enjoin defendant Wilmington Savings Funds Society FSB from foreclosing on his property. Wilmington Savings has filed a motion to dismiss the complaint. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

I. **Background**

   A. **Factual Background**

Unless otherwise noted, the facts are stated as alleged in the amended complaint.[1]

Matthew Vanderhoop has owned property in Aquinnah, Massachusetts, since approximately 1989. (Am. Compl. ¶ 8). On April 24, 2007, he entered into a $850,000

---

[1] The Court will also consider the copies of various assignments and other documents submitted by Wilmington Savings that were recorded at the Dukes County Registry of Deeds, as these documents were referred to in the complaint and their authenticity is not disputed. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

mortgage loan agreement with Sovereign Bank to finance the building of a house at 17 Old South Road in Aquinnah. (Am. Compl. ¶ 12). The agreement required him to make monthly payments of $5,090.72. (Am. Compl. ¶ 17).

According to the complaint, in 2008, Vanderhoop's seasonal business began to suffer from reduced levels of tourism caused by the economic recession. He was unable to make his monthly mortgage payments. (Am. Compl. ¶ 19). He contends that he contacted the bank in an attempt to reduce the interest rate on his mortgage, but that the bank never responded. (Am. Compl. ¶ 21). According to the bank, he has not made a payment in more than ten years.

On September 9, 2014, Sovereign Bank, which had by then changed its name to Santander Bank, assigned and transferred the mortgage to MTGLQ Investors. (Am. Compl. ¶ 26).[2] On February 2, 2015, MTGLQ assigned the mortgage to Wilmington Savings. (Am. Compl. ¶ 32).[3] Vanderhoop contends that he was not notified of either of those assignments. (Am. Compl. ¶ 27, 33).

Vanderhoop also contends that both assignments were defective. The acknowledgment of the 2014 assignment, he contends, was defective because (1) it "was not dated by Kathryn Marvel," the notary public whose signature appears on the document, and (2) it did "not indicate that Carlie F. Speece was authorized to act in a representative capacity on behalf of Santander Bank." (Am. Compl. ¶ 38, 40). The acknowledgment of the 2015 assignment, he contends, failed to "identify the company, MTGLQ." (Am. Compl. ¶ 41).

On February 4, 2016, Wilmington Savings filed an affidavit with the Dukes County

---

[2] The amended complaint states that the mortgage was assigned to MTGLQ on September 19, 2014. The copy of the assignment filed with the court, however, is dated September 9, 2014. (Pl. Ex. 3A).

[3] The amended complaint again states that the mortgage was assigned on a date different from what appears on the assignment filed with the court. (Pl. Ex. 4A).

Registry of Deeds executed by Angela Farmer, Vice President, Rushmore Loan Management Services, LLC, as the agent of Wilmington Savings. (Am. Compl. ¶ 44, Pl. Ex. 9). Among other things, the affidavit stated that Vanderhoop's mortgage "may" have been a "certain mortgage loan" as defined by Mass. Gen. Laws ch. 244, § 35B, and that Wilmington Savings had "satisfied . . . [t]he requirements of" § 35B by sending Vanderhoop "a notice of his [] rights to pursue a modified mortgage loan." Vanderhoop contends, however, that he in fact was never "notif[ied] of his right to pursue a modified mortgage loan." (Am. Compl. ¶ 34).

Vanderhoop further contends that "[o]n February 14, 2018, at 8:59:14 AM," his "mortgage was assigned from [Wilmington Savings] to MTGLQ." (Am. Compl. ¶ 48). He has submitted a copy of a document titled "Assignment of Mortgage" that appears to have assigned the mortgage from Wilmington Savings to MTGLQ. (Pl. Ex. 5). The document, however, is dated January 10, not February 14, 2018. (Pl. Ex. 5). "February 14, 2018, at 8:59:14 AM" appears instead to be the date and time when the assignment was filed with the Dukes County Registry of Deeds. (Pl. Ex. 5).

Vanderhoop similarly contends that "[o]n February 14, 2018, at 8:59:14 AM," his "mortgage was assigned from MTGLQ to [Wilmington Savings]." (Am. Compl. ¶ 47). He has submitted a copy of a document titled "Assignment of Mortgage" that appears to have assigned the mortgage from MTGLQ to Wilmington Savings. (Pl. Ex. 6A). That document, however, is dated February 6, not February 14, 2018, and "February 14, 2018, at 8:59:14 AM" again appears to be the date and time when the assignment was filed with the Dukes County Registry of Deeds.

