UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WILMINGTON SAVINGS

Defendant Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("**Wilmington Savings**"), by and through its undersigned counsel, hereby responds to the first amended complaint (the "**Complaint**[1]") of plaintiff Matthew Vanderhoop (the "**Plaintiff**") as follows:

### Introduction

1. This paragraph is definitional in nature and does not require a response.

2. Wilmington Savings admits the allegations in this paragraph.

3. Wilmington Savings admits the allegations in this paragraph insofar as Wilmington Savings filed a Notice of Removal on September 11, 2018.

---

[1] The amended complaint asserts 15 counts. Each count lists multiple claims, many of which are repeated over the different counts. The title of each count includes a "seemingly random list" of causes of action, followed in each instance by a brief description of alleged wrongdoing. See Memorandum and Order on Defendant's Motion to Dismiss, Doc Entry No. 39, p. 5. Wilmington Savings will address each count as listed on the Complaint.

**Parties**

4. Wilmington Savings admits the Plaintiff is the Plaintiff in this case. Regarding the remaining allegations, Wilmington Savings is without knowledge or information sufficient to form a belief as to their accuracy.

5. Wilmington Savings admits the allegations in this paragraph insofar as Wilmington Savings is a subsidiary of Wilmington Savings Fund Society Financial Corporation, a financial services holding company headquartered in Wilmington, Delaware.

6. Wilmington Savings admits the allegations in this paragraph.

7. Wilmington Savings admits the allegations in this paragraph.

**Facts**

8. The referenced document speaks for itself and, as such, no response is required. As to the remaining allegations, Wilmington Savings is without knowledge or information sufficient to form a belief as to their accuracy.

9. Wilmington Savings is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 9.

10. As the document speaks for itself, no response is required.

11. To the extent that the allegations of paragraph 11 relate to those claims and/or causes of action that the Court dismissed in its order dated January 8, 2019 (the "Order"), no response is required. Wilmington Savings denies the remaining allegations in this paragraph as the document speaks for itself.

12. Wilmington Savings admits the allegations of paragraph 12 insofar as on April 24, 2007, the Plaintiff executed a promissory note in favor of Sovereign Bank (the "Lender") to borrow the sum of $850,000.00 (the "Note"). As security for his obligations under the Note, the

Plaintiff granted a mortgage on 17 Old South Road, Aquinnah, Dukes County, Massachusetts (the "Property") in favor of the Lender (the "Mortgage").

13.     Wilmington Savings admits the allegations of paragraph 13 insofar as on April 24, 2007, the Plaintiff executed the Note.  As the document speaks for itself, no response is required.

14.     Wilmington Savings admits the allegations of paragraph 14 insofar as the Note provided for an initial fixed interest rate of 5.990 percent.

15.     Wilmington Savings denies the allegations of paragraph 15.

16.     Wilmington Savings denies the allegations of paragraph 16.

17.     Wilmington Savings denies the allegations of paragraph 17.

18.     Wilmington Savings is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 18.

19.     Wilmington Savings admits the allegations of paragraph 19 insofar as the Plaintiff failed to make his required monthly mortgage payments.  Regarding the remaining allegations Wilmington Savings is without knowledge or information sufficient to form a belief as to their accuracy.

20.     Wilmington Savings denies the allegations of paragraph 20.

21.     Wilmington Savings denies the allegations of paragraph 21.

22.     Wilmington Savings denies the allegations of paragraph 22.

23.     Wilmington Savings denies the allegations of paragraph 23.

24.     Wilmington Savings admits the allegations in paragraph 24 insofar as there was no modification of the Mortgage.

25.     Wilmington Savings denies the allegations of paragraph 25.

26. Wilmington Savings admits the allegations of paragraph 26 insofar as the Mortgage was assigned to MTGLQ Investors, L.P. ("MTGLQ") by an assignment of mortgage dated September 9, 2014. The assignment of mortgage was recorded with the Dukes County Registry of Deeds (the "Registry") in Book 1375, Page 179.

27. Wilmington Savings denies the allegations of paragraph 27.

28. Wilmington Savings denies the allegations of paragraph 28.

29. Wilmington Savings denies the allegations of paragraph 29.

30. Wilmington Savings admits the allegations of paragraph 30 insofar as there was no modification of the Mortgage.

31. Wilmington Savings denies the allegations of paragraph 31.

32. Wilmington Savings admits the allegations of paragraph 32 insofar as the Mortgage was assigned to Wilmington Savings by an assignment of mortgage dated February 2, 2015. The assignment of mortgage was recorded with the Registry in Book 1375, Page 876.

33. Wilmington Savings denies the allegations of paragraph 33.

34. Wilmington Savings denies the allegations of paragraph 34.

35. Wilmington Savings admits the allegations of paragraph 35.

36. Wilmington Savings admits the allegations of paragraph 36 insofar as there was no modification of the Mortgage.

37. Wilmington Savings denies the allegations of paragraph 37.

38. As the document speaks for itself, no response is required.

39. As the document speaks for itself, no response is required.

40. As the document speaks for itself, no response is required.

41. As the document speaks for itself, no response is required.

42. Wilmington Savings admits the allegations of paragraph 42.

43. Wilmington Savings admits the allegations of paragraph 43 insofar as on January 22, 2016 Angela Davis was a vice president of Rushmore Loan Management Services LLC, the duly authorized agent of Wilmington Savings.

