UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
<u>WILMINGTON SAVINGS FOR SUMMARY JUDGMENT</u>**

NOW COMES Wilmington Savings, as defined below, and respectfully moves for summary judgment in its favor. This Court has dismissed all other claims of Matthew Vanderhoop (the "**Plaintiff**") and, as to the remaining claim for breach of contract, he simply alleges that he never received a statutory foreclosure notice. As Wilmington Savings demonstrates in this motion, Wilmington Savings provided the statutory notice to the Plaintiff. Further, by his own admission, Plaintiff concedes that he failed to respond to Wilmington Savings' notice. Therefore, there are no disputed issues of material fact and Wilmington Savings is entitled to judgment as a matter of law. In support of this motion, Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("**Wilmington Savings**") states as follows.

## **PROCEDURAL HISTORY**

1. On August 22, 2018, the Plaintiff filed a complaint (the "**Complaint**") with the Superior Court (Dukes County) for the Commonwealth of Massachusetts (the "**State Court**"), commencing the above-captioned action.

2. In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its Mortgage on the Property (as defined below).

3. On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446. Doc. No. 1.

4. On October 15, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Complaint (the "**Motion to Dismiss**") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 6, 7.

5. On November 13, 2018, after hearing, the Court denied the Motion to Dismiss without prejudice and ordered the Plaintiff to file an amended complaint. Doc. No. 16.

6. On November 29, 2018, Plaintiff filed his first amended complaint (the "**Amended Complaint**"). Doc. No. 18.

7. On December 11, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Amended Complaint (the "**Motion to Dismiss Amended Complaint**") as well as its supporting memorandum of law requesting that the Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 19, 20.

8. On January 8, 2019, the Court granted the Motion to Dismiss Amended Complaint in part, dismissing 14 of the Plaintiff's 15 claims. Doc. No. 39.

## CONCISE STATEMENT OF THE MATERIAL FACTS

9. By quitclaim deed dated January 7, 1995, the Plaintiff and Rachel Vanderhoop became record owners of certain real property known as and numbered 17 Old South Road, Aquinnah, Dukes County, Massachusetts (the "**Property**"). Affidavit in Support of Motion for Summary Judgment, ("**Affidavit**") ¶ 5.

10. On April 24, 2007, the Plaintiff executed a promissory note in favor of Sovereign Bank (the "**Lender**") to borrow the sum of $850,000.00 (the "**Note**"). As security for his obligations under the Note, the Plaintiff granted a mortgage on the Property in favor of the Lender (the "**Mortgage**"). Id.

11. By an assignment of mortgage dated September 9, 2014, the Mortgage was assigned to MTGLQ Investors, L.P. ("**MTGLQ**"). The assignment of mortgage was recorded with the Dukes County Registry of Deeds (the "**Registry**") in Book 1375, Page 179. Id., ¶ 6.

12. By an assignment of mortgage dated February 2, 2015, the Mortgage was assigned to Wilmington Savings. The assignment of mortgage was recorded with the Registry in Book 1375, Page 876. Id., ¶ 7.

13. By an assignment of mortgage dated January 10, 2018, the Mortgage was then assigned to MTGLQ. The assignment of mortgage was recorded with the Registry in Book 1460, page 550. Id., ¶ 8.

14. By an assignment of mortgage dated February 6, 2018, the Mortgage was then assigned to Wilmington Savings. The assignment of mortgage was recorded with the Registry in Book 1460, Page 559. <u>Affidavit</u>, ¶ 9.

15. Selene Finance LP ("**Selene Finance**") is the loan servicer for the Note and Mortgage on behalf of Wilmington Savings. <u>Id</u>., ¶ 2.

16. By letter dated June 6, 2017, Selene Finance provided statutory notice to the Plaintiff of his "RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN." <u>Id</u>., ¶ 10. Selene Finance provided the notice by both first-class and certified mail. <u>Id</u>.

17. Plaintiff did not complete and return the Mortgage Modification Options form nor did the Plaintiff provide any supporting documents to request a modification of the Note and Mortgage. <u>Id</u>., ¶ 11. See also <u>Plaintiff's Answers to First Set of Admissions of Wilmington Savings</u>, Request Nos. 3 and 4, attached hereto as <u>Exhibit L</u>.

18. Selene Finance mailed to Plaintiff by both first-class and certified mail a letter dated June 6, 2017, titled <u>90 day Right to Cure your Mortgage Default</u>. <u>Affidavit</u>, ¶ 12.

