**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **MATTHEW VANDERHOOP,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-cv-111924-FDS |
| | ) | |
| **WILMINGTON SAVINGS FUND** | ) | JUDGE SAYLOR |
| **SOCIETY FSB, CHRISTIANA** | ) | |
| **TRUST, NOT IN ITS INDIVIDUAL** | ) | ORAL ARGUMENT REQUESTED |
| **CAPACITY, BUT SOLELY AS** | ) | |
| **TRUSTEE FOR BCAT 2014-10TT,** | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Mr. Matthew Vanderhoop, Plaintiff in the above-entitled case, pursuant to Fed.R.Civ.P. 65 and moves this Court for entry of a *Temporary Restraining Order and Preliminary Injunction* to enjoin the Defendant, Wilmington Savings Fund Society FSB, Christiana Trust, not in its Individual Capacity, But Solely as Trustee for BCAT 2014-10TT (hereinafter "Wilmington'), its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, from holding a scheduled May 15, 2019 auction sale of Mr. Vanderhoop's home, located at 17 Old South Road in Aquinnah, Massachusetts (hereinafter "the Vanderhoop Property"), pending entry by the Court of a final judgment in this action.

Mr. Vanderhoop has met the prerequisites for the extraordinary relief he seeks and the Court should order a Temporary Restraining Order and Preliminary Injunction, without delay, for the following reasons:

1. Mr. Vanderhoop possess a clearly ascertainable right of protecting his home that is being threatened and in need of immediate, emergency protection as a result of an auction sale of the Vanderhoop Property that Korde & Associates, P.C. has scheduled for May 15, 2019.

2. Mr. Vanderhoop possess a substantial likelihood that he will prevail at a trial on the merits of this case by establishing that Wilmington has failed to comply with the foreclosure laws of the Commonwealth of Massachusetts.

3. Mr. Vanderhoop and his family will suffer immediate and irreparable harm, loss, and damage if Korde & Associates, P.C. is not enjoined from conducting a 2:00 PM May 15, 2019 auction sale of the Vanderhoop Property. If the Vanderhoop Property is sold, Mr. Vanderhoop will have no adequate remedy at law or in equity for the injury he would sustain should he later prevail at a trial on the merits.

4. The threatened injury to Wilmington, a multi-billion dollar, Delaware-based financial services corporation, by preventing it from conducting the May 15, 2019 auction sale of the Vanderhoop Property would be significantly outweighed by the actual harm to Mr. Vanderhoop and his family if the May 15, 2019 auction sale is not enjoined.

5. The granting of the Temporary Restraining Order and Preliminary Injunction will serve the public interest by mandating that Wilmington and similarly situated lenders, comply with the foreclosure laws of the Commonwealth of Massachusetts, and prevent the destabilization of traditional and well-established neighborhoods by requiring that

lenders offer mortgage loan modifications to homeowners, such as Mr. Vanderhoop, who qualify for a mortgage loan modification.

6. This Court has the authority under state and federal law to issue the relief that Mr. Vanderhoop is requesting.

This *Emergency Motion for a Temporary Restraining Order and Preliminary Injunction* is supported by a concurrently filed *Plaintiff's Supporting Affidavit*; *Memorandum of Plaintiff in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction*; and *Plaintiff's Proposed Order for Temporary Restraining Order and Preliminary Injunction.*

WHEREFORE, Mr. Vanderhoop requests that this Court grant him a Temporary Restraining Order and Preliminary Injunction, without bond, to enjoin Wilmington and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it be from holding a May 15, 2019 auction sale of the Vanderhoop Property, pending entry by the Court of a final judgment in this action, and for any other such relief as this Court deems just, equitable, and appropriate.

May 7, 2019

Respectfully submitted,
MATTHEW VANDERHOOP
By his attorney,

"/s/"*Deborrah M. Doman*
Deborrah M. Dorman, Esq., #635729
Law Office of Deborrah M. Dorman
Post Office Box 944
Tisbury, MA 02568
(774) 563-0040
dormandmd@aol.com