UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW VANDERHOOP, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:18-cv-111924-FDS |
| ) | |
| WILMINGTON SAVINGS FUND ) | JUDGE SAYLOR |
| SOCIETY FSB, CHRISTIANA ) | |
| TRUST, NOT IN ITS INDIVIDUAL ) | ORAL ARGUMENT REQUESTED |
| CAPACITY, BUT SOLELY AS ) | |
| TRUSTEE FOR BCAT 2014-10TT, ) | |
| Defendant ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Mr. Matthew Vanderhoop, Plaintiff in the above-entitled case, who hereby submits this *Memorandum of Law in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction*, pursuant to Fed.R.Civ.P. 65, seeking the entry of an emergency temporary restraining order and preliminary injunction from this Court to enjoin the Defendant, Wilmington Savings Fund Society FSB, Christiana Trust, not in its Individual Capacity, But Solely as Trustee for BCAT 2014-10TT (hereinafter "Wilmington'), its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, from holding a scheduled 2:00 PM May 15, 2019 auction sale of Mr. Vanderhoop's home, located at 17 Old South Road in Aquinnah, Massachusetts (hereinafter "the Vanderhoop Property"), pending entry by the Court of a final judgment in this action.

In meeting his burden for obtaining a Temporary Restraining Order and Preliminary Injunction, Mr. Vanderhoop will "…establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, and that the balance of equities tops in his favor, and that an injunction is in the public interest." <u>Donald Winter v Natural Res. Def. Council</u>, 555 U.S. 7, 20 (2008).

I. **Mr. Vanderhoop will likely succeed at a trial on the merits of this case in showing, conclusively, that Wilmington did not comply with the foreclosure laws of the Commonwealth of Massachusetts**

Mr. Vanderhoop will be successful in his litigation because Wilmington has failed to obey the foreclosure laws and regulations of the Commonwealth of Massachusetts, and Wilmington's non-compliance is well-documented and continues to this day. There is no evidence that Wilmington offered Mr. Vanderhoop assistance in modifying his predatory, high interest, mortgage loan, as is required by Massachusetts law. Instead, Wilmington has continued to make its own rules in response to Mr. Vanderhoop's ongoing efforts for a mortgage loan modification.

Selene Finance recently offered Mr. Vanderhoop a six (6) month temporary mortgage loan modification, an offer not based on a completed mortgage loan application, which Selene refuses to provide to Mr. Vanderhoop, contrary to Massachusetts law. Instead Selene based its trial mortgage loan modification offer on an appraisal of the Vanderhoop Property; a modification that required Mr. Vanderhoop to pay Selene $50,000 immediately, with $40,000 due in six (6) months, with no guarantee from Selene Finance that Mr. Vanderhoop would be offered a mortgage loan modification after the six months "probationary" period.

When Mr. Vanderhoop presented Selene Finance with a written counteroffer, as is allowed under Massachusetts General Laws, Korde & Associates, P.C., responded to Mr. Vanderhoop's counteroffer to Selene Finance by scheduling the May 15, 2019 auction sale of the Vanderhoop Property.

Korde & Associates, P.C., has recently offered to halt the May 15, 2019 auction sale of the Vanderhoop Property and reinstatement Mr. Vanderhoop's mortgage loan if Mr. Vanderhoop would pay $650,000 to Korde & Associates, immediately. In addition to its extensive and well-documented foreclosure rules and regulations, the Commonwealth of Massachusetts has enumerated a standard that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement...good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Cadle Co. v. Coreena Vargas, 55 Mass. App. Ct. 361 (2001), quoting Restatement (Second) of Contracts §205 (1979).

**II.     Mr. Vanderhoop and is family will suffer immediate and irreparable harm, loss, and damage if the May 15, 2019 auction sale is not enjoined.**

Mr. Vanderhoop is a Native American member of the Tribe of Aquinnah, and inherited, from his paternal grandfather, Leonard Vanderhoop, Sr., ancestral Indian Lands that had been in the family for generations, and is a large portion of the Vanderhoop Property in this case. If the Vanderhoop Property is sold at the May 15, 2019 auction sale, Mr. Vanderhoop will have no adequate remedy at law or in equity for the injury he and his family would sustain should Mr. Vanderhoop later prevail at a trial on the merits of this case.

### III. The balance of inequities favors Mr. Vanderhoop

Mr. Vanderhoop possess a clearly ascertainable right of protecting his home that is being threatened, unfairly, by Wilmington, and Mr. Vanderhoop is in need of immediate, emergency protection as a result of the actions of Korde & Associates, P.C. who have scheduled a May 15, 2019 auction sale of the Vanderhoop Property.

