UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

**OPPOSITION OF WILMINGTON SAVINGS TO PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Wilmington Savings, as defined below, and respectfully objects to the request of Matthew Vanderhoop (the "**Plaintiff**") for a temporary restraining order and preliminary injunction.  This Court has dismissed all other claims of the Plaintiff and, as to the remaining claim for breach of contract, Wilmington Savings has filed a request for summary judgment.  Therefore, the Plaintiff is unlikely to succeed on the merits of his last remaining claim.  Furthermore, this Court previously failed to extend or renew Plaintiff's request for a preliminary injunction which expired by its own terms on January 4, 2019.  In support of this motion, Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2014-10TT ("**Wilmington Savings**") states as follows.

1

## **PROCEDURAL HISTORY**

1.  On August 22, 2018, the Plaintiff filed a complaint (the "**Complaint**") with the Superior Court (Dukes County) for the Commonwealth of Massachusetts (the "**State Court**"), commencing the above-captioned action.

2.  In the Complaint, the Plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its mortgage on certain real property known as and numbered 17 Old South Road, Aquinnah, Dukes County, Massachusetts (the "**Property**").

3.  On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446. Doc. No. 1.

4.  On October 15, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Complaint (the "**Motion to Dismiss**") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 6, 7.

5.  On October 17, 2018, the Court issued a preliminary injunction enjoining Wilmington Savings from foreclosing on the Property before November 13, 2018. Doc. No. 10.

6.  On November 13, 2018, after hearing, the Court denied the Motion to Dismiss without prejudice, ordered the Plaintiff to file an amended complaint, and extended the preliminary injunction through December 19, 2018. Doc. No. 16.

7.  On November 29, 2018, Plaintiff filed his first amended complaint (the "**Amended Complaint**"). Doc. No. 18.

8.  On December 11, 2018, Wilmington Savings filed its <u>Motion of Wilmington Savings to Dismiss Amended Complaint</u> (the "**Motion to Dismiss Amended Complaint**") as well as its supporting memorandum of law requesting that the Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). <u>Doc. Nos. 19, 20</u>.

9.  On December 19, 2018, the Court extended the preliminary injunction through January 4, 2019. <u>Doc. No. 28</u>.

10. On January 8, 2019, the Court granted the Motion to Dismiss Amended Complaint in part, dismissing 14 of the Plaintiff's 15 claims.  The Court also took no action to extend or renew the injunction against Wilmington Savings' foreclosure of the Property, which injunction expired by its own terms on January 4, 2019.  <u>Doc. No. 39</u>.

11. On April 16, 2019, Wilmington Savings filed its <u>Motion of Wilmington Savings for Summary Judgment</u> as well as its supporting memorandum of law asking the Court to enter judgment in favor of Wilmington Savings on the Plaintiff's sole remaining claim of breach of contract as there are no disputed issues of material fact and Wilmington Savings is entitled to judgment as a matter of law. <u>Doc. Nos. 45, 46</u>.

12. On May 7, 2019, the Plaintiff filed his request to enjoin Wilmington Savings' foreclosure of the Property. <u>Doc. Nos. 51, 52, 53</u>.

13. Wilmington Savings' foreclosure sale is scheduled for May 15, 2019.

**Conclusions of Law**

14. For the following reasons, this Court should deny the Plaintiff's request for injunctive relief.

**Plaintiff Has Not Established a Right to Injunctive Relief**

27.     Plaintiff's motion should be denied as he has not established his right to injunctive relief.  As this Court is well aware, injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2009); Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (Injunctive relief is an "extraordinary and drastic remedy.")  To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.  In this case, Plaintiff's request establishes none of the factors required for injunctive relief.  First, the Plaintiff is unlikely to succeed on the merits of his claim.  Plaintiff makes the bare allegation that "there is no evidence that Wilmington offered Mr. Vanderhoop assistance…". Memorandum of Law in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, p. 2.  However, Plaintiff simply fails to acknowledge Wilmington Savings' motion for summary judgment - along with its supporting affidavit and exhibits – that show that Wilmington Savings reviewed his loan for modification, offered the Plaintiff an opportunity to submit information to support an application but received no response from the Plaintiff – i.e., Wilmington Savings complied with Mass. Gen. Laws ch. 244, § 35B. See Memorandum in Support of Motion of Wilmington Savings for Summary Judgment, ¶ 24 and exhibits G and H.

4

Furthermore, this Court has already expressed its concerns that Plaintiff's "allegation may be threadbare, and may lack credibility…". <u>Memorandum and Order on Defendant's Motion to Dismiss</u>, pp. 8, 9.  Second, Plaintiff has not alleged any facts demonstrating that he will suffer irreparable harm absent injunctive relief from this Court instead, Plaintiff makes the bare allegations that he would suffer an unspecified "injury". <u>Memorandum of Law in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction</u>, p. 3.  Third, neither the equities nor the public interest supports an injunction in this case.  Plaintiff's conduct has not been equitable; Plaintiff is more than 10 years in arrears on his Property's mortgage payments.  See <u>Memorandum in Support of Motion of Wilmington Savings for Summary Judgment</u>, exhibits I and J.  An injunction that would hinder the rights of a creditor is not in the public interest.  For these reasons, this Court should deny Plaintiff's request for injunctive relief.

## **Relief Requested**

WHEREFORE, Wilmington Savings respectfully requests that this Court enter an order:

1. Denying Plaintiff's request for a temporary restraining order;
2. Denying Plaintiff's request for a preliminary injunction; and
3. Granting Wilmington Savings such other and further relief as is just and proper.

Respectfully submitted,

WILMINGTON SAVINGS FUND SOCIETY
FSB, D/B/A CHRISTIANA TRUST, NOT
IN ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE FOR
BCAT 2014-10TT,

By its attorneys,

*/s/ Aaron A. Fredericks, Esq.*
Richard C. Demerle, Esq. (BBO#652242)
Aaron A. Fredericks, Esq. (BBO#688412)
Sassoon & Cymrot, LLP
84 State Street
Boston, MA 02109
(617) 720-0099
AFredericks@SassoonCymrot.com

DATE: May 10, 2019