UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| MATTHEW VANDERHOOP,<br>      Plaintiff<br><br>v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY FSB, CHRISTIANA<br>TRUST, NOT IN ITS INDIVIDUAL<br>CAPACITY, BUT SOLELY AS<br>TRUSTEE FOR BCAT 2014-10TT,<br>      Defendant | CIVIL ACTION NO. 1:18-cv-111924-FDS<br><br>JUDGE SAYLOR<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

NOW COMES Mr. Matthew Vanderhoop, Plaintiff in the above-entitled case, and respectfully submits this *Memorandum of Law in Opposition to Motion for Summary Judgment,* pursuant to Fed.R.Civ.P. 56.

**I.   INTRODUCTION**

1.   The issue before the Court is whether Wilmington Savings Fund Society FSB, Christiana Trust, not in its Individual Capacity, but Solely as Trustee for BCAT 2014-10TT (hereinafter "Wilmington") strictly complied with the provisions of M.G.L.c. 244 §35B. "A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly mortgage payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interest of the creditor, including but not limited to, investors." See M.G.L.c. 244 §35B(b). "Under this section,

for certain mortgages loans, the creditor shall send notice…of the borrower's rights to pursue a modified mortgage loan. Said notice shall be considered delivered to the borrower when sent by first class mail and certified mail or similar service by a private carrier to the borrower at the borrower's address last known to the mortgagee or anyone holding thereunder. A copy of said notice shall be filed with the attorney general." See M.G.L.c. 244 §35B(b)(1)(iv)(c).

2.   Wilmington has filed several exhibits in this action for summary judgment, however, none of them are tailored to the facts of this case, and they, conversely, show that Wilmington failed to send Mr. Vanderhoop notice of is right to pursue a modified mortgage loan, as required by M.G.L.c. 244 §35B.

3.   Wilmington has introduced two unsigned letters from Selene, dated June 6, 2017, allegedly sent to Mr. Vanderhoop, seeking to show that Wilmington complied with M.G.L.c. 244 §35B, but the letter would be inadmissible in court without a proper foundation as to the circumstances that surround the documents and they do not prove that Wilmington complied with M.G.L.c. 244 §35B.

4.   Wilmington has presented no evidence that they filed a copy of the required notice to the Massachusetts Attorney General. "Amendment of G.L.c. 244 in 2012 required objective evidence of a good faith effort to prevent foreclosures." Easthampton Savings Bank v. City of Springfield, 470 Mass. 284 (2014).

5.   Wilmington did not offer Mr. Vanderhoop assistance in modifying his predatory, no income verification, high interest mortgage loan, and Wilmington is not entitled to summary judgment in this case, as a matter of law.  When appropriate, the Court may grant summary judgment for a nonmovant. See Fed.R.Civ.P. Rule 56(f)(2).

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | **INTRODUCTION** | 1 |
| II. | **FACTUAL AND PROCEDURAL BACKGROUND** | 3 |
| III. | **ARGUMENTS AND AUTHORITIES** | 7 |
| | A. **Summary Judgment Standard** | 7 |
| | B. **Defendant's Alleged Claim of Compliance with M.G.L.c. 244 §35B** | 8 |
| | C. **Plaintiff's Genuine Defenses of Material Facts** | 10 |
| IV. | **CONCLUSION** | 12 |
| V. | **LIST OF EXHIBITS** | 14 |
| VI. | **LIST OF AUTHORITIES** | 15 |

## II.     FACTUAL AND PROCEDURAL BACKGROUND

6. On April 24, 2007, Book 1119/Page 298, Mr. Vanderhoop executed a promissory note for $850,000 in favor of Sovereign Bank, and as security, Mr. Vanderhoop granted a mortgage on the Property in favor of Sovereign.

7. On February 2, 2015, while Sovereign was still the record owner of the Property, Lynne Bluege-Rust, attorney in fact for MTGLQ Investors, signed an *Assignment of Mortgage* purporting to transfer the Property from MTGLQ Investors to WSFS, "together with the promissory note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage." Doc. No. 8-2.

8. On February 2, 2015, while Sovereign was still the record owner of the Property, Lynne Bluege-Rust, attorney in fact for MTGLQ, L.P., appeared before Texas notary Celeste Christman to notarize an *Assignment of Mortgage*, and proved to be "the duly authorized person who executed the within instrument on behalf of the company [MTGLQ] acknowledged to me that such attorney in fact, executed the within instrument pursuant to its by-laws." At the time of the signing, on February 2, 2015, Sovereign **not** MTGLQ was the record owner of the Property.  Doc. No. 8-2.

