UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW VANDERHOOP,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,<br>    Defendant. | Civil Action No. 18-11924-FDS |

## **MOTION OF WILMINGTON SAVINGS FOR AN ORDER OF CONTEMPT**

NOW COMES Wilmington Savings Fund Society FSB, D/B/A Christina Trust, not in its individual capacity, but solely as trustee for BCAT 2014-10TT ("**Wilmington Savings**") and respectfully moves for an order finding Matthew Vanderhoop (the "**Plaintiff**") in contempt of this court's order of May 13, 2019 denying Plaintiff's motion for preliminary injunction.[1] In support of this motion, Wilmington Savings submits contemporaneously herewith an Affidavit of Holly Mobilila and an Affidavit of Luiz Gonzaga[2]. In support of this motion, Wilmington Savings states as follows:

---

[1] By order dated May 13, 2019, this court denied the Plaintiff's request to enjoin Wilmington Savings May 15, 2019 forecclsoure sale. However, on the day of the sale, the Plaintiff personally blocked Wilmington Savings' representatives from conducting the foreclosure sale.

[2] The affidavit of Mr. Gonzaga is filed herewith. The affidavit of Ms. Mobilila is currently in being executed. It is anticipated that the second affidavit shall be filed prior to the hearing scheduled on Tuesday May 28, 2019.

## PROCEDURAL HISTORY

1. On August 22, 2018, the Plaintiff filed a complaint (the "**Complaint**") with the Superior Court (Dukes County) for the Commonwealth of Massachusetts (the "**State Court**"), commencing the above-captioned action.

2. In the Complaint, the plaintiff seeks *inter alia* to enjoin Wilmington Savings from foreclosing its mortgage on the property known as and numbered 17 Old South Road, Aquinnah, MA (the "**Property**").

3. On September 11, 2018, Wilmington Savings removed the State Court action to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446. Doc. No. 1.

4. On October 15, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Complaint (the "**Motion to Dismiss**") as well as its supporting memorandum of law requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 6 and 7.

5. On November 13, 2018, after hearing, the Court denied the Motion to Dismiss without prejudice to its renewal. The Court ordered the Plaintiff to file an amended complaint by November 29, 2018. Doc. No. 16.

6. On November 29, 2018, Plaintiff filed his first amended complaint (the "**Amended Complaint**"). Doc. No.18.

7. On December 11, 2018, Wilmington Savings filed its Motion of Wilmington Savings to Dismiss Amended Complaint (the "**Motion to Dismiss Amended Complaint**") as well as its supporting memorandum of law requesting that

the Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. Nos. 19 and 20.

8. On January 8, 2019, the Court granted in part the Motion to Dismiss Amended Complaint and dismissed all but one count of the Amended Complaint. Doc. No. 39.

9. On January 18, 2019, Wilmington Savings filed its answer.

10. On April 16, 2019, Wilmington Savings filed a motion for summary judgment on the sole count remaining in this action. Doc. No. 45. The matter is set for hearing for May 28, 2019.

11. On May 7, 2019, Plaintiff filed a motion to enjoin Wilmington Savings' May 15, 2019 foreclosure sale for the Property. Doc. No. 51.

12. On May 13, 2019, this court denied Plaintiff's motion to enjoin the foreclosure sale. Doc. No. 58.

## CONCISE STATEMENT OF THE MATERIAL FACTS

13. Selene Finance LP ("**Selene**") is the servicer of the loan.

14. Selene scheduled a foreclosure auction for May 15, 2019 for Wilmington Savings' mortgage on the Property.

15. Selene retained auctioneer Luiz Gonzaga to conduct the auction.

16. Selene Finance LP retained Holly Mobilia to be its representative at the auction and to bid on the Property on Wilmington Savings' behalf.

17. On information and belief, the Property abuts tribal land and the only access to the Property is via an access road across said tribal land.

18.	On May 15, 2019 Mr. Gonzaga and Ms. Mobilia arrived at the access road and came upon a sawhorse and signs blocking access to the Property.

19.	Signs were posted on trees next to the access point that read, "Boundary Marker The property beyond this Boundary Marker is managed by a Federally Acknowledged Tribe.  Access is restricted to TRIBAL MEMBERS ONLY except those with express written permission."

20.	Due to poor cellphone reception, Mr. Gonzaga and Ms. Mobilia left the access road to call the law firm of Korde & Associates, PC ("**Korde**") to advise of the blocked access and warning signs.

21.	Upon returning to the access road, Gonzaga and Mobilia found it blocked by multiple individuals.  Plaintiff was one of the individuals blocking the road.

22.	Plaintiff's Jeep Cherokee was also blocking the road and had signs on the windshield that read, "Indian Land You are **NOT** welcome."

23.	Local police and tribal security were also on the access road.

24.	Due to Plaintiff's obstruction of access to the Property – in contradiction of this court's May 13, 2019 order denying Plaintiff's motion for preliminary injunction - Korde advised Mr. Gonzaga to announce the foreclosure sale would be continued to June 20, 2019.

## **ARGUMENT**

This court should hold the Plaintiff in contempt for violating this court's order. The U.S. Court of Appeals for the First Circuit has set forth the following four (4) requirements that must be met to hold a party in civil contempt of court: (1) the

contemnor must have had notice of the court order; (2) the order must have been "clear, definite, and unambiguous"; (3) the contemnor must have had the ability to comply with the order; and (4) the contemnor must have violated the order.  <u>United States v. Saccoccia</u>, 433 F.3d 19, 26 (1st Cir. 2005).

In this case, the four requirements to hold Plaintiff in contempt of court have been met.  First, Plaintiff had notice of the court order: Plaintiff has counsel representing him in this case and counsel received notice of the court's order denying the request for injunctive relief. <u>Doc. No. 58.</u>

Second, the order denying Plaintiff's motion for preliminary injunction is clear and unambiguous.  It reads in relevant part, "…[a]s to the balance of equities, it appears from the record that plaintiff has not paid his mortgage in more than ten years, during which he has enjoyed possession and use of the Property without encumbrance, and there is no evidence that any additional postponement of the sale will accomplish anything other than further delay."  <u>Doc. No. 58.</u>

Third, Plaintiff had the ability to comply with the order by not interfering with the foreclosure action.

Fourth, Plaintiff violated this court's May 13, 2019 order.  By blocking the access road to the Property, the Plaintiff obtained what this court said he could not have – i.e., an injunction against the foreclosure sale.

WHEREFORE Wilmington Savings respectfully requests that this Honorable Court enter an order holding:

1. Holding Plaintiff in contempt;

2. Awarding Wilmington Savings fees and costs for the unlawful delay of its foreclosure;

3. Sanction Plaintiff for his conduct; and

4. Grant Wilmington Savings such other and further relief as is just and proper.

    Respectfully submitted,

    WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2014-10TT,

    By its attorneys,

    */s/ Michael E. Swain*
    Richard C. Demerle, Esq. (BBO#652242)
    Aaron A. Fredericks, Esq. (BBO#688412)
    Michael E. Swain, Esq. (BBO#676513)
    Sassoon & Cymrot, LLP
    84 State Street
    Boston, MA 02109
    (617) 720-0099
    AFredericks@SassoonCymrot.com

DATE: May 24, 2019