# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MATTHEW VANDERHOOP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 18-11924-FDS |
| v. | ) | |
| | ) | |
| WILMINGTON SAVINGS FUNDS SOCIETY FSB d/b/a CHRISTIANA TRUST, Not in Its Individual Capacity, but Solely as Trustee for BCAT, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action seeking to forestall a mortgage foreclosure. Plaintiff Matthew Vanderhoop, who has been in default on his mortgage for more than ten years, seeks to enjoin defendant Wilmington Savings Funds Society FSB ("Wilmington") from foreclosing on his property. The Court previously dismissed all claims except for a claim that Wilmington did not comply with the foreclosure requirements set forth in Mass. Gen. Laws ch. 244, § 35B. Wilmington has now moved for summary judgment on that claim. For the following reasons, the motion will be granted.

## I.   Background

### A.   Factual Background

The following facts are as set forth in the record.

By quitclaim deed dated January 7, 1995, Matthew and Rachel Vanderhoop became record owners of real property located at 17 Old South Road (the "property") in Aquinnah,

Massachusetts. (Zerulik Aff. ¶ 5).[1] On April 24, 2007, Vanderhoop executed a promissory note to borrow $850,000 from Sovereign Bank. (Def. Ex. A). The note required him to make monthly payments of $5,090.72. (*Id.*). That same day, Vanderhoop also granted a mortgage on the property in favor of Sovereign Bank. (Def. Ex. B).

Vanderhoop has not made the required monthly payment since October 2008, more than ten years ago. (Def. Ex. I). Nonetheless, he continues to possess the property,

On September 9, 2014, Santander Bank, the successor-in-interest to Sovereign Bank, assigned the mortgage to MTGLQ Investors, L.P. (Def. Ex. C). It appears that the assignment was not recorded in the Dukes County Registry of Deeds until May 1, 2015. (*Id.*).

On February 2, 2015, MTGLQ Investors assigned the mortgage to Wilmington. (Def. Ex. D). It is uncertain when the assignment was recorded. However, Wilmington attests that the assignment was recorded on Page 876 of Book 1375 of the Registry. (Zerulik Aff. ¶ 7).

On January 10, 2018, Wilmington assigned the mortgage back to MTGLQ Investors. (Def. Ex. E). It appears that the assignment was not recorded until February 14, 2018. (*Id.*).

On February 6, 2018, MTGLQ Investors assigned the mortgage to Wilmington for a second time. (Def. Ex. F). It appears that the assignment was not recorded until February 14, 2018. (*Id.*).

At all relevant times, Selene Finance LP has been the servicer of the note. (Zerulik Aff. ¶ 2). Selene mailed a letter by First Class and Certified Mail to Vanderhoop dated June 6, 2017, titled "Right to Request a Modified Mortgage Loan" (the "Section 35B letter"). (Def. Ex. G, H). The Section 35B letter stated that Vanderhoop was eligible under Massachusetts law to "request

---

[1] Because Rachel did not execute the note and is not otherwise involved in this litigation, all references to "Vanderhoop" will be to Matthew.

2

a modification of [his] mortgage with Selene Finance LP." (*Id.*). The letter also included various enclosures, including a "Mortgage Modification Options form." (*Id.*). That form offered four choices, including the option to "request a loan modification." (*Id.*). In order to qualify for a loan modification, Vanderhoop would have had to, among other things, attach a complete statement of his total income, assets, and debts. (*Id.*).

Selene sent a second letter by First Class and Certified Mail to Vanderhoop also dated June 6, 2017, titled "90 Day Right to Cure Your Mortgage Default" (the "Section 35A letter"). (Def. Ex. I). The Section 35A letter warned that Vanderhoop owed $457,031.52 and that the full amount was due by September 4, 2017, or 90 days from the date of the notice. (*Id.*). Otherwise, Wilmington would conduct a foreclosure sale. (*Id.*).

It is undisputed that Vanderhoop did not complete and return the attachments included in the Section 35A and 35B letters, or otherwise cure the mortgage default before the 90-day deadline elapsed. (Def. Ex. L).

On September 13, 2017, Wilmington filed a complaint against Vanderhoop pursuant to the Servicemembers Civil Relief Act in the Land Court. (Zerulik Aff. ¶ 14). The Land Court entered judgment against Vanderhoop on June 14, 2018. (Def. Ex. K).

**B.   Procedural History**

On August 22, 2018, Vanderhoop filed a complaint against Wilmington in Dukes County Superior Court. The complaint asserted fifteen counts, most of which alleged that the assignments in 2014, 2015, and 2018 were "void." Wilmington then timely removed the action to this court on the basis of diversity jurisdiction.

On October 17, 2018, this court issued a preliminary injunction enjoining Wilmington from foreclosing on the property before November 13, 2018. The preliminary injunction was

3

later extended through January 4, 2019.

On January 8, 2019, the Court granted Wilmington's motion to dismiss as to all claims except Count One, which alleged a violation of Mass. Gen. Laws ch. 244, § 35B. In its memorandum and order, the Court further declined to extend the preliminary injunction. After close of discovery, Wilmington moved for summary judgment.

## II. Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotations omitted). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

## III. Analysis

Mass. Gen. Laws ch. 244, § 35B provides, among other things, that a "creditor shall not

4

cause publication of notice of a foreclosure sale" upon "certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Mass. Gen. Laws ch. 244, § 35B(b).[2] The statute specifies:

> A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including, but not limited to, investors.