Vanderhoop contends that the acknowledgments of both 2018 assignments, like the earlier acknowledgments, suffered from various defects. The acknowledgement of the first 2018 assignment, he alleges, did not state that Donna Bramer, the attorney-in-fact for Wilmington

3

Savings, "signed the document in a representative capacity." (Am. Compl. ¶ 49). The acknowledgment of the second 2018 assignment, he contends, was defective in three ways. First, it lacked a date of the notary's signature. (Am. Compl. ¶ 50). Second, it did "not indicate" how the notary public "identified the signatory." (Am. Compl. ¶ 51). Third, it did not state that Dave Slear, MTGLQ's Vice President, signed the assignment "in a representative capacity [] as an act of [Wilmington Savings]." (Am. Compl. ¶ 52).

Ultimately, Vanderhoop seeks to "prevent [Wilmington Savings] from foreclosing on [his] home." The amended complaint, however, provides almost no information concerning a scheduled or threatened foreclosure. (Am. Compl. ¶ 1). Indeed, the complaint states only that "[o]n March 20, 2018, [Wilmington Savings] filed a [Servicemembers Civil Relief Act] Notice with the Massachusetts Land Court." (Am. Compl. ¶ 53).[4] None of the documents filed by Vanderhoop appear to provide any additional information concerning a threatened foreclosure.

### B. Procedural History

On August 22, 2018, Vanderhoop filed a complaint in Dukes County Superior Court against Wilmington Savings. (Am. Compl. ¶ 2). The bank removed the action to this Court on September 11, 2018.

On October 15, 2018, the bank filed a motion to dismiss the complaint. On October 17, 2018, the Court issued a preliminary injunction enjoining the bank from foreclosing on the property before November 13, 2018.

On November 13, 2018, the Court denied the bank's motion to dismiss without prejudice. The Court also directed Vanderhoop to file an amended complaint by November 29, 2018, and

---

[4] Wilmington Savings apparently filed a Servicemembers Civil Relief Act complaint against Vanderhoop in the Massachusetts Land Court on September 13, 2017. (Def. Mem. Ex. 5). Judgment was apparently entered in favor of the bank on June 14, 2018. (*Id.*).

4

extended the preliminary injunction through December 19, 2018.

Vanderhoop filed an amended complaint on November 29. On December 11, the bank filed a motion to dismiss the amended complaint. The Court heard argument on December 19, 2018. Due to the impending holidays, the Court permitted supplemental briefing to be filed by January 3, 2019, and extended the preliminary injunction through January 4, 2019.[5]

## II. Analysis

The amended complaint asserts 15 counts. Each count lists multiple claims, many of which are repeated over the different counts.[6] Defendant has moved to dismiss each count. For the following reasons, the motion to dismiss will be granted in part and denied in part.

### A. Count One

Count One is entitled "Material Breach of Contract; Unlawful Methods and Practices; Unfair and Deceptive Practices; Violation of G.L. c. 244, §35A, §35B, and §35C, and Failure to Perform." It alleges as follows:

> Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 53 above. Mr. Vanderhoop's mortgage was a "certain mortgage [loan]" as defined by G.L.c. 244, §35B, and defendant did not conduct the required analysis to determine if Mr. Vanderhoop was capable of paying a modified mortgage loan and, defendant did not offer Mr. Vanderhoop any such identified loan.

Am. Compl. ¶ 54. Thus, despite its title, Count One alleges only a violation of Mass. Gen. Laws ch. 244, § 35B.

#### 1. The Requirements of Ch. 244, § 35B

Mass. Gen. Laws ch. 244, § 35B provides, among other things, that a "creditor shall not

---

[5] The extension was also to address plaintiff's claim of prejudice arising out of the bank's late filing of its motion to dismiss. The bank's motion to dismiss was electronically filed at 7:52 p.m. on December 11, approximately two hours past the 6:00 p.m. filing deadline. *See* Local Rule 5.4(d).

[6] The title of each count includes a seemingly random list of causes of action, followed in each instance by a brief description of alleged wrongdoing.

5

cause publication of notice of a foreclosure sale" upon "certain mortgage loans" unless "it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Mass. Gen. Laws ch. 244, § 35B(b). The definition of "certain mortgage loans" has many parts; it is sufficient to note for present purposes that the parties appear to agree that the Vanderhoop loan is a "certain mortgage loan" within the meaning of the statute.