44. As the document speaks for itself, no response is required.

45. As the document speaks for itself, no response is required.

46. As the document speaks for itself, no response is required.

47. As the document speaks for itself, no response is required.

48. As the document speaks for itself, no response is required.

49. As the document speaks for itself, no response is required.

50. As the document speaks for itself, no response is required.

51. As the document speaks for itself, no response is required.

52. As the document speaks for itself, no response is required.

53. Wilmington Savings admits the allegations in this paragraph insofar as on September 13, 2017, Wilmington Savings filed in the Massachusetts Land Court a Servicemembers Civil Relief Act complaint against Plaintiff and judgment entered in its favor on June 14, 2018.

## **Statement of Claims**

### COUNT I:
### MATERIAL BREACH OF CONTRACT; UNLAWFUL METHODS AND PRACTICES; UNFAIR AND DECEPTIVE PRACTICES; VIOLATION OF G.L.C. 244, §35A, §35B AND §35C; AND FAILURE TO PERFORM[2]

---

[2] Despite its title, Count One alleges only a violation of Mass. Gen. Laws ch. 244, § 35B. See Memorandum and Order on Defendant's Motion to Dismiss, Doc Entry No. 39, p. 5.

54. To the extent that the allegations of paragraph 54 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required. Wilmington Savings denies the remaining allegations in this paragraph.

## COUNT II:
### MATERIAL BREACH OF CONTRACT; UNFAIR AND DECEPTIVE PRACTICES; ENGAGING IN UNLAWFUL SELF-DEALING; AND FRAUDULENT MISREPRESENTATION

55. To the extent that the allegations of paragraph 55 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

## COUNT III:
### MATERIAL DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENTS; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

56. To the extent that the allegations of paragraph 56 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

## COUNT IV:
### MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

57. To the extent that the allegations of paragraph 57 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

## COUNT V:
### MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRADULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

58. To the extent that the allegations of paragraph 58 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT VI:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

59. To the extent that the allegations of paragraph 59 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT VII:
MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9;

60. To the extent that the allegations of paragraph 60 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT VIII:
MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9;

61. To the extent that the allegations of paragraph 61 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT IX:
MATERIALLY DEFECTIVE AFFIDAVIT; ENGAGING IN SELF-DEALING TRANSACTIONS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

62. To the extent that the allegations of paragraph 62 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT X:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENT; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C.93A §2 AND §9; VIOLATION OF G.L.C. 222 §15;
AND VIOLATION OF G.L.C. 183 §29

63.     To the extent that the allegations of paragraph 63 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT XI:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENT; MATERIAL BREACH OF CONTRACT; ENGAGING IN SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 183 §54B; TEXAS CIVIL PRACTICE AND REMEDIES CODE §121.005; VIOLATION OF G.L.C. 222 §15;
AND VIOLATION OF G.L.C. 183 §29

64.     To the extent that the allegations of paragraph 64 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT XII:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENT; MATERIAL BREACH OF CONTRACT; SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 183 §54B; AND 57 PA §302(2) AND §315(a)(2)(11)

65.     To the extent that the allegations of paragraph 65 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT XIII:
MATERIALLY DEFECTIVE AFFIDAVIT; MATERIAL BREACH OF CONTRACT; SELF-DEALING TRANSACTIONS; FRAUDULENT MISREPRESENTATION; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

66. To the extent that the allegations of paragraph 66 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT XIV:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENT; SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF TEXAS CIVIL PRACTICE AND REMEDIES CODE §121.005; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

67. To the extent that the allegations of paragraph 67 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

COUNT XV:
MATERIALLY DEFECTIVE NOTARIZATION OF MORTGAGE; PATENTLY DEFECTIVE ACKNOWLEDGMENT; SELF-DEALING TRANSACTIONS; ENGAGING IN UNFAIR METHODS; VIOLATION OF G.L.C. 244 §35A, §35B, §35C; VIOLATION OF G.L.C. 93A §2 AND §9; VIOLATION OF G.L.C. 244 §15(f); VIOLATION OF TEXAS CIVIL PRACTICE AND REMEDIES CODE §121.005; VIOLATION OF G.L.C. 222 §15; AND VIOLATION OF G.L.C. 183 §29

68. To the extent that the allegations of paragraph 68 relate to those claims and/or causes of action that the Court dismissed pursuant to the Order, no response is required.

## Affirmative Defenses

Wilmington Savings hereby reserves its right to add additional affirmative defenses as appropriate.

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Dismissing with prejudice Count I of the Complaint against it; and

2. Granting Wilmington Savings such other and further relief as is just and proper.

    Respectfully submitted,

    WILMINGTON SAVINGS FUND SOCIETY
    FSB, D/B/A CHRISTIANA TRUST, NOT IN
    ITS INDIVIDUAL CAPACITY, BUT
    SOLELY AS TRUSTEE FOR
    BCAT 2014-10TT,

    By its attorneys,

    /s/ *Aaron A. Fredericks, Esq.*
    Richard C. Demerle, Esq. (BBO#652242)
    Aaron A. Fredericks, Esq. (BBO#688412)
    Sassoon & Cymrot, LLP
    84 State Street
    Boston, MA 02109
    (617) 720-0099
    AFredericks@SassoonCymrot.com

DATE: January 18, 2019