19. Plaintiff did not cure the mortgage default. <u>Id</u>., ¶ 13.

20. On September 13, 2017, Wilmington Savings filed a complaint against the Plaintiff with the Land Court of the Commonwealth of Massachusetts (the "**Land Court**"), pursuant to the Servicemembers Civil Relief Act to foreclosure the Mortgage on the Property, case no. 17SM007509. On June 14, 2018, Land Court entered judgment in favor of Wilmington Savings. <u>Id</u>., ¶ 14.

**ARGUMENT**

**I.      STANDARD OF REVIEW**

21.     Summary judgment is designed "'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corporación De Puerto Rico Para La Difusión Pública, 498 F.3d 9, 12 (1st Cir. 2007). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon the motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

22.     Summary judgment is appropriate when the record shows "there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.'" American Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 75 (1st Cir. 2008). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Id.  Facts are viewed in favor of the non-movant.  See Noonan v. Staples, Inc., 556 F.3d 20, 23 (1st Cir. 2009).  In the instant action, there are no disputed issues of material fact and Wilmington Savings is entitled to judgment as a matter of law.

**II.      COUNT I – MASS. GEN. LAWS CH. 244. § 35B**

23.     Wilmington Savings is entitled to summary judgment on Count I because the record shows Wilmington Savings sent the notice the Plaintiff claims he did not receive.  The rule is that a "creditor shall not cause publication of notice of a foreclosure sale, as required by section 15, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Mass. Gen. Laws ch. 244, § 35B(b).  As part of the reasonable steps and good-faith efforts the statute further provides that "the creditor shall send notice… of the borrower's rights to pursue a modified mortgage loan" and that the borrower must respond to the notice within 30 days. Id. § 35(B)(c).  Of particular importance to the instant case, the statute provides that "said notice shall be considered delivered to the borrower when sent by first class mail and certified mail or similar service by private carrier to the borrower at the borrower's address last known to the mortgagee or anyone holding thereunder." Id.

24.     In this case, Wilmington Savings complied with the statutory notice requirements.  By letter dated June 6, 2017, Selene Finance mailed to Plaintiff a notice regarding the Note and Mortgage entitled "RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN."  Among other things, the letter states as follows:

> We are contacting you because our records indicate that you are eligible under Massachusetts law to request a modification of your mortgage with Selene Finance LP ("Selene"). If you want to request a loan modification or other foreclosure alternative option, you must complete and return the enclosed Mortgage Modification Options form along with any supporting information no later than July 6, 2017. The Mortgage Modification Options form and any supporting documents must be returned by certified mail or similar service to Selene Finance LP. We will respond to your request within 30 days of its receipt.

> **If you do not return the enclosed Mortgage Modification Options form by July 6, 2017 your right to cure your mortgage default will end on 09/04/2017.**
>
> Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.
>
> Enclosures:
> - Mortgage Modification Options form
> - Request for Modification Assistance form or Selene Finance LP's current loan modification application
> - Required Documents For Loan Modification Application, or similar form
> - Uniform Borrower Assistance Form
> - 4506-T

Affidavit, Exhibits G and H.  The first page of the June 6, 2017 letter indicates that it was sent "By First Class and Certified Mail" and includes a USPS certification number. Id. Further, Plaintiff concedes that he did not complete and return the attachments contained in the June 6, 2017 letter. Plaintiff's Answers to First Set of Admissions of Wilmington Savings, Request Nos. 3 and 4.  Wilmington Savings has demonstrated that it provided the statutory notice of the Plaintiff right to pursue a modified mortgage loan and the Plaintiff does not – and cannot – dispute this fact.  Therefore, there are no issues of material facts and Wilmington Savings is entitled to judgment as a matter of law.  For this reason, the Court show grant summary judgment to Wilmington Savings as to the remaining count of the Amended Complaint.

7

## CONCLUSION

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Grant to Wilmington Savings summary judgment as to Count I of the Amended Complaint; and

2. Granting Wilmington Savings such other and further relief as is just and proper.

    Respectfully submitted,

    WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,

    By its attorneys,

    */s/ Aaron A. Fredericks, Esq.*
    Richard C. Demerle, Esq. (BBO#652242)
    Aaron A. Fredericks, Esq. (BBO#688412)
    Sassoon & Cymrot, LLP
    84 State Street
    Boston, MA 02109
    (617) 720-0099
    AFredericks@SassoonCymrot.com

DATE: April 16, 2019