A Temporary Restraining Order and Preliminary Injunction, refraining Wilmington from holding the May 15, 2019 auction sale of the Vanderhoop Property until a trial on the merits would cause Wilmington, a multi-billion dollar, Delaware-based financial services corporation no substantial injury; notwithstanding Massachusetts laws, Wilmington has in the past, without legal authority, previously scheduled and subsequently, on its own initiative, postponed, several auction sales of the Vanderhoop Property.

If Korde & Associates, P.C., are allowed to proceed with the May 15, 2019 auction sale of the Vanderhoop Property the family would be threatened with immediate and irreparable harm, loss, and damage. "…the potential for harm in cases where the mortgagee fails to strictly comply with the power of sale prior to foreclosure is clear: a mortgagor whose property is foreclosed upon by a party who did not, as it turn out, have the authority to foreclosure has been unjustly deprived of his or her property." Sandro Turro v. Deutsche Bank Trust Company, 476 Mass. 1020, 1022 (2017; Linda Printi v. Emigrant Mortgage Company, Inc., 472 Mass. 226, n. 18 (2015).  See also Packaging Indus. Grp., Inc., v. Cheney, 405 N.E. 2d 106, 111 (1980) ("…without the requested relief, it [Mr. Vanderhoop] may suffer a loss of rights that cannot be vindicate should it prevail after a full hearing on the merit.").

**IV.     A Temporary Restraining Order and Preliminary Injunction will serve the public interest.**

A Temporary Restraining Order and Preliminary Injunction, that Wilmington refrain from holding the May 15, 2019 auction sale of the Vanderhoop Property until after a trial on the merits would further the public interest in several ways. Homeowners in the Commonwealth of Massachusetts have been particularly hard hit by the foreclosure crisis and many neighborhoods have been destabilized and property values significantly reduced. As a non-judicial state, where rules favors lenders, Massachusetts provides little to no judicial oversight over foreclosures, and the result has been too many residents losing their homes as a result of lender documents that are often incorrect, misleading, and not legally binding. "A 'robo-signer' is a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents and has not done so." One West Bank, FSB v. Drayton, 910 NYS 2d 857, 859-69 (S. St. 2010) (dismissing foreclosure action).

Granting Mr. Vanderhoop's Temporary Restraining Order and Preliminary Injunction would help foster lender compliance with foreclosure requirements, improve the integrity of the documents filed with the Massachusetts Registry of Deeds, encourage Wilmington to follow the rules, and ensure that only lenders having the right to foreclose in Massachusetts may be allowed by the Courts to do so. The issuance of a Temporary Restraining Order and Preliminary Injunction Order would remind lenders that it is more cost effective and better business practice to help homeowners modify their high interest, predatory loans, thereby strengthening homeownership and communities, and reducing preventable foreclosures.

Wilmington should be enjoined from conducting a May 15, 2019 auction sale of the Vanderhoop Property because, as outlined within: (1) Mr. Vanderhoop will likely succeed in showing that Wilmington did not comply with the provisions of M.G.L.c. 244, §35B; (2) Mr.

Vanderhoop and his family will suffer immediate and irreparable harm, loss, and damage if the May 15, 2019 auction sale is not enjoined; (3) the balance of inequities favors Mr. Vanderhoop; and (4) a Temporary Restraining Order and Preliminary Injunction restraining the May 15, 2019 auction sale of the Vanderhoop Property will serve the public interest.

WHEREFORE, for the reasons stated above, Mr. Vanderhoop respectfully requests that his Court allow his *Emergency Motion for Temporary Restraining Order and Preliminary Injunction*, and enjoin the May 15, 2019 auction sale of the Vanderhoop Property, pending entry by the Court of a final judgment in this action, and for any other such relief as the court deems just, equitable, and appropriate. "A court acting under general principles of equity jurisprudence has broad power to refrain, rescind, or cancel written instruments, including mortgages on grounds such as fraud, mistake, accident, or illegality." Beaton v. Land Court, 367 Mass. 385, 392, 326 N.E. 2d 302, 308 (1975), appeal dismissed, 423 U.S. 806, 96 S. Ct. 16, 46 L. Ed. 2d (1975).

May 7, 2019                                         Respectfully submitted,
                                                    MATTHEW VANDERHOOP
                                                    By his attorney,


                                                    "/s/"*Deborrah M. Doman*
                                                    Deborrah M. Dorman, Esq., #635729
                                                    Law Office of Deborrah M. Dorman
                                                    Post Office Box 944
                                                    Tisbury, MA 02568
                                                    (774) 563-0040
                                                    dormandmd@aol.com