9. On May 1, 2015, the Mortgage was assigned from Santander to MTGLQ, Book 1375, Page 179. The date has been inserted and the notary acknowledgement conforms with neither the Mass.Gen.Laws 54B, nor Pennsylvania Law Sec. 316(2), both of which require the document be signed in the "Representative Capacity." Doc. No. 8-1.

10. On May 12, 2015, Book 1375, Page 876, the mortgage was assigned from MTGLQ to WSFS, although the documents were signed on February 25, 2015, while the Property was still owner by Sovereign so this assignment is void. Doc. No. 20-2.

11. On February 4, 2016, Defendant filed an *Affidavit Regarding Note Secured by Mortgage to be Foreclosed*," signed by Angela Farmer, VP of Rushmore Loan Management Services, LLC, admitting subject loan "may be a 'Certain Mortgage Loan," as defined by G.L.c. 244, Section 35B(a). In the Affidavit, Ms. Farmer is alternatively referred to as Vice President of WSFS; Vice President of Rushmore. However the property was not transferred to WSFS until February 6, 2018, when MTGLO Investors, assigned and transferred to WSFS whose address is c/o Selene Finance LP. Doc. No. 8-2.

12. On February 2, 2016, Eva Massimino, attorney at law, filed a Certificate, "… facts stated in the foregoing affidavit are relevant to the title to the premises therein describe and will be of benefit and assistance in clarifying the chain of title thereto." "As applicable Rushmore Loan Management Services LLC had taken reasonable steps and made a good faith effort to avoid foreclosure, as required by G.L.c. 244, Sec. 35B. Ibid.

13. On February 14, 2016, at 8:59:14 AM, Book 1460/Page 550, WBFS assigned the mortgage to MTGLQ. The assignment does not mention the promissory note and the notary acknowledgement does not comply with "representative capacity." Doc. 8-4.

14. On February at 8:50:14 AM, Book 1460/Page 559, MTGLQ assigned the mortgage to WBFS. The acknowledgment is not dated. "A 'robo-signer' is a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents and has not done so." One West Bank, FSB

v. Drayton, 910 NYS 2d 857, 859-69 (S. St. 2010) (dismissing foreclosure action). Doc. No. 8-5.

15. On September 13, 2017, Defendant filed case, no. 17SM007509, with the Massachusetts Land Court to determine Plaintiff's military status. On June 14, 2018, the Land Court entered judgment in favor of WSFB. Doc. No. 20-5.

16. On August 22, 2018, Defendant scheduled an auction of Mr. Vanderhoop's home.

17. On August 22, 2018, Mr. Vanderhoop filed a *Complaint and Motion for Temporary Restraining Injunction for Protection from an Unlawful Foreclosure Auction of His Home, G.L.c.244, Sec. 35B*, (hereinafter "the Complaint") with the Dukes County Superior Court commencing the above-captioned action, alleging that "…Mr. Vanderhoop… has been denied the opportunity to modify his mortgage in order to avoid the foreclosure of his home in violation of G.L.c. 244."

18. On September 11, 2018, Defendant removed the State Court action to this Court pursuant to U.S.C. Sections 133, 1441, and 1446. Doc. No. 1

19. On October 15, 2018, Defendant filed a Motion of Wilmington Savings to Dismiss the Complaint, along with a memorandum of law in support. Doc. Nos. 6, 7.

20. On November 13, 2018, the Court denied Defendant's motion to dismiss without prejudice and allowed Plaintiff to file an amended complaint. Doc. No. 16.

21. On November 29, 2018, Mr. Vanderhoop filed his First Amended Complaint. Doc. No. 18.

22. On December 11, 2018, Defendant filed it Motion to Dismiss Amended Complaint, as well as supporting memorandum of law. Doc. Nos. 19, 20.

23. On January 3, 2019, Mr. Vanderhoop filed a Motion for Entry of Default against Defendant for failing to file an answer to Mr. Vanderhoop's first amended complaint [Doc. No. 18]. Doc. No. 29.

24. On January 18, 2019, Defendant filed an answer to Mr. Vanderhoop's first amended complaint. Doc No. 41

25. On April 16, 2019, Defendant filed motion for summary judgment and memorandum of law in support, thereof. Docs. No. 45, 46.