*Id.* Section 35B further states "the creditor shall send notice . . . of the borrower's rights to pursue a modified mortgage loan" and that the borrower must respond to the notice within 30 days. *Id.* § (c).

Here, the undisputed evidence clearly shows that Wilmington complied with the mandates of the statute. Selene Finance mailed to Vanderhoop a Section 35B letter dated June 6, 2017, titled "Right to Request a Modified Mortgage Loan." (Def. Ex. G, H). That letter stated that Vanderhoop could seek a "loan modification or other foreclosure alternative" by "complet[ing] and return[ing] the enclosed Mortgage Modification Options form." (*Id.*). Because Vanderhoop failed to return the Mortgage Modification Options form or otherwise respond by July 7, 2017, he lost the right to seek a modified mortgage. (*Id.*). His subsequent failure to cure the default by September 4, 2017, permitted Wilmington to initiate foreclosure proceedings.

Vanderhoop raises two arguments in opposition, neither of which is persuasive. First, he contends that the Section 35B letter does not constitute a good-faith effort to comply with Mass. Gen. Laws ch. 244, § 35B because it was sent by Selene Finance, not Wilmington itself. (Mem.

---

[2] The parties do not dispute that the note is a qualifying "certain mortgage loan" under the statute.

5

in Opp. to Mot. for SJ at 8). He reasons that because "[t]he letter does not mention Wilmington," it "is manifestly unjust, as well as unconscionable, that Wilmington would believe that it complied with Massachusetts foreclosure laws with this gimmick." (*Id.* at 8-9). In substance, this is an argument that a loan servicer cannot send a Section 35B letter on behalf of a mortgagee. However, as the First Circuit explained, "a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006). There is no dispute that Selene was an authorized agent of Wilmington. Accordingly, Selene was permitted to send the notice in question.[3]

Moreover, even if the Section 35B letter should have identified Wilmington as the mortgagee, that would not change the disposition of the pending motion. In *U.S. Bank Nat'l Assoc. v. Schumacher*, the Supreme Judicial Court held that a mortgagee's failure to comply strictly with the requirements of Mass. Gen. Laws ch. 244, § 35A would not void an otherwise valid foreclosure because it "is not one of the statutes 'relating to the foreclosure of mortgages by the exercise of a power of sale.'" 467 Mass. 421, 431 (2014). As the Appeals Court subsequently explained, Section 35A was designed simply to give mortgagors "information necessary to contact the party who holds all relevant information about the loan . . . and who holds authority to . . . allow the mortgagor to cure any default." *Haskins v. Deutsche Bank Nat'l Trust Co.*, 86 Mass. App. Ct. 632, 634 (2014). Lower courts have since extended that reasoning to hold that a failure to strictly comply with the requirements of Mass. Gen. Laws ch. 244, § 35B does not void an otherwise valid foreclosure. *See Bank of N.Y. Mellon v. Fernandez*, 87 Mass. App. Ct. 1136 (Table) (2015) (noting that Section 35B also is "not related to the foreclosure of

---

[3] Vanderhoop has identified no authority, and this Court is unaware of any, in support of the proposition that a Section 35B letter must be sent by the mortgagee rather than the mortgagee's agent.

6

mortgages by the exercise of a power of sale"); *Wells Fargo Bank, N.A. v. Coffin*, 2018 WL 5532497, at *9 (Mass. Land Ct. Oct. 29, 2018); *see also Lawrence v. Carrington Mortg. Servs., LLC*, 2019 WL 1501579, at *3 (D. Mass. Feb. 7, 2019).[4] Instead, equitable relief under Section 35B is warranted only where a violation "render[s] the foreclosure . . . 'fundamentally unfair.'" *Fernandez*, 87 Mass. App. Ct. 1136 (quoting *Schumacher*, 467 Mass. at 433 (Gants, J., concurring)). Where, as is here, the mortgagor has possessed the property continuously despite not having made requisite payments for over a decade, and failed to apply for a mortgage modification, the Court will follow the reasoning of *Schumacher* and decline to enjoin foreclosure.[5]

Second, Vanderhoop states that he does not remember receiving the Section 35B letters. In his answers to Wilmington's interrogatories, Vanderhoop stated that he did not "remember receiving a letter and the included attachments sent by certified mail dated June 6, 2017 from Selene Finance LP entitled 'Right to Request a Modified Mortgage Loan.'" (Def. Ex. L). However, Mass. Gen. Laws ch. 244, § 35B(c) provides that the notice "shall be considered delivered to the borrower when sent by first class mail and certified mail." The first page of the notice specifies that the letter was sent "By First Class and Certified Mail" and included a USPS certification number. (Def. Ex. G, H). Although not controlling, there is no evidence that the letters were returned as undeliverable. Vanderhoop's mere denial of receipt, without more, does not create a disputed issue of material fact sufficient to defeat summary judgment.

---

[4] In his opposition memorandum, Vanderhoop cites to *U.S. Bank Nat'l Assoc. v. Ibanez*, 458 Mass. 637, 647 n.16 (2010) for the proposition that strict compliance with Section 35B is required. (Mem. in Opp. to Mot. for SJ at 9). *Ibanez* is inapposite, however, because the statutory provisions at issue in that case were Mass. Gen. Laws ch. 244, §§ 14, 21, which expressly relate to the foreclosure of mortgages through exercise of a power of sale.

[5] To be sure, the procedural posture of this case is slightly different from *Schumacher* because no foreclosure has yet occurred. However, if the failure to comply strictly with Section 35B does not void a foreclosure, it follows that it should also not prevent foreclosure in the first instance.

## IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 15, 2019                    United States District Judge