The statute further provides that "[a] creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including, but not limited to, investors." *Id.* It goes on to state that "[a] creditor shall be presumed to have acted in good faith and to have complied with this subsection, if, prior to causing publication of notice of a foreclosure sale, . . . the creditor" determines "a borrower's ability to make an affordable monthly payment," conducts an analysis, and either agrees to a modified mortgage or notifies the borrower that "no modified mortgage loan will be offered." *Id.* § (b)(2). It further provides that "the creditor shall send notice . . . of the borrower's rights to pursue a modified mortgage loan" and that the borrower must respond to the notice within 30 days. *Id.* § (c).

### 2. Whether Defendant Complied with the Statutory Requirements

Wilmington Savings contends that it complied with Mass. Gen. Laws ch. 244, § 35B, because it provided Vanderhoop with the required notice, thus giving him an opportunity to request a modified mortgage loan, and he never responded to that offer. The bank further contends that it recorded an affidavit in the registry of deeds that states it complied with the statute, and that the affidavit is "conclusive evidence" of that fact pursuant to subsection (f) of

the statute.

There is certainly evidence in the record indicating that the bank complied with the statutory notice requirements. Exhibit 6 to defendant's memorandum is a copy of a letter dated June 6, 2017, from Selene Finance LP (at the time, the servicer of the loan) to Vanderhoop. (Def. Mem. Ex. 6). The letter is entitled "RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN." Among other things, the letter states as follows:

> We are contacting you because our records indicate that you are eligible under Massachusetts law to request a modification or your mortgage with Selene Finance LP ("Selene"). If you want to request a loan modification or other foreclosure alternative option, you must complete and return the enclosed Mortgage Modification Options form along with any supporting information no later than July 6, 2017. The Mortgage Modification Options form and any supporting documents must be returned by certified mail or similar service to Selene Finance LP. We will respond to your request within 30 days of its receipt.
>
> ***
>
> **If you do not return the enclosed Mortgage Modification Options form by July 6, 2017 your right to cure your mortgage default will end on 09/04/2017.**
>
> ***
>
> Enclosures:
> - Mortgage Modification Options form
> - Request for Modification Assistance form or Selene Finance LP's current loan modification application
> - Required Documents for Loan Modification Application, or similar form
> - Uniform Borrower Assistance Form
> - 4506-T

(*Id.*). Attached to the letter were multiple pages of forms and other materials to assist Vanderhoop in making a modification request. (*Id.*).

The first page of the June 6, 2017 letter indicates that it was sent "By First Class and Certified Mail." (*Id.*). Exhibit 6 is the copy that was sent by first-class mail; Exhibit 7 is a copy of the same letter and attachments, indicating that it was sent by certified mail, with a USPS

certification number. (Def. Mem. Exs. 6, 7).[7]

### 3. The Sufficiency of the Allegations of the Complaint

Vanderhoop has not submitted an affidavit or any other competent evidence opposing the bank's evidence that it sent him the statutory notice.[8] But for purposes of opposing a motion to dismiss under Rule 12(b)(6), he does not have to. The question, at this stage, is whether the allegations of the complaint are sufficiently plausible to withstand dismissal. And the Court may not, at this stage, consider evidence outside the complaint except under narrowly-defined circumstances not applicable here.

Again, Count One alleges that the bank "did not conduct the required analysis" to determine Vanderhoop's eligibility for a modification, and "did not offer" him a modification. (Am. Compl. ¶ 54). In its factual recitation, the complaint also alleges as follows:

> 34. Defendant did not notify Mr. Vanderhoop of his right to pursue a modified mortgage loan.
>
> 35. Defendant did not provide Mr. Vanderhoop with an assessment of his ability to make affordable monthly mortgage payments.
>
> 36. Defendant did not modify Mr. Vanderhoop's mortgage or reduce his high interest rate.
>
> 37. Defendant did not help Mr. Vanderhoop avoid the foreclosure of his home.

(Am. Compl. ¶¶ 34-37).

Thus, the complaint essentially alleges that Vanderhoop never received any notification of his rights under ch. 244, § 35B(c). That allegation may be threadbare, and may lack

---

[7] Exhibit 8 is a largely identical version of the same letter, dated February 11, 2014, more than three years earlier. (Def. Mem. Ex. 8). For present purposes, the earlier letter is irrelevant.