### III.     ARGUMENTS AND AUTHORITIES

**Summary Judgment Summary Standard**

26.     In the Commonwealth of Massachusetts, the summary judgment standard places the burden on Wilmington to firmly demonstrate that "…there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. "…even if the movant would not bear the burden of proof, on the issue at trial." William T. Brrasso , Jr. v. New Century Mortgage Corporation, 91 Mass. App. Ct. 42, 46 (2017). "…the party seeking summary judgment…bears the burden of affirmatively demonstrating that there is no triable issue of fact." Susan Drakopoulous v. U.S. Bank National Association, 465 Mass. 775, 784 (2013), quoting Ng. Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002). See also Fed.R.Civ.R. 56.

27.     Mr. Vanderhoop responds, herein, with specific acts that establish the existence of material facts that are in dispute to defeat Wilmington's request for summary judgment. "Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion." Drakoulous @ 778.  See also Fed.R.Civ.P 56 (  ) ("must set forth specific facts

showing that there is no genuine issue for trial"). All facts presented in this summary judgment action should be construed "…in favor of the nonmoving party. Elenedis A. Moronta v. National Star Mortgage, LLC, 88 Mass. App. Ct. 621, 625 (2015). "In reviewing the summary judgment decision, we view the material presented most favorable to the nonmoving party." Kelley v. Rossi, 395 Mass. 659, 661 (1985). "…judge should assume that all the facts set forth in the opposing party's affidavits are true, and that any reasonable inferences raised therein and favorable to that party will be drawn." Ford Motor Company v. Loren M. Barrett.

28. Wilmington has submitted numerous exhibits and affidavits with its motion that are not tailored to the facts of this case, in an attempt to show that Wilmington complied with the requirements of M.G.L.c. 244§35B. However, Mr. Vanderhoop has presented an opposing affidavit that Wilmington did not sent him a letter as was required. "…a toehold …is enough to survive a motion for summary judgment." Gura Jiwan Singh Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 831 (2015), quoting Marr Equip. Corp. v. I.T.O. Corp. of New England, 14 Mass. App. Ct. 231, 235 (1982).

  **B. Defendant's Alleged Compliance with M.G.L.c. 244 §35B**

29. Wilmington is asking this Court to find that Wilmington complied with M.G.L.c. 35B and grant it summary judgement, because it sent Mr. Vanderhoop a letter and Mr. Vanderhoop did not complete the attachments and, therefore, Wilmington is absolved from any duty to help Mr. Vanderhoop avoid foreclosure and save his home.

30. However, the evidence that Wilmington relies upon, a June 6, 2017 unsolicited letter sent from Selene Finance to Mr. Vanderhoop, does not prove that Wilmington complied with M.G.L.c. 244 §35B. The June 6, 2017 Selene letter shows just the opposite: that Wilmington did not comply with Massachusetts law. The letter does not mention Wilmington in the letter, and it

is manifestly unjust, as well as unconscionable, that Wilmington would believe that it complied with Massachusetts foreclosure laws with this gimmick of having a business send an unsolicited letter requiring confidential information from a destressed homeowner, without any indication, whatsoever, that the letter was from the lender, and when the Massachusetts homeowner does not respond to the letter and attached application, the lender can claim it tried to assist a distressed homeowner saddled with a predatory, high interest mortgage. "We recognized that a mortgage holder must not only act in strict compliance with its power of sale but must also "act in good faith and …use reasonable diligence to protect the interest of the mortgagor…" U.S. Bank National Association v. Ibanez, 458 Mass. 637, n. 16 (2010). See William v. Resolution GGF Oy, 417 Mass 377, 382-383 (1994), quoting Sipla and Ado Constru. Co. v. Petersen, 373 Mass. 316, 320 (1977).

31.     In a motion for summary judgment "…bare assertions and conclusions regarding a company's officer's understanding, beliefs, and assumptions are not enough…" Gura Jiwan Singh Khalsa v. Sovereign Bnk, 88 Mass. App. Ct. 824, 827 (2016), quoting Polaroid Corp v. Rollins Envtl. Servs. Inc., 416 Mass 684, 696 (1993); Harverty v. Commissioner of Corrections, 437 Mss. 737, 754 (2002), 440 Mass 1, 1 (2003)

32.     Wilmington did not send Mr. Vanderhoop the letter required by M.G.L.c. 35B. Instead the June 6, 2017 letter was alleged sent to Mr. Vanderhoop by Selene Finance, who at the time held neither Mr. Vanderhoop's mortgage loan nor the promissory note to the mortgage. "We recognize that a mortgage holder must '…act in good faith and …use reasonable diligence to protect the mortgagor…" U.S. Bank National Association v. Ibanez, 458 Mass. 637, n. 16 (2010). See William v. Resolution GGF Oy, 417 Mass. 377, 382-383 (1994), quoting Sipla and Ado Contru. Co. v. Peterson, 373 Mass 316, 320 (1977).