[8] He did, however, file an affidavit stating that he "submitted a mortgage modification to Sovereign, but Sovereign did not respond." (Vanderhoop Aff. ¶ 5). No document supporting that claim was attached.

credibility, but for present purposes, it is sufficient to withstand dismissal.[9]

### 4. <u>Whether the Affidavit Has Preclusive Effect</u>

Exhibit 9 is a copy of an affidavit filed with the Dukes County Registry of Deeds, executed on April 24, 2018, by a representative of Selene Finance LP. (Def. Mem. Ex. 9). The affidavit states that "[t]he requirements of M.G.L. c. 244, section 35B have been complied with." (*Id.*). Vanderhoop does not dispute that the affidavit was filed with the Registry of Deeds; indeed, the complaint expressly alleges that such an affidavit was filed. (Am. Compl. ¶¶ 44, 45).

The bank claims that Vanderhoop cannot deny that it complied with the statute, because the filing of the affidavit is "conclusive evidence" of compliance. That argument is clearly incorrect. Paragraph (f) of the statute provides as follows:

> The affidavit certifying compliance with this section shall be conclusive evidence in favor of an arm's-length third party purchaser for value, at or subsequent to the resulting foreclosure sale, that the creditor has fully complied with this section and the mortgagee is entitled to proceed with foreclosure of the subject mortgage under the power of sale contained in the mortgage . . . .

Mass. Gen. Laws ch. 244, § 35B(f). The affidavit thus protects third-party purchasers, not the bank itself. *See Buba v. Deutsche Bank National Trust Co. Americas*, 2016 WL 2626861 (D. Mass. May 6, 2016). It is not "conclusive evidence" of compliance as to a claim by a borrower against a lender, and the claim will not be dismissed on that basis.

### 5. <u>Conclusion</u>

In summary, the unadorned allegation in the complaint that Vanderhoop never received the statutory notice of his right to request a modified mortgage loan is sufficient for the claim to survive a motion to dismiss. The motion to dismiss Count One will therefore be denied.

---

[9] The complaint does not, however, allege that the bank has caused a "publication of notice of a foreclosure sale," which at least raises the question of whether the claim of a violation of the statute is ripe for review. Defendant has not, however, asserted such an argument in its motion.

9

The Court notes, however, that such a bare-bones denial may not be sufficient for the claim to survive summary judgment. Paragraph (c) of the statute provides as follows:

> Said notice shall be considered delivered to the borrower when sent by first class mail and certified mail or similar service by a private carrier to the borrower at the borrower's address last known to the mortgagee or anyone holding thereunder.

Mass. Gen. Laws ch. 244, § 35B(c). Under the circumstances, it would appear that a mere denial of receipt, without more, would not suffice if the bank produces evidence of delivery by first-class and certified mail. But that is a question for another day.[10]

### B. Count Two

Count Two alleges as follows:

> Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 54 above. Defendant has not been transparent with Mr. Vanderhoop about his mortgage and promissory note. Mr. Vanderhoop was not contacted promptly when his mortgage and promissory notes were transferred, including twice [on] February 14, 2016, and such practices between MTGLC and defendant have made it impossible for Mr. Vanderhoop to modify his mortgage, reduce his high interest rate, or prevent foreclosure of his home.[11]

The complaint identifies no cause of action, under federal or state statutory or common law, supporting the proposition that defendant can be held responsible for not acting "transparent[ly]," or that defendant was required to "promptly . . . contact" him "when his mortgage and promissory notes were transferred."

Count Two thus does not meet the minimal pleading requirements of the federal rules. Accordingly, defendant's motion to dismiss will be granted as to Count Two.

---

[10] Furthermore, the Court sees no reason on the current record to extend or renew the preliminary injunction, which expired by its own terms on January 4, 2019.

[11] The complaint does not mention any assignment that occurred on February 14, 2016. It appears that plaintiff may be referring to the two assignments that occurred in 2018. Count Two also apparently mistakenly refers to MTGLQ as MTGLC. Regardless, the Court's analysis of the claim is unchanged.

## C.  Counts Three through Six, Ten through Twelve, Fourteen, and Fifteen

Counts Three through Six, Ten through Twelve, Fourteen, and Fifteen, each contend that different defects in the 2014, 2015, and 2018 assignments render those documents "void."