33.     Selene's letter of June 6, 2017, does not mention Wilmington or indicate that Selene was sending the letter to Mr. Vanderhoop on Wilmington's behalf. By contrast, Wilmington's exhibit, Doc. 20-8, indicating a "Right to Request a Modification Loan," sent to Mr. Vanderhoop by Santander, indicates in the heading as well as in the first paragraph that "We are contacting you because our records indicate that you are eligible to request a loan modification of your **mortgage with Santander Bank, N.A**." [Emphasis added] Doc. No. 20-8.

34.     Selene's June 6, 2017 letter states, "We are contacting you because our records indicate that you are eligible under Massachusetts law to request a modification of your mortgage with Selene Finance LP ("Selene). "Every contact imposes upon each party a duty of good faith and fair dealing in its performance and enforcement…good faith performance or enforcement of a contract emphasizes faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party." Cadle Co. v. Coreena Vargas, 55 Mass. App.Ct. 361 (2001), quoting Restatement (Second) of Contracts §205 (1979).  "'A court acting under general principles of equity jurisprudence has broad power to  reform, rescind, or cancel written instruments, including mortgages, on grounds such as fraud, mistake, accident, or illegality." Beaton v. Land Court, 367 Mass. 385, 392, 326 N.E. 2d 302, 308 (1975), appeal dismissed, 423 U.S. 806, 96 S. Ct. 16, 46 L.Ed.2d (1975).

35.     No reasonable person would have believed that the letters sent by Selene were in fact from Wilmington. There was nothing in the letter to indicate that Wilmington was the author or that Selene was acting on Wilmington's behalf and Wilmington's attempt to declare otherwise is unjust, unfair, deceptive, and a complete misrepresentation of how business relationships, especially between lender and homeowner, are conducted in the Commonwealth of Massachusetts.

### C. Mr. Vanderhoop has Genuine Defenses of Material Facts

36.  Mr. Vanderhoop has attached to this memo an affidavit, See Exhibit 1, that contradicts Wilmington's assertion that it complied with M.G.L.c. 35B. "If a plaintiff makes a prima facie case, it is then incumbent on a defendant to counter with its own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment against him." Federal National Mortgage Association v. Oliver Hendricks, 463 Mass. 634 (2012). "…in the context of a summary judgment proceeding, prima facie evidence 'does not by itself establish that there is no genuine issue as to any material facts' since it by definition may be rebutted." See Ford Motor Co. v. Loren M. Barrett, 420 Mass. 240, 243, Vaught Constr. Corp. v. Bertonazzi Buick Co., 371 Mass. 553, 560 (1976).

37.  Wilmington has been less than transparent in the way it has assigned and assumed Mr. Vanderhoop's mortgage loan and numerous of the affidavits and acknowledgements that it filed with the Duke's County Registry of Deeds neither comply with Massachusetts Notary statutes or with the notary requirements of the states in which the questionable documents were executed. See Docs. No. 38. A mortgage assignment is valid as long as it complies with the requirements of Mass.Gen.Laws ch. 183, Section 54B…" "Similarly, a mortgage recorded with an acknowledgement that contains a material defect is not properly recorded and does not provide constructive notice of the mortgage." Bank of America v. Debora Casey, 474 Mass. 556 (2016).

38.  It is totally unreasonable for Wilmington to claim that it complied with M.G.L.c. 35B because Selene allegedly sent Mr. Vanderhoop a letter indicating he may be eligible for a mortgage loan. The Selene letter neither identified Wilmington nor indicated that Selene was sending the letter on behalf of Wilmington. There was nothing in the June 6, 2017, that would allow a reasonable person to assume that a Selene letter was actually Wilmington's letter sent in

compliance with M.G.L.c. 35B, and it would be patently unethical and against good faith business practices, to declare that Mr. Vanderhoop was required to respond to an unsolicited letter by Selene, to provide them with highly confidential personal information, and that his failure to respond to Selene's attached application, again, with no indications that it was being sent by Wilmington, could legally absolve Wilmington of its duties and responsibilities as the holder of Mr. Vanderhoop's mortgage.

38. There is a genuine issue of material fact and a credible dispute between the parties as to whether Selene's letter to Mr. Vanderhoop complied with the requirements that Wilmington make a good faith effort to prevent Mr. Vanderhoop's home from going into foreclosure.