Under Massachusetts law, mortgagors have "standing only to challenge a mortgage assignment as invalid, ineffective, or void" and not "to challenge shortcomings in an assignment that render it merely voidable at the election of one party." *Wilson v. HSBC Mortg. Services, Inc.*, 744 F.3d 1, 9 (1st Cir. 2014) (quoting *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013)). For that reason, a "trial court confronted with the standing issue in this type of case must conduct an inquiry to determine whether a plaintiff's allegations are that a mortgage assignment was void, or merely voidable." *Id.*

Each of the relevant counts alleges that one or more defects render a particular assignment "void." For example, Count Six alleges that the February 2018 assignment was "void" because (1) the acknowledgment of the assignment "was not dated;" (2) the acknowledgment "did not include the Texas notary public's identification number;" and (3) the acknowledgment included "[n]o indication . . . as to how the notary public identified the signor."

Although plaintiff contends that the various defects render the assignments "void," the alleged defects—such as failing to date the acknowledgment, or failing to include the notary public's identification number—are best understood as "mere[] . . . procedural infirmities." *See Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349 (1st Cir. 2013) (citing *Culhane*, 708 F.3d at 291). Such "infirmities" may make the assignment merely voidable, rather than void; thus, under Massachusetts law, the plaintiff is without standing to challenge them. *Id.*

As noted, the counts themselves allege that the assignments are void, not voidable. But even if plaintiff has standing to assert such claims, those counts still necessarily fail. A mortgage

11

assignment, like any other contract, is void only when it is "of no effect whatsoever." *Wilson,* 744 F.3d at 10 (citing *Ball v. Gilbert*, 53 Mass. 397, 401-04 (1897)) (quoting *Culhane*, 708 F.3d at 291). To prove that a mortgage assignment is void, a claimant must show that the "putative assignor 'never properly held the mortgage and, thus, had no interest to assign.'" *Id.* Here, none of the counts make any plausible allegations that the assignors in question did not properly hold the mortgage, only that there were various defects (at best, bordering on the trivial) in the process of notarizing the documents. Such allegations are not sufficient to state a claim that the relevant assignments were void from the beginning.

Accordingly, defendant's motion to dismiss will be granted as to Counts Three through Six, Ten through Twelve, Fourteen, and Fifteen.

### D. Count Seven

Count Seven is essentially a reiteration of Count Two. Accordingly, defendant's motion to dismiss Count Seven will be granted for the same reasons as to Count Two.

### E. Counts Eight and Nine

The amended complaint's two remaining counts, Counts Eight and Nine, appear to allege claims of fraudulent misrepresentation. Count Eight alleges as follows:

> Mr. Vanderhoop repeats and realleges the allegations in paragraphs 1 through 60 above. Defendant by and through its agents, employees, and representatives, knowingly and willfully made false representations of material fact about Mr. Vanderhoop's right to apply for a mortgage loan modification.

Count Nine largely repeats the same allegation, although it adds that the "false representations" were made in a "February 4, 2016 affidavit, filed with the DCRD regarding Mr. Vanderhoop's opportunity to modify his monthly mortgage payments."

Both claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (noting that Rule 9(b) applies to all

cases "in which fraud lies at the core of the action"). In the First Circuit, to satisfy the requirements of Rule 9(b), plaintiffs must specifically plead "the time, place and content of an alleged false representation." *Id.* at 444; *accord Rodi v. Southern N.E. Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004) (stating that Rule 9(b) is satisfied by averment of "the who, what, where, and when of the allegedly false or fraudulent representation").

Both counts fail to provide any description of defendant's alleged "false representations." Count Eight does not come close to meeting that standard. And while Count Nine at least states the time and place of the alleged misrepresentation, it fails for other reasons.

Under Massachusetts law, to prevail on a claim of misrepresentation, a plaintiff "must allege and prove that the defendant made a false representation of material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [its] damage." *Masingill v. EMC Corp.*, 449 Mass. 532, 540 (2007) (quoting *Kilroy v. Barron*, 326 Mass. 464, 465 (1950)). The complaint does not allege that plaintiff ever relied upon such false representations to his detriment.

Accordingly, defendant's motion to dismiss will be granted as to Counts Eight and Nine.

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim is DENIED as to Count One and otherwise GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: January 8, 2019         United States District Judge

13