40. It is unclear from Selene's letters that it was acting on behalf of Wilmington and this is an issue of genuine dispute that prevents Wilmington from prevailing at summary judgment.

41. At issue is whether Wilmington breached an implied covenant of good faith, acted in bad faith, and misrepresented the facts when it claimed to comply with M.G.L.c. 35B based on Selene's letters, sent to Mr. Vanderhoop with no indication in the letters that Wilmington was offering Mr. Vanderhoop relief from his predatory mortgage.

42. It was implausible for Mr. Vanderhoop to believe that a letter from Selene offering mortgage assistance was really from Wilmington since the industry practice is that M.G.L.c. 35B compliance requires assistance from holder of the mortgage or promissory note, or agents who have been identified to work on their behalf.

43. Mr. Vanderhoop alleges that the misrepresentations and omissions apparent in Selene's June 6, 2017 letter to Mr. Vanderhoop were material, based on implausible inference, and ambiguous conduct that if allowed to continue, will negate the legally protections of M.G.L.c.

35B and result in undesirable public policy consequences for distressed Massachusetts homeowners seeking to avoid foreclosure of their homes.

**CONCLUSION**

44. Mr. Vanderhoop requests that this Court deny Wilmington's Motion for Summary Judgment in its entirety, based on the foregoing reasons contained in Mr. Vanderhoop's Motion in Opposition, this Memorandum in Opposition, and arguments to be held on the topic.

45. The undisputed facts establish that there exist an issue of material facts as to whether Wilmington has complied with M.G.L.C. 244, Sec. 35B.

46. Wilmington has, therefore, failed to meet its burden, pursuant to Fed.R.Civ.P. 56, and has not proved that it compiled with M.G.L.C. 244, Sec. 35B, and its motion for summary judgement should fail as a matter of law.

47. There is no evidence that Wilmington offered Mr. Vanderhoop assistance in modifying his predatory, high interest, mortgage loan, as is required by Massachusetts law. Instead, Mr. Vanderhoop has filed an affidavit with this memo that states that he never received a letter from Wilmington and the evidence presented by Wilmington proves Mr. Vanderhoop's point: Wilmington has failed to show that it complied with M.G.L.c. 244 §35B.

WHEREFORE, Mr. Vanderhoop respectfully requests that this Court deny Wilmington's Motion for Summary Judgment, as Wilmington has failed to establish grounds for relief and has not met its burden of showing that it is entitled to summary judgment possession as a matter of law. "…has not established the absence of material issues of disputed facts entitling it to judgment on any individual claim…" Susan Drakapoulous v. U.S. Bank Nat'l Assn., 465 Mass.

775, 777 (2013). "The courts shall have the power, no matter who initiates the motion to award judgment to the party legally entitled to prevail on the undisputed facts." Fed.R.Civ.P.

| | |
|---|---|
| May 10, 2019 | Respectfully submitted, |
| | MATTHEW VANDERHOOP<br>By his attorney, |
| | "/s/"*Deborrah M. Doman*<br>Deborrah M. Dorman, Esq., #635729<br>Law Office of Deborrah M. Dorman<br>Post Office Box 944<br>Tisbury, MA 02568<br>(774) 563-0040<br>dormandmd@aol.com |

## **LIST OF EXHIBITS**

1. Exhibit A  Mr. Vanderhoop's Affidavit in Opposition to Motion for Summary Judgment

**TABLE OF AUTHORITIES**

1. Bank of America v. Debora Casey, 474 Mass. 556 (2016)

2. William T. Barrasso, Jr. v. New Century Mort. Corp., 91 Mass. App. Ct. 42 (2017)

3. Beaton v. Land Court, 367 Mass. 85 (1975)

4. Cadle Co. v. Coreena Vargas, 55 Mass. App. Ct. 361 (2001)

5. Susan Drakopoulos v. U.S. Bank N.A., 465 Mass. 775 (2013)

6. Easthampton Savings Bank v. City of Springfield, 470 Mass. 284 (2014)

7. Ford Motor Co. v. Loren M. Barrett, 403 Mass. 240 (1988)

8. Kelly v. Rossi, 395 Mass. 659, 661 (1985)

9. Guru Jiwan Singh Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824 (2016)

10. Elenedis A. Moronta v. National Star Mortgage, LLC, 88 Mass. App. Ct. 621 (2015)

11. U.S. Bank N.A. v. Antonio Ibanez, 458 Mass. 637 (2011)

12. William v. Resolution GGF Oy, 417 Mass. 377